# TRAUB LIEBERMAN

Mid-Westchester Executive Park | 7 Skyline Drive | Hawthorne, NY 10532
DIRECT (914) 586-7009 | MAIN (914) 347-2600 | FAX (914) 347-8898

Lisa L. Shrewsberry | Partner | lshrewsberry@tlsslaw.com

December 6, 2022

**VIA ECF**

Jeffrey A. Neiman, Esq.
Marcus Neiman & Rashbaum, LLP
Two South Biscayne Boulevard, Suite 2530
Miami, Florida 33131

Re:   ***Loren M. Ridinger, individually and on behalf of the Estate of James Ridinger, and Milagro Yacht Charters LLC v. Ralph K. Stone, Rachel L. Gould and Meister Seelig & Fein LLP***
Docket No.: 22-cv-09082-VM

Dear Mr. Neiman:

As you know, we represent defendants Ralph K. Stone, Rachel L. Gould and Meister Seelig & Fein LLP in the above-referenced matter. This letter is in response to your letter dated December 2, 2022.

As an initial matter, we note that you have conceded that this action was not properly commenced on behalf of the Estate of James Ridinger and Milagro Yacht Charters LLC. However, your letter advises that you plan to seek to file an amended complaint, and to change your theory of liability by adding a cause of action for fraud. While we vehemently deny that any view of the underlying facts could give rise to a fraud claim, we will comment specifically upon any new cause of action (or the assertion of additional facts in support of existing causes of action) upon receipt of any additional pleading.

Nevertheless, we would be remiss if we did not respond to your points regarding the statute of limitations applicable to the existing legal malpractice/breach of fiduciary duty claim. First, a cause of action for professional malpractice under New York law is not subject to a notice rule, as you suggest. Rather, such claim accrues when the subject advice was rendered and relied upon, and not when a deficiency is later assessed by the IRS. *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535 (1994) (claim accrues when work product received and client could become liable for deficiencies, not later when advice is first challenged by IRS). The time of the advice and reliance thereon is when all the facts necessary to the cause of action have occurred, and an injured party can obtain relief in Court. *Id.* In fact, we note that the cases in your letter do not actually discuss the issue of accrual for statute of limitations purposes, but rather are focused upon the issue of causation.

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA

www.traublieberman.com

Jeffrey A. Neiman, Esq.
Docket No.: 22-cv-09082-VM
Page 2

      Similarly, your case law in support of an equitable tolling argument and continuing representation argument is simply inapplicable to this matter. Indeed, it is irrefutable that plaintiffs became aware of the IRS position at issue herein at least as early as 2019, and that you and your firm began representing the plaintiffs with respect to same shortly thereafter. In addition, your assertion that the breach of fiduciary claim is not subject to a three year statute of limitations is flatly wrong under the law of New York. It should also be noted that certain purported facts set forth in your recent letter are at odds with, *inter alia,* plaintiffs' petition to the IRS in *James Ridinger, et ano. v. Commissioner of Internal Revenue*, Docket No. 23083-21, filed (by you) in the United States Tax Court on September 17, 2021.

      Based upon the foregoing, we urge you to withdraw this matter.

      Respectfully submitted,

      Lisa M. Shrewsberry

cc:    Hon. Victor Marrero (via facsimile)