PROMISSORY NOTE

$500,000.00                                                                May 10, 2016
                                                                           New York, New York

      For value received, the undersigned, RR Skye Holdings, LLC, a Delaware limited liability company, having a principal place of business 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, promises to pay to Market America, Inc., a North Carolina corporation having a principal place of business at 1302 Pleasant Ridge Rd, Greensboro, NC 27409, the principal sum of Five Hundred Thousand Dollars ($500,000), or so much thereof that has been advanced from time to time, together with interest thereon at a rate of seven percent (7%) per annum. Interest shall be computed on the principal balance outstanding from time to time for the number of actual days this Promissory Note (this "Note") shall be outstanding based on the 365-day year. All principal and unpaid interest shall be due and payable in or within one (1) year from this date. All payments shall be applied first to interest on the unpaid balance of principal and then to principal. This Note may be prepaid, in whole or in part, at any time without penalty.

      In case of death, dissolution, termination of existence, insolvency, or business failure of any of the parties to this Note (meaning thereby makers, indorsers, and guarantors), appointment of a receiver of any part of the property of any of them, levy on or attachment of any of the property of any of them, assignment for benefit of creditors by or commencement of any proceedings under the Bankruptcy Code or any insolvency law by or against any of them, or if the undersigned shall fail to make any payment when due hereunder, or if the undersigned shall default in the payment or performance of any other obligation to or agreement with the holder, or if there shall be a default by the undersigned or any other person under any mortgage, security agreement or undertaking securing in any way the indebtedness hereby evidenced, this Note shall, at the option of the holder, forthwith become due and payable without notice or demand.

      Any and all deposits or other sums at any time or times credited by or due from the holder to, and all securities or other property in possession of the holder for safekeeping or otherwise and belonging to, any maker, indorser, or guarantor of this Note are and shall be subject to a security interest in favor of the holder to secure payment of this Note and the payment and performance of any and all other liabilities and obligations, direct or indirect, absolute or contingent, due or to become due or that may hereafter be contracted, of said respective maker, indorser, or guarantor to the holder. Upon any of the events specified above or upon non-payment of this Note or of any such liability or obligation whenever due, and at any time or times thereafter, without any demand or notice, except to such extent as notice may be required by applicable law, the holder may sell or dispose of any or all such securities or other property and may exercise any and all the rights accorded the holder by the New York Uniform Commercial Code. The holder may apply or set off such deposits or other sums at any time whether or not the liability of the maker, indorser or guarantor is then due. The provisions of this paragraph are cumulative to, and not exclusive of, any other rights that the holder has with respect to such deposits, sums, securities or other property under other agreements or applicable principles of law. The holder shall have no duty to take steps to preserve rights against prior parties as to such securities or other property.

      Every maker, indorser, and guarantor of this Note, or the obligation represented by this Note, waives presentment, demand, notice, protest, and all other demands or notices in connection with the delivery, acceptance, indorsement, performance, default, or enforcement of this Note, assents to any and all extensions or postponements of the time of payment or any other indulgence, to any substitution, exchange, or release of collateral, and/or to the addition or release of any other party or person primarily or secondarily liable, and generally waives all suretyship defenses and defenses in the nature thereof.

- 2 -

The undersigned will pay all out-of-pocket costs and expenses of collection, including reasonable attorneys' fees, incurred or paid by the holder in enforcing this Note or the obligations hereby evidenced, to the extent permitted by law.

No delay or omission of the holder in exercising any right or remedy hereunder shall constitute a waiver of any such right or remedy. Acceptance by the holder of any payment after acceleration shall not be deemed a waiver of such acceleration. A waiver on one occasion shall not operate as a bar to or waiver of any such right or remedy on any future occasion.

The holder need not enter payments of principal or interest upon this Note but may maintain a record thereof on a separate ledger maintained by the holder.

The word "holder" as used in this Note shall mean the payee or indorsee of this Note who is in possession of it or the bearer if this Note is at the time payable to bearer.

This Note shall be governed by, and construed in accordance with, the laws of the State of New York.

This Note shall take effect as an instrument under seal.

RR Skye Holdings, LLC,
a Delaware limited liability company

By: _____
Name: Ralph K. Stone
Title: Member


THE UNDERSIGNED, JOINTLY AND SEVERALLY, HEREBY GURANTY ALL OF THE PAYMENT AND PERFORMANCE OBLIGATIONS OF THE MAKER OF THE FOREGOING PROMISSORY NOTE:

_____          _____
Ralph K. Stone, individually          Rachel L. Gould, individually