

**taxnotes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 20 of 107

**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**

**IRS**

401 W. Peachtree St. NW
9th Floor, STOP 601-D
Atlanta GA 30308

Certified Mail

James Ridinger
2954 N. Bay Rd
Miami Beach FL 33140

Date: JUN 2 3 2021

Taxpayer ID number:
██████████

Form:
1040

Contact person:
Gloria Turner

Employee ID number:
1000147102

Contact numbers:
 Phone: 470-639-2472
 Fax:    855-896-0790

Last day to file petition with US tax court:
SEP 2 1 2021

**Notice of Deficiency**

| Tax Year Ended: | December 31, 2016 | December 31, 2017 |
|---|---|---|
| Deficiency: Increase in tax | $3,208,864.00 | $1,427,649.00 |
| Penalties or Additions to Tax | | |
| IRC 6662(a) | $7,857.20 | $125,081.80 |
| IRC 6663 | $1,401,906.75 | |

Dear James Ridinger:

**Why we are sending you this letter**

We determined that you owe additional tax or other amounts, or both, for the tax years above. This letter is your **Notice of Deficiency** as we're required by law to send you. The enclosed Form 4549-A, Income Tax Examination Changes (Unagreed and Excepted Agreed), or Form 5278, Statement - Income Tax Changes, shows how we figured the deficiency.

**If you agree with the Notice of Deficiency**

If you agree with our determination, sign the enclosed Form 4089-B, Notice of Deficiency - Waiver, and return it to us at the address on the top of the first page of this letter. Sending this now can help limit the accumulation of interest.

**If you disagree with the Notice of Deficiency**

If you want to contest our final determination, you have 90 days from the date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court.

**Letter 531 (Rev. 4-2020)**
Catalog Number 40223L



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 21 of 107

**How to file your petition**
You can get a petition form and the rules for filing from the Tax Court's website at www.ustaxcourt.gov, by contacting the Office of the Clerk at the address below, or by calling 202-521-0700. Send your completed petition form, a copy of this letter, and copies of all statements and schedules you received with this letter to the address below.

United States Tax Court
400 Second Street, NW
Washington, DC 20217

If this notice shows more than one tax year, you can file one petition form showing all of the years you disagree with.

The Tax Court has a simplified procedure for small tax cases. If you plan to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000 (including penalties), you can't use this simplified procedure. If you use this simplified procedure, you can't appeal the Tax Court's decision. You can get information about the simplified procedure from www.ustaxcourt.gov or by writing to the court at the address above.

If you recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency.

You can represent yourself before the Tax Court, or anyone allowed to practice before the Tax Court can represent you.

**Time limits on filing a petition**
**The court can't consider your case if you file the petition late.**
- A petition is considered timely filed if the Tax Court receives it within:
  - 90 days from the date this letter was mailed to you, or
  - 150 days from the date this letter was mailed to you if this letter is addressed to you outside of the United States.
- A petition is also generally considered timely if the United States Postal Service postmark date is within the 90 or 150-day period and the envelope containing the petition is properly addressed with the correct postage. The postmark rule doesn't apply if mailed from a foreign country.
- A petition is also generally considered timely if the date marked by a designated private delivery service is within the 90 or 150-day period. Not all services offered by private delivery companies are designated delivery services. For a list of designated delivery services available for domestic and international mailings, see Notice 2016-30, which is available on the IRS website at www.irs.gov/irb/2016-18_IRB/ar07.html. Please note that the list of approved delivery companies may be subject to change.
- The time you have to file a petition with the Tax Court is set by law and can't be extended or suspended, even for reasonable cause. We can't change the allowable time for filing a petition with the Tax Court.

**If you are married**
We're required to send a notice to each spouse. If both want to petition the Tax Court, **both** must sign and file the petition or **each** must file a separate, signed petition. If only one spouse timely petitions the Tax Court, the deficiency may be assessed against the non-petitioning spouse. If only one spouse is in bankruptcy at the time we issued this letter or files a bankruptcy petition after the date of this letter, the bankruptcy automatic stay does not prevent the spouse who is not in bankruptcy from filing a petition with the Tax Court. The bankruptcy automatic stay of the spouse seeking bankruptcy relief doesn't extend the time for filing a petition in Tax Court for the spouse who is not in bankruptcy.

Letter 531 (Rev. 4-2020)
Catalog Number 40223L



DOCUMENT SERVICE
Doc 2021-39229
Page: 22 of 107

**If we don't hear from you**

If you decide not to sign and return Form 4089-B, and you don't file a timely petition with the Tax Court, we'll assess and bill you for the deficiency (and applicable penalties and interest) after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**Note:** If you are a C corporation, we're required by Internal Revenue Code Section 6621(c) to charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

**If you need more assistance**

If you have questions, you can contact the person at the top of this letter. If you write, include a copy of this letter, your telephone number, and the best hours to reach you. Keep the original letter for your records.

**Information about the IRS Taxpayer Advocate Service**

The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers. However, you may be eligible for free help from the Taxpayer Advocate Service (TAS) if you can't resolve your tax problem with the IRS, or you believe an IRS procedure just isn't working as it should. TAS is an independent organization within the IRS that helps taxpayers and protects taxpayer rights. Contact your local Taxpayer Advocate Office at:

Internal Revenue Service
Taxpayer Advocate Office

7850 SW 6th Court, Room 265
Plantation, FL 33324
Phone: 954-423-7677
Fax: 855-822-2208

Or call TAS at 877-777-4778. For more information about TAS and your rights under the Taxpayer Bill of Rights, go to taxpayeradvocate.irs.gov. Do not send your Tax Court petition to the TAS address listed above. Use the Tax Court address provided earlier in the letter. Contacting TAS does not extend the time to file a petition.

**Information about Low Income Taxpayer Clinics and other resources**

Tax professionals who are independent from the IRS may be able to help you.

Low Income Taxpayer Clinics (LITCs) can represent low-income persons before the IRS or in court. LITCs can also help persons who speak English as a second language. Any services provided by an LITC must be for free or a small fee. To find an LITC near you:

- Go to www.taxpayeradvocate.irs.gov/litcmap;
- Download IRS Publication 4134, Low Income Taxpayer Clinic List, available at www.irs.gov/forms-pubs; or
- Call the IRS toll-free at 800-829-3676, and ask for a copy of Publication 4134.


DOCUMENT SERVICE
Doc 2021-39229
Page: 23 of 107

State bar associations, state or local societies of accountants or enrolled agents, or other nonprofit tax professional organizations may also be able to provide referrals.

Sincerely,

Charles P. Rettig

Commissioner

By

*AW*

*for*   Utopia Beasley

Acting Technical Services Territory Manager

Enclosures:
Form 4549-A or Form 5278
Form 4089-B
Notice 1421


DOCUMENT SERVICE
Doc 2021-39229
Page: 24 of 107

Page: 5

Continuation Sheet

| NAME:   James Ridinger | TIN: ▇▇▇▇ |
| --- | --- |

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code. The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Civil Fraud Penalty  IRC section 6663-2016 tax year only

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).Loren Ridinger is not liable for the IRC 6663 fraud penalty for tax year 2016 in accordance with the provisions of IRC 6663(c).

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 25 of 107



# How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency

This notice explains how your right to petition the Tax Court in response to a Notice of Deficiency may be affected by bankruptcy and the automatic stay. Failure to petition the Tax Court within the time provided by law in the Notice of Deficiency will result in the Tax Court lacking jurisdiction to hear your petition. Also, note that the rules set forth below only pertain to petitioning the Tax Court in response to a Notice of Deficiency. If you receive another Notice from IRS that provides you with an opportunity to petition the Tax Court, the bankruptcy may affect your rights, but other rules may apply as well. If you are represented by an attorney in your bankruptcy preceding, you should consult with him or her about how best to proceed. If you are not represented, you may obtain representation.

## THE AUTOMATIC STAY

The filing of a bankruptcy petition operates as an automatic stay. Generally, the automatic stay prohibits the commencement or continuation of a Tax Court proceeding and, as a result, may extend the deadline to file a petition with the Tax Court.

You may request the Bankruptcy Court lift the automatic stay so that you are able to file a petition in Tax Court to challenge the Notice of Deficiency while you are in bankruptcy. If you file a Tax Court petition while the automatic stay is still in effect, the Tax Court may dismiss the petition for lack of jurisdiction.

## SITUATIONS WHERE THE AUTOMATIC STAY MAY NOT BE IN EFFECT

### Bankruptcy Petitions filed by Individuals on or after October 17, 2005

- Tax Court proceedings to redetermine post-petition tax liabilities are not stayed.
- Tax Court proceedings for post-petition periods may be commenced or continued without regard to whether the taxpayer filed a petition in bankruptcy on or after October 17, 2005.
- Liabilities that are owed for tax periods which end after you file bankruptcy are post-petition tax liabilities.
- Generally, a liability for a tax period that straddles the date that you file bankruptcy is considered to be a post-petition tax liability.
- If you do not agree with the Notice of Deficiency with regard to a post-petition tax liability, then you may petition the Tax Court for redetermination by the date shown in the Notice of Deficiency.

### Serial Bankruptcy Filings by Individuals Who Filed Bankruptcy Petitions on or after October 17, 2005

- **One Prior Bankruptcy Petition Filed and Dismissed in the Year before the Current Bankruptcy Petition.**
  - The automatic stay will terminate 30 days after the current bankruptcy petition was filed.
  - The Bankruptcy Court may extend the automatic stay beyond the 30 day period if the debtor demonstrates that the current bankruptcy was filed in good faith.
  - If you do not agree with the Notice of Deficiency and the Bankruptcy Court has not extended the automatic stay, then you may petition the Tax Court for redetermination after the automatic stay has expired.

- **Two or More Prior Bankruptcy Petitions Filed and Dismissed in the Year before the Current Bankruptcy Petition.**
  - The automatic stay will not come into effect upon the filing of the current bankruptcy petition.
  - The Bankruptcy Court may provide an automatic stay.
  - The 90-day period (or 150-day period, if we mailed this letter to an address outside the U.S.) to file a petition with the Tax Court continued to run, unless the Bankruptcy Court provided an automatic stay.
  - If you do not agree with the Notice of Deficiency and the Bankruptcy Court has not provided an automatic stay, then you may petition the Tax Court for redetermination by the date shown in the Notice of Deficiency.

    **Important: The serial filing rules explained above do not apply to current Chapter 11 or 13 bankruptcy petitions where the previous bankruptcy case was a Chapter 7 that was dismissed under 11 USC § 707(b).**

### When One or Both Spouses are in Bankruptcy

- If both spouses are in bankruptcy and the bankruptcy automatic stay is in effect, each spouse should request the Bankruptcy Court to lift the automatic stay before filing a Tax Court petition for redetermination of tax liabilities.
- If the automatic stay is lifted with regard to only one spouse, then the Tax Court would only have jurisdiction over that spouse's petition.
- If only one spouse is in bankruptcy, then only that spouse must request that the stay be lifted if that spouse wants to have the tax liability redetermined by the Tax Court.



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page 26 of 107

- The spouse who is not in bankruptcy may file a separate petition in Tax Court and must be vigilant to file by the date shown in the Notice of Deficiency.

- The automatic stay does not extend protection to the spouse who is not in bankruptcy.

- If both spouses are in bankruptcy, it is possible for only one spouse to be considered a serial filer (as addressed above).

## FILING A TAX COURT PETITION AFTER THE AUTOMATIC STAY HAS TERMINATED

You may file a Tax Court petition after the automatic stay is lifted by the Bankruptcy Court or when the automatic stay is no longer in effect by operation of law.

**If the automatic stay was in effect as of the date of the Notice of Deficiency,** then once the automatic stay ends, you have 90 days (or 150 days if your address was outside the United States), plus an additional 60, to file your Tax Court petition requesting a redetermination of the deficiency.

| | |
|---|---|
| Days to petition the Tax Court per the Notice of Deficiency | 90 (or 150) |
| IRC section 6213(f) Days | + 60 |
| Number of Days to file a Tax Court Petition | = 150 (or 210) |
| Date Automatic Stay Was Lifted | + |
| **Last Date to File a Petition with the Tax Court** | = |

**If the automatic stay was <u>not</u> in effect as of the date of the Notice of Deficiency** and you file a bankruptcy petition within the 90 day period (or 150 days if your address was outside the United States) in which you have to file a Tax Court petition, the bankruptcy automatic stay will extend the deadline for filing your Tax Court petition. Once the stay ends, you have the original 90 days (or if applicable, 150 days) less the number of days that had expired prior to the filing of the bankruptcy petition, plus an additional 60 days, in which to file your Tax Court petition for redetermination of the liabilities for those tax periods that you were previously, by way of the automatic stay, prohibited from filing a petition in Tax Court.

| | |
|---|---|
| Days to petition the Tax Court per the Notice of Deficiency | 90 (or 150) |
| Number of days that expired prior to filing the bankruptcy petition | - |
| Number of Days left of the original 90 days (or 150 days) | = |
| IRC section 6213(f) Days | + 60 |
| Number of Days to file a Tax Court Petition | = |
| Date Automatic Stay Was Lifted | + |
| **Last Date to File a Petition with the Tax Court** | = |

## CHALLENGING THE IRS'S DETERMINATION OF A TAX LIABILITY IN BANKRUPTCY COURT

Depending on the facts of your bankruptcy filing, the bankruptcy process may give you an alternative forum to determine your tax liabilities. The IRS may file a proof of claim with the Bankruptcy Court for the amounts reflected on the Notice of Deficiency plus applicable interest and additions to tax. You may object to the proof of claim by filing an objection with the Bankruptcy Court. In some bankruptcy petitions, you may be able to initiate a proceeding under Bankruptcy Code § 505 for the court to determine the amount of your tax liability. If your tax liability is determined either by an objection to the claim proceeding or by a § 505 determination by the Bankruptcy Court, then that determination is final, and the Tax Court would no longer have jurisdiction to consider an otherwise timely petition for redetermination after the termination of the automatic stay.

JUN 2 3 2021

taxnotes
DOCUMENT SERVICE
Doc 2021-30229
Page 27 of 107

| Form **4089-B**<br>(October 1999) | Department of the Treasury — Internal Revenue Service<br>### Notice of Deficiency-Waiver | Symbols |
|---|---|---|

| Name and address of taxpayer(s)<br>James Ridinger .<br>2954 N. Bay Rd<br>Miami Beach  FL   33140 | Social Security or Employer Identification Number<br>█████████ |
|---|---|

| Kind of tax<br><br>Income | ☐ Copy to authorized representative |
|---|---|

#### DEFICIENCY — Increase in Tax and Penalties

| Tax Year Ended: | December 31, 2016 | December 31, 2017 |
|---|---|---|
| Deficiency: Increase in tax | 3,208,864.00 | 1,427,649.00 |
| Penalties | | |
| IRC 6662 20% | 7,857.20 | 125,081.80 |
| IRC 6663 | 1,401,906.75 | |

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| **Your Signature** ➤ | ............................................... |
|---|---|
| | *(Date signed)* |

| **Spouse's Signature**<br>*(If A Joint Return*<br>*Was Filed)* ➤ | ............................................... |
|---|---|
| | *(Date signed)* |

| **Taxpayer's**<br>**Representative**<br>**Sign Here** ➤ | ............................................... |
|---|---|
| | *(Date signed)* |

| **Corporate Name** ➤ | ............................................... |
|---|---|

| **Corporate Officers**<br>**Sign Here** | ➤ ............................................... |
|---|---|
| | *(Signature)*        *(Title)*        *(Date signed)* |
| | ➤ ............................................... |
| | *(Signature)*        *(Title)*        *(Date signed)* |

**If you agree, please sign one copy and return it; keep the other copy for your records.**

| Cat. No. 29000E | www.irs.gov | Form **4089-B** (10-1999) |
|---|---|---|


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page 28 of 107

## Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 29 of 107

Page: 5

Continuation Sheet

| NAME:  James Ridinger | TIN ▮▮▮▮▮ |
|---|---|

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Civil Fraud Penalty  IRC section 6663-2016 tax year only

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).Loren Ridinger is not liable for the IRC 6663 fraud penalty for tax year 2016 in accordance with the provisions of IRC 6663(c).

tax**notes**
DOCUMENT SERVICE
Doc 2021-39229

Page 1 of Doc 2021-39229
Page: 30 of 107

Schedule

| Form **5278** (Rev. June 2011) | **Statement - Income Tax Changes** | |
|---|---|---|

**1. Name(s) of taxpayer(s)**
James & Loren M Ridinger

**2.** ☑ Notice of Deficiency    ☐ Other
☐ Settlement Computation

| 3. Taxpayer Identification Number | 4. Form number | 5. Docket number | 6. Office symbols |
|---|---|---|---|
| ▮▮▮▮▮▮ | 1040 | | |

| | Tax Year(s) Ended | | |
|---|---|---|---|
| **7. Adjustments to income** | Year: 12/31/2016 | Year: 12/31/2017 | |
| a. Self Rental | 487,509.00 | | |
| b. Flow-Thru Milagro- Wife | 374.00 | 9,577.00 | |
| c. Flow Thru- Milagro- Husband | 55,494.00 | 1,419,893.00 | |
| d. Flow Thru- Market America- Wife | 18,093.00 | 13,176.00 | |
| e. Flow-Thru- Market America- Husband | 2,682,515.00 | 1,953,677.00 | |
| f. SE AGI Adjustment | (2,274.00) | (19,141.00) | |
| g. Itemized Deductions | 4,849,316.00 | 101,315.00 | |
| h. | | | |
| **8. Total adjustments** | 8,091,027.00 | 3,478,497.00 | |
| **9. Taxable income as shown in** | | | |
| ☐ Preliminary letter dated | | | |
| ☐ Notice of deficiency dated | | | |
| ☐ Return as filed | 30,029,211.00 | 42,797,727.00 | |
| **10. Taxable income as revised** | 38,120,238.00 | 46,276,224.00 | |
| **11. Tax**  Tax Method  Filing Status | 13,026,766.00 SCHEDULE D Joint | 15,347,448.00 SCHEDULE D Joint | |
| **12. Alternative tax, if applicable** | | | |
| **13. Alternative minimum tax** *(Starting in tax year 2000)* | | | |
| **14. Corrected tax liability** - *(lesser of line 11 or 12 plus line 13)* | 13,026,766.00 | 15,347,448.00 | |
| **15.** Less credits  a. Foreign Tax Credit | 5,517,233.00 | 4,324,214.00 | |
| b. General Business Credit | 651,909.00 | 500,636.00 | |
| c. | | | |
| **16. Balance** - *(line 14 less total of lines 15a - 15c)* | 6,857,624.00 | 10,522,598.00 | |
| **17.** Plus other taxes  a. Self Employment Tax | 5,187.00 | 133,970.00 | |
| b. Net Investment Income Tax | 497,585.00 | 590,126.00 | |
| c. Additional Medicare Tax | 34,768.00 | 41,470.00 | |
| **18. Total corrected tax liability** - *(line 16 plus lines 17a - 17c)* | 7,395,164.00 | 11,288,164.00 | |
| **19. Total tax shown on return or as previously adjusted** | 4,186,300.00 | 9,860,515.00 | |
| **20. Adjustments:** increase or (decrease) to:  a. | | | |
| b. | | | |
| c. | | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax)* *(line 18 less line 19 adjusted by lines 20a - 20c)* | 3,208,864.00 | 1,427,649.00 | |
| **22. Adjustments to prepayment credits - Increase** *(decrease)* | | | |
| **23. Balance due or** *(Overpayment)* excluding interest and penalties *(line 21 adjusted by line 22)* | 3,208,864.00 | 1,427,649.00 | |
| **24. Penalties and/or Additions to Tax** *(listed below)* | | | |
| Fraud-IRC 6663 | *1,401,906.75 | | |
| Accuracy-IRC 6662 | 7,857.20 | 125,081.80 | |

*Loren Ridinger is not liable for IRC 6663 civil fraud penalty in accordance with the provisions of IRC 6663(c)

Form **5278** (Rev. 6-2011)  Catalog Number 23735U        publish.no.irs.gov        Department of the Treasury - Internal Revenue Service

1st Alternative - 5278 w/ IRC 6662h

**taxnotes**

| Form **5278** (Rev. June 2011) | **Statement - Income Tax Changes** | Page 1 | Schedule |
|---|---|---|---|

| 1. Name(s) of taxpayer(s) | 2. ☑ Notice of Deficiency          ☐ Other |
|---|---|
| James & Loren M Ridinger | ☐ Settlement Computation |

| 3. Taxpayer Identification Number | 4. Form number  1040 | 5. Docket number | 6. Office symbols |
|---|---|---|---|

| 7. Adjustments to income | Tax Year(s) Ended | | |
|---|---|---|---|
| | **Year:** 12/31/2016 | **Year:** 12/31/2017 | |
| a. Self Rental | 487,509.00 | | |
| b. Flow-Thru Milagro- Wife | 374.00 | 9,577.00 | |
| c. Flow Thru- Milagro- Husband | 55,494.00 | 1,419,893.00 | |
| d. Flow Thru- Market America- Wife | 18,093.00 | 13,176.00 | |
| e. Flow-Thru- Market America- Husband | 2,682,515.00 | 1,953,677.00 | |
| f. SE AGI Adjustment | (2,274.00) | (19,141.00) | |
| g. Itemized Deductions | 4,849,316.00 | 101,315.00 | |
| h. | | | |
| **8. Total adjustments** | 8,091,027.00 | 3,478,497.00 | |
| **9. Taxable income as shown in** | | | |
| ☐ Preliminary letter dated _____ | | | |
| ☐ Notice of deficiency dated _____ | | | |
| ☐ Return as filed | 30,029,211.00 | 42,797,727.00 | |
| **10. Taxable income as revised** | 38,120,238.00 | 46,276,224.00 | |
| **11. Tax**  Tax Method _____  Filing Status _____ | 13,026,766.00  SCHEDULE D  Joint | 15,347,448.00  SCHEDULE D  Joint | |
| 12. Alternative tax, if applicable | | | |
| 13. Alternative minimum tax *(Starting in tax year 2000)* | | | |
| **14. Corrected tax liability -** *(lesser of line 11 or 12 plus line 13)* | 13,026,766.00 | 15,347,448.00 | |
| 15. Less credits | a. Foreign Tax Credit | 5,517,233.00 | 4,324,214.00 | |
| | b. General Business Credit | 651,909.00 | 500,636.00 | |
| | c. | | | |
| **16. Balance -** *(line 14 less total of lines 15a - 15c)* | 6,857,624.00 | 10,522,598.00 | |
| 17. Plus other taxes | a. Self Employment Tax | 5,187.00 | 133,970.00 | |
| | b. Net Investment Income Tax | 497,585.00 | 590,126.00 | |
| | c. Additional Medicare Tax | 34,768.00 | 41,470.00 | |
| **18. Total corrected tax liability -** *(line 16 plus lines 17a - 17c)* | 7,395,164.00 | 11,288,164.00 | |
| 19. Total tax shown on return or as previously adjusted | 4,186,300.00 | 9,860,515.00 | |
| 20. Adjustments: increase or (decrease) to: | a. | | | |
| | b. | | | |
| | c. | | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax)*  *(line 18 less line 19 adjusted by lines 20a - 20c)* | 3,208,864.00 | 1,427,649.00 | |
| 22. Adjustments to prepayment credits - Increase *(decrease)* | | | |
| **23. Balance due or** *(Overpayment)* **excluding interest and penalties**  *(line 21 adjusted by line 22)* | 3,208,864.00 | 1,427,649.00 | |
| **24. Penalties and/or Additions to Tax** *(listed below)*  Accuracy-IRC 6662 | 758,062.40 | 125,081.80 | |

Form **5278** (Rev. 6-2011)  Catalog Number 23735U          publish.no.irs.gov          Department of the Treasury - Internal Revenue Service

taxnotes
DOCUMENT SERVICE
of Doc 2021-39229
Page. 32 of 107

2nd and 3rd Alternative- 5278 w/ IRC 6662(a) penalties

Page 1

| Form **5278** (Rev. June 2011) | **Statement - Income Tax Changes** | Schedule |
|---|---|---|

| 1. Name(s) of taxpayer(s)<br>James & Loren M Ridinger | 2. ☑ Notice of Deficiency   ☐ Other<br>☐ Settlement Computation |
|---|---|

| 3. Taxpayer Identification Number | 4. Form number<br>1040 | 5. Docket number | 6. Office symbols |
|---|---|---|---|

| | | Tax Year(s) Ended |
|---|---|---|

| 7. Adjustments to income | Year: 12/31/2016 | Year: 12/31/2017 | |
|---|---|---|---|
| a. Self Rental | 487,509.00 | | |
| b. Flow-Thru Milagro- Wife | 374.00 | 9,577.00 | |
| c. Flow-Thru- Milagro- Husband | 55,494.00 | 1,419,893.00 | |
| d. Flow Thru- Market America- Wife | 18,093.00 | 13,176.00 | |
| e. Flow-Thru- Market America- Husband | 2,682,515.00 | 1,953,677.00 | |
| f. SE AGI Adjustment | (2,274.00) | (19,141.00) | |
| g. Itemized Deductions | 4,849,316.00 | 101,315.00 | |
| h. | | | |
| **8. Total adjustments** | 8,091,027.00 | 3,478,497.00 | |
| 9. Taxable income as shown in | | | |
| ☐ Preliminary letter dated | | | |
| ☐ Notice of deficiency dated | | | |
| ☐ Return as filed | 30,029,211.00 | 42,797,727.00 | |
| **10. Taxable income as revised** | 38,120,238.00 | 46,276,224.00 | |
| 11. Tax   Tax Method   Filing Status | 13,026,766.00<br>SCHEDULE D<br>Joint | 15,347,448.00<br>SCHEDULE D<br>Joint | |
| 12. Alternative tax, if applicable | | | |
| 13. Alternative minimum tax *(Starting in tax year 2000)* | | | |
| **14. Corrected tax liability - *(lesser of line 11 or 12 plus line 13)*** | 13,026,766.00 | 15,347,448.00 | |
| 15. Less credits   a. Foreign Tax Credit | 5,517,233.00 | 4,324,214.00 | |
| b. General Business Credit | 651,909.00 | 500,636.00 | |
| c. | | | |
| **16. Balance - *(line 14 less total of lines 15a - 15c)*** | 6,857,624.00 | 10,522,598.00 | |
| 17. Plus other taxes   a. Self Employment Tax | 5,187.00 | 133,970.00 | |
| b. Net Investment Income Tax | 497,585.00 | 590,126.00 | |
| c. Additional Medicare Tax | 34,768.00 | 41,470.00 | |
| **18. Total corrected tax liability - *(line 16 plus lines 17a - 17c)*** | 7,395,164.00 | 11,288,164.00 | |
| **19. Total tax shown on return or as previously adjusted** | 4,186,300.00 | 9,860,515.00 | |
| 20. Adjustments:   a. | | | |
| increase or   b. | | | |
| (decrease) to:   c. | | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax)*<br>*(line 18 less line 19 adjusted by lines 20a - 20c)* | 3,208,864.00 | 1,427,649.00 | |
| 22. Adjustments to prepayment credits - Increase *(decrease)* | | | |
| **23. Balance due or *(Overpayment)* excluding interest and penalties**<br>*(line 21 adjusted by line 22)* | 3,208,864.00 | 1,427,649.00 | |
| **24. Penalties and/or Additions to Tax** *(listed below)*<br>Accuracy-IRC 6662 | 381,699.00 | 125,081.80 | |

Form **5278** (Rev. 6-2011) Catalog Number 23735U   publish.no.irs.gov   Department of the Treasury - Internal Revenue Service

taxnotes®
DOCUMENT SERVICE
Doc 2021-39229
Page: 33 of 107

| Form **886-A** (May 2017) | Department of the Treasury - Internal Revenue Service<br>**Explanation of Items** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br>James & Loren M Ridinger | Tax Identification Number *(last 4 digits)* | Year/Period ended<br>2016 2017 |

### Self Rental

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2016 | $15,830,700.00 | $16,318,209.00 | $487,509.00 |

It is determined that net self-rental income of $2,633,211 and interest income of $76,684 is not passive income subject to offset by passive losses  Accordingly, the passive losses of $487,509 reported on Form 8582 and Schedule E has been reduced to $0, and income for 2016 is increased by $487,509.  The disallowed loss can be carried over to 2017.

### Charitable Contributions-Milagro 50%- Wife

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2016 | $31,837.00 | $0.00 | $31,837.00 |

We adjusted your distributive share of the partnership charitable contributions as shown in the attached computation. See Exhibit A1 and C for computation.

### Charitable Contributions- Milagro 50%-Husband

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2016 | $4,720,227.00 | $0.00 | $4,720,227.00 |

We adjusted your distributive share of the partnership charitable contributions as shown in the attached computation. See Exhibit A1 and C for computation.

### Flow Thru- Market America -Husband

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2016 | $13,634,807.00 | $16,317,322.00 | $2,682,515.00 |
| | 2017 | $19,781,647.00 | $21,735,324.00 | $1,953,677.00 |

We adjusted your distributive share of the S corporation income or loss as shown in the attached computation. See Exhibits B, B1, and B2 for computations.

### Flow Thru- Market America- Wife

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2016 | $91,964.00 | $110,057.00 | $18,093.00 |
| | 2017 | $133,424.00 | $146,600.00 | $13,176.00 |

We adjusted your distributive share of the S corporation income or loss as shown in the attached computation.  See Exhibits B, B1, and B2 for computations.



DOCUMENT SERVICE
Doc 2021-39229
Page: 34 of 107

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule number or<br>exhibit |
|---|---|---|
| Name of taxpayer<br><br>James & Loren M Ridinger | Tax Identification Number *(last 4 digits)* | Year/Period ended<br><br>2016 2017 |

## Flow Thru- Milagro- Husband

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | ($55,494.00) | $0.00 | $55,494.00 |
| 2017 | ($1,419,893.00) | $0.00 | $1,419,893.00 |

We adjusted your distributive share of the partnership income or loss as shown in the attached computation. See Exhibits A1 and A2 for computations.

## Flow Thru- Milagro- Wife

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | ($374.00) | $0.00 | $374.00 |
| 2017 | ($9,577.00) | $0.00 | $9,577.00 |

We adjusted your distributive share of the partnership income or loss as shown in the attached computation. See Exhibits A1 and A2 for computations.

## Statutory-SE AGI Adjustment

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $320.00 | $2,594.00 | ($2,274.00) |
| 2017 | $47,844.00 | $66,985.00 | ($19,141.00) |

Your self-employment tax has changed as a result of adjustments made to your net earnings from self-employment as shown in this report. The self-employment tax deduction has been adjusted to one-half of the recomputed amount. See Exhibit D for computation.

## Statutory-Self Employment Tax

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $639.00 | $5,187.00 | $4,548.00 |
| 2017 | $95,687.00 | $133,970.00 | $38,283.00 |

We have adjusted your self-employment tax due to a change in your net earnings from self-employment. See Exhibit D for computation.

## Itemized Deductions

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $6,146,400.00 | $1,297,084.00 | $4,849,316.00 |
| 2017 | $1,303,468.00 | $1,202,153.00 | $101,315.00 |

Adjustments to Schedule A itemized deductions includes computational adjustments for 2016 and 2017. 2016 adjustment also includes the charitable contribution adjustment. See Exhibits A1 and C for computation.

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 35 of 107

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit |
|---|---|---|

| Name of taxpayer | Tax Identification Number | Year/Period ended |
|---|---|---|
| Ridinger, James & Loren M | ▆ | 2016  2017 |

**Additional Medicare Tax/Other Taxes**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 201612 | $ 34,498.00 | $ 34,768.00 | $ 270.00 |

Under the provisions of section 3101 and 3102 of the Internal Revenue Code, you are liable for an increase in additional Medicare tax in the amount of 270.00 for the tax year ended December 31, 2017. See Exhibit E for computation.

**PENALTIES:**

**PRIMARY POSITION**

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6663 |
|---|---|---|
| December 31, 2016 | $ 1,869,209.00 | $ 1,401,906.75 |

**Internal Revenue Code Section 6663- Applicable to Charitable Contribution adjustment for James Ridinger**

It is determined that a portion of the underpayment of tax for taxable year 2016, attributable to the charitable contribution from Milagro Yacht Charters, LLC of $4,720,227, is due to fraud. No part of the underpayment of tax required to be shown on the return for taxable year 2016 is due to fraud on the part of Lauren M. Ridinger. Thus, the fraud penalty under I.R.C. section 6663 applies solely to James Ridinger. In addition, a portion of the underpayment of tax for taxable year 2016 is attributable to a substantial understatement of income tax by the taxpayers under sections 6662(a), (b), and (d). Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax. See Exhibit F of this notice of deficiency for the computation of the addition to the tax based on the Primary Position.

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code Section 6662(d) |
|---|---|---|
| December 31, 2016 | $ 39,286.00 | $ 7,857.20 |
| Totals | $1,908,495.00 | $ 1,409,763.95 |

**Internal Revenue Code Section 6662(d) - Applicable to adjustments for Flow Thru- Milagro and Charitable contributions for Loren Ridinger**

It is determined that a portion of the underpayment of tax for taxable year 2016 is attributable to a substantial understatement of income tax. A penalty of twenty (20) percent is charged under section 6662(a) to the portion of the underpayment attributable to the substantial understatement of income tax. In addition, interest is computed on this penalty from the due date of the return (including any extensions.) See Exhibit G of this notice of deficiency for the computation of the addition to tax based on the Primary Position.

**Alternative Position**

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code Section 6662(h) |
|---|---|---|
| December 31, 2016 | $ 1,881,817.00 | $ 752,726.80 |

**1st Alternative-Internal Revenue Code Section 6662(h)-Applicable to adjustments for charitable contributions for both taxpayers**

In the event it is determined that the fraud penalty is not applicable to James Ridinger for taxable year 2016, then it is determined that the forty (40) percent gross valuation misstatement penalty under section 6662(h) applies to the taxpayers' taxable year 2016 for the gross valuation misstatement attributable to the charitable contribution of Milagro Yacht Charters, LLC, totaling $4,752,064. Section 6662(h)(1) imposes a 40 percent penalty on the portion of an underpayment of tax that is attributable to a gross valuation misstatement. For returns filed after August 17, 2006, a gross valuation misstatement exists if the value of any property claimed on the return is 200% or more of the amount determined to be the correct value. I.R.C. § 6662(h)(2)(A)(i). The penalty "applies to any portion of an underpayment for a year to which a ... deduction ... is carried that is attributable to a ... gross valuation misstatement for the year in which the carryback or carryover of the ... deduction ... arises." Treas. Reg. § 1.6662-5(c)(1). See Exhibit H for computation.

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code Section 6662 |
|---|---|---|
| December 31, 2016 | $ 26,678.00 | $ 5,335.60 |
| Totals | $1,908,495.00 | $ 758,062.40 |

**Internal Revenue Code Section 6662(d)- Applicable to adjustments for Flow-thru Milagro for both taxpayers**

In addition, a portion of the underpayment of tax for taxable year 2016 is attributable to a substantial understatement of income tax under sections 6662(a), (b), and (d). Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax. See Exhibit H of this notice of deficiency for the computation of these penalties

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 36 of 107

| Form **886-A**<br>(Rev. January 1994) | EXPLANATION OF ITEMS | Schedule number or exhibit |
|---|---|---|

| Name of taxpayer | Tax Identification Number | Year/Period ended |
|---|---|---|
| Ridinger, James & Loren M | ▇ | 2016  2017 |

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6662(d) |
|---|---|---|
| December 31, 2016 | $1,908,495.00 | $ 381,699.00 |

**2nd Alternative Position- Internal Revenue Code Section 6662(d)**

In the event it is determined that the fraud penalty is not applicable to James Ridinger and the gross valuation misstatement penalty under section 6662(h) does not apply to the taxpayers, it is determined that a portion of the underpayment of tax for the taxable year 2016 is attributable to a substantial understatement of income tax by the taxpayers pursuant under sections 6662(a), (b), and (d). Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax. See Exhibit I of this notice of deficiency for the computation of this penalty.

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code  Section 6662(c) |
|---|---|---|
| December 31, 2016 | $1,908,495.00 | $ 381,699.00 |

**3rd Alternative Position- Internal Revenue Code Section 6662 (c)**

In the event it is determined that the fraud penalty is not applicable to James Ridinger, the gross valuation misstatement penalty under section 6662(h) does not apply to the taxpayers, and the substantial understatement penalty under section 6662(d) does not apply to the taxpayers for taxable year 2016. it is determined that a portion of the underpayment of tax for taxable year 2016 is attributable to the taxpayers' negligence under section 6662(c). The term "negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable cause in the preparation of a tax return. It also includes the failure to keep proper books and records or to properly substantiate claimed items. Sections 6662(a), (b), and (c) impose a 20 percent penalty for negligence. See Exhibit I of this notice of deficiency for the computation of this penalty.

**PENALTIES: 2017 tax year**

**PRIMARY POSITION**

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6662 (d) |
|---|---|---|
| December 31, 2017 | $ 625,409.00 | $  125,081.80 |

**Internal Revenue Code Section 6662(d)**

It is determined that a portion of the underpayment of tax for taxable year 2017 is attributable to a substantial understatement of income tax by the taxpayers, pursuant to Sections 6662(a), (b), and (d) of the Internal Revenue Code. Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax. See Exhibit J of this notice of deficiency for the computation of this penalty.

**ALTERNATIVE POSITION**

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6662 (c) |
|---|---|---|
| December 31, 2017 | $ 625,409.00 | $ 125,081.80 |

**Internal Revenue Code Section 6662(c)**

In the event the substantial understatement penalty under section 6662(d) does not apply. it is determined that a portion of the underpayment of tax for taxable year 2017 is attributable to the taxpayers' negligence under section 6662(c). The term "negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable cause in the preparation of a tax return. It also includes the failure to keep proper books and records or to properly substantiate claimed items. Sections 6662(a), (b), and (c) impose a 20 percent penalty for negligence. See Exhibit K of this notice of deficiency for the computation of this penalty.



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 37 of 107

# EXPLANATION OF ITEMS

Exhibit A1

TAXPAYER(S)                                                     TAXABLE YEAR
James & Loren M. Ridinger                                       12/31/ 2016

## MILAGRO YACHT CHARTERS, LLC

Flow Thru:

It is determined from examination of the books and records of the partnership known as Milagro Yacht Charters, LLC that the share of distributive loss for the taxable year ended December 31, 2016 for James and Loren M. Ridinger is $0 and $0, respectively, based on the determination that Milagro Yacht Charters, LLC did not operate as an activity engaged in for profit under I.R.C section 183.  In the alternative, it is determined that Milagro Yacht Charters, LLC served no business purpose other than tax avoidance and should be disregarded as a partnership under the substance over form, sham, or step transactions doctrines.  Accordingly, Milagro Yacht Charters, LLC is not allowed a deduction for expenditures more than its revenue, the net loss of $57,960 reported for taxable year ended December 31, 2016 is disallowed, and its ordinary income is increased by $57,960.

| | | |
|---|---|---|
| Adjustment to Return: | | $57,960 |
| Ordinary Income as Determined | | $ 0 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |
| Distributive share of Partnership Income – James Ridinger | | $ 0 |
| Partnership Loss Claimed on Return – James Ridinger | | ($55,494) |
| Increase to Ordinary Income – James Ridinger | | $55,494 |
| Distributive share of Partnership Income – Loren M. Ridinger | | $ 0 |
| Partnership Loss Claimed on Return – Loren M. Ridinger | | ($ 374) |
| Increase to Ordinary Income – Loren M. Ridinger | | $ 374 |


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 38 of 107

<u>Charitable Contribution</u>:

It is further determined that Milagro Yacht Charters, LLC has not established that it made a noncash charitable contribution during the taxable year ended December 31, 2016.  To the extent it is established that a noncash charitable contribution has been made, Milagro Yacht Charters, LLC failed to establish that it satisfied all the requirements of I.R.C. section 170 and the corresponding Treasury Regulations for deducting a noncash charitable contribution.  If it is determined that Milagro Yacht Charters, LLC satisfied all the requirements of section 170 and the corresponding Treasury Regulations for deducting a noncash charitable contribution, it has not established the value of the noncash charitable contribution.  Accordingly, the charitable contribution claimed on Milagro Yacht Charters, LLC's Form 1065 partnership return is reduced by $4,930,000 for taxable year ended December 31, 2016. Consequently, the distributive share of the charitable contribution for James and Loren M. Ridinger is $0 and $0, respectively.

| | |
|---|---|
| Disallowed Contribution: | $4,930,000 |

| Ownership Percentage | James Ridinger – 95.744972% |
|---|---|
| | Loren M. Ridinger – 0.645781% |

| | | |
|---|---|---|
| Distributive share of Charitable Contribution – James Ridinger | $ | 0 |
| Charitable Contribution Claimed on Return – James Ridinger | $4,720,227 | |
| Adjustment to Itemized Deductions – James Ridinger | $4,720,227 | |
| | | |
| Distributive share of Charitable Contribution – Loren M. Ridinger | $ | 0 |
| Charitable Contribution Claimed on Return – Loren M. Ridinger | $ | 31,837 |
| Adjustment to Itemized Deductions – Loren M. Ridinger | $ | 31,837 |



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 39 of 107

# EXPLANATION OF ITEMS                    Exhibit A2

TAXPAYER(S)                                                    TAXABLE YEAR
James & Loren M. Ridinger                                      12/31/ 2017

## MILAGRO YACHT CHARTERS, LLC

It is determined from examination of the books and records of the partnership known as Milagro
Yacht Charters, LLC that the share of distributive loss for the taxable year ended December 31,
2017 for James and Loren M. Ridinger is $0 and $0, respectively, based on the determination
that Milagro Yacht Charters, LLC did not operate as an activity engaged in for profit under I.R.C
section 183.  In the alternative, it is determined that Milagro Yacht Charters, LLC served no
business purpose other than tax avoidance and should be disregarded as a partnership under
the substance over form, sham, or step transactions doctrines.  Accordingly, Milagro Yacht
Charters, LLC is not allowed a deduction for expenditures more than its revenue, the net loss of
$1,482,995 reported for taxable year ended December 31, 2017 is disallowed, and its ordinary
income is increased by $1,482,995.

| | | |
|---|---|---:|
| Adjustment to Return: | | $1,482,995 |
| | | |
| Ordinary Income as Determined | | $      0 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |
| | | |
| Distributive share of Partnership Income – James Ridinger | | $      0 |
| Partnership Loss Claimed on Return – James Ridinger | | ($1,419,893) |
| Increase to Ordinary Income – James Ridinger | | $1,419,893 |
| | | |
| Distributive share of Partnership Income – Loren M. Ridinger | | $      0 |
| Partnership Loss Claimed on Return – Loren M. Ridinger | | ($   9,577) |
| Increase to Ordinary Income – Loren M. Ridinger | | $   9,577 |


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 40 of 107

## EXPLANATION OF ITEMS
Exhibit B1

| TAXPAYER(S) | TAXABLE YEAR |
|---|---|
| James & Loren M. Ridinger | 12/31/ 2016 |

### MARKET AMERICA WORLDWIDE, INC.

It is determined from examination of the books and records of the S Corporation known as Market America Worldwide, Inc. that the share of distributive income for the taxable year ended December 31, 2016 for James and Loren M. Ridinger is $16,317,322.00 and $110,057.00, respectively, based on the following adjustment to Market America Worldwide, Inc.:

Adjustment to Return:

| | | |
|---|---|---|
| (A) Other Deductions | | $ 2,801,730 |
| Ordinary Income as Determined | | $17,042,485 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |

| | |
|---|---|
| Distributive share of S Corporation Income – James Ridinger | $16,617,322 |
| S Corporation Income Claimed on Return – James Ridinger | $13,634,807 |
| Increase to Ordinary Income – James Ridinger | $ 2,682,515 |

| | |
|---|---|
| Distributive share of S Corporation Income – Loren M. Ridinger | $   110,057 |
| S Corporation Income Claimed on Return – Loren M. Ridinger | $    91,964 |
| Increase to Ordinary Income – Loren M. Ridinger | $    18,093 |

### Explanation of S Corporation Adjustment

(A) It is determined that lease expense of $2,801,730 claimed for the use of yachts owned by related parties during 2016 constituted yacht entertainment facilities used in connection with entertainment, amusement, or recreation activities and not ordinary and necessary business expense of Market America. Accordingly, no deduction is allowed and income is increased by $2,801,730.


DOCUMENT SERVICE
Doc 2021-39229
Page: 41 of 107

# EXPLANATION OF ITEMS

Exhibit B2

| TAXPAYER(S) | TAXABLE YEAR |
|---|---|
| James & Loren M. Ridinger | 12/31/ 2017 |

## MARKET AMERICA WORLDWIDE, INC.

It is determined from examination of the books and records of the S Corporation known as Market America Worldwide, Inc. that the share of distributive income for the taxable year ended December 31, 2017 for James and Loren M. Ridinger is $21,735,324.00 and $146,600.00, respectively, based on the following adjustment to Market America Worldwide, Inc.:

Adjustment to Return:

| | | |
|---|---|---|
| (A) Other Deductions | | $ 2,040,500 |
| Ordinary Income as Determined | | $22,701,269 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |

| | |
|---|---|
| Distributive share of S Corporation Income – James Ridinger | $21,735,324 |
| S Corporation Income Claimed on Return – James Ridinger | $19,781,647 |
| Increase to Ordinary Income – James Ridinger | $ 1,953,677 |

| | |
|---|---|
| Distributive share of S Corporation Income – Loren M. Ridinger | $ 146,660 |
| S Corporation Income Claimed on Return – Loren M. Ridinger | $ 133,424 |
| Increase to Ordinary Income – Loren M. Ridinger | $ 13,176 |

## Explanation of S Corporation Adjustment

(A) It is determined that lease expense of $2,040,500 claimed for the use of yachts owned by related parties during 2017 constituted yacht entertainment facilities used in connection with entertainment, amusement, or recreation activities and not ordinary and necessary business expense of Market America. Accordingly, no deduction is allowed and income is increased by $2,040,500.


**taxnotes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 42 of 107

|  |  | Exhibit C |
|---|---|---|
| Name of Taxpayer:   James & Loren M Ridinger |  | 06/08/2021 |
| Identification Number: ▓▓▓▓▓▓▓ | Total | 22.10.00 |

### 2016 - SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 10.0% of adjusted gross income | 3,617,561.00 | 3,941,732.20 |  |
| 3. Net medical and dental expenses | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 2,312,066.00 | 2,312,066.00 | 0.00 |
| 5. Home interest expense | 0.00 | 0.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 0.00 | 0.00 | 0.00 |
| 10. Contributions | 4,890,576.00 | 138,512.00 | 4,752,064.00 |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 13. 2% of adjusted gross income | 723,512.00 | 788,346.00 |  |
| 14. Excess miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Other miscellaneous deductions | 19,687.00 | 19,687.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | 6,146,400.00 | 1,297,084.00 | 4,849,316.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| A Total of lines 3, 4, 9, 10, 11, 14, and 15 above | 2,470,265.00 |
|---|---|
| B Total of lines 3, 7, and 11, (plus any gambling and casualty or theft losses on line 15 above) | 0.00 |
| C Line A less line B | 2,470,265.00 |
| D Multiply the amount on line C by 80% | 1,976,212.00 |
| E Adjusted gross income | 39,417,322.00 |
| F Itemized deduction limitation based on filing status | 311,300.00 |
| G Line E less line F | 39,106,022.00 |
| H Multiply the amount on line G by 3% | 1,173,181.00 |
| I Enter the smaller of line D or line H | 1,173,181.00 |
| J Total itemized deductions (Line A less line I, entered on line 16 per exam column above) | 1,297,084.00 |



DOCUMENT SERVICE
Doc 2021-39229
Page: 43 of 107

Exhibit C

Name of Taxpayer:   James & Loren M Ridinger                                    06/08/2021
Identification Number:                              Total                       22.10.00

### 2017 - SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 7.5% of adjusted gross income | 3,307,590.00 | 3,560,878.28 | |
| 3. Net medical and dental expenses | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 2,452,394.00 | 2,452,394.00 | 0.00 |
| 5. Home interest expense | 0.00 | 0.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 1,058.00 | 1,058.00 | 0.00 |
| 9. Total interest expense | 1,058.00 | 1,058.00 | 0.00 |
| 10. Contributions | 163,638.00 | 163,638.00 | 0.00 |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 49,286.00 | 49,286.00 | 0.00 |
| 13. 2% of adjusted gross income | 882,024.00 | 949,568.00 | |
| 14 Excess miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | 1,303,468.00 | 1,202,153.00 | 101,315.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A Total of lines 3, 4, 9, 10, 11, 14, and 15 above | 2,617,090.00 |
| B Total of lines 3, 7, and 11, (plus any gambling and casualty or theft losses on line 15 above) | 0.00 |
| C Line A less line B | 2,617,090.00 |
| D Multiply the amount on line C by 80% | 2,093,672.00 |
| E Adjusted gross income | 47,478,377.00 |
| F Itemized deduction limitation based on filing status | 313,800.00 |
| G Line E less line F | 47,164,577.00 |
| H Multiply the amount on line G by 3% | 1,414,937.00 |
| I Enter the smaller of line D or line H | 1,414,937.00 |
| J Total itemized deductions (Line A less line I, entered on line 16 per exam column above) | 1,202,153.00 |


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 44 of 107

Exhibit D

| Name of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
| Identification Number: | ▮▮▮▮▮ | Total | 22.10.00 |

### 2016  - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

Primary
James Ridinger

| | |
|---|---:|
| 1. Self-employment income | 32,112.00 |
| 2. Multiply line 1 by 92.35% | 29,655.43 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 29,655.43 |
| 6. Maximum earnings subject to social security | 118,500.00 |
| 7. Social security wages and tips from W-2 | 0.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 118,500.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 3,677.27 |
| 13. Multiply line 5 by 2.90% | 860.01 |
| 14. Self-employment tax (sum of lines 12 and 13) | 4,537.28 |

Secondary
Loren M Ridinger

| | |
|---|---:|
| 1. Self-employment income | 24,243.00 |
| 2. Multiply line 1 by 92.35% | 22,388.41 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 22,388.41 |
| 6. Maximum earnings subject to social security | 118,500.00 |
| 7. Social security wages and tips from W-2 | 118,500.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 118,500.00 |
| 11. Line 6 less line 10 | 0.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 0.00 |
| 13. Multiply line 5 by 2.90% | 649.26 |
| 14. Self-employment tax (sum of lines 12 and 13) | 649.26 |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 45 of 107

Exhibit D

| | | |
|---|---|---|
| Name of Taxpayer: | James & Loren M Ridinger | 06/08/2021 |
| Identification Number: | ███████ Total | 22.10.00 |

### 2017 - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

**Primary**
James Ridinger 

| | |
|---|---|
| 1. Self-employment income | 4,585,217.00 |
| 2. Multiply line 1 by 92.35% | 4,234,447.90 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 4,234,447.90 |
| 6. Maximum earnings subject to social security | 127,200.00 |
| 7. Social security wages and tips from W-2 | 127,200.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 127,200.00 |
| 11. Line 6 less line 10 | 0.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 0.00 |
| 13. Multiply line 5 by 2.90% | 122,798.99 |
| 14. Self-employment tax (sum of lines 12 and 13) | 122,798.99 |

**Secondary**
Loren M Ridinger

| | |
|---|---|
| 1. Self-employment income | 292,258.00 |
| 2. Multiply line 1 by 92.35% | 269,900.26 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 269,900.26 |
| 6. Maximum earnings subject to social security | 127,200.00 |
| 7. Social security wages and tips from W-2 | 100,236.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 100,236.00 |
| 11. Line 6 less line 10 | 26,964.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 3,343.54 |
| 13. Multiply line 5 by 2.90% | 7,827.11 |
| 14. Self-employment tax (sum of lines 12 and 13) | 11,170.65 |



DOCUMENT SERVICE
Doc 2021-39229
Page: 46 of 107

Exhibit E

| Name of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
| Identification Number: | | Total | 22.10.00 |

## 2016 - **Form 8959** - Additional Medicare Tax

| | | |
|---|---|---:|
| 1. | Medicare wages and tips from Form W-2, box 5 | 4,061,120.00 |
| 2. | Unreported tips from Form 4137, line 6 | 0.00 |
| 3. | Wages from Form 8919, line 6 | 0.00 |
| 4. | Add lines 1 through 3 | 4,061,120.00 |
| 5. | Amount based on filing status | 250,000.00 |
| 6. | Subtract line 5 from line 4 (if zero or less, enter 0.00) | 3,811,120.00 |
| 7. | Additional Medicare tax on Medicare wages (multiply line 6 by .009) | 34,300.00 |
| | | |
| 8. | Self-employment income from Schedule SE (if zero or less, enter 0.00) | 52,043.84 |
| 9. | Amount based on filing status | 250,000.00 |
| 10. | Amount from line 4 | 4,061,120.00 |
| 11. | Subtract line 10 from line 9 (if zero or less, enter 0.00) | 0.00 |
| 12. | Subtract line 11 from line 8 (if zero or less, enter 0.00) | 52,043.84 |
| 13. | Additional Medicare tax on self-employment income (multiply line 12 by .009) | 468.00 |
| | | |
| 14. | Railroad retirement compensation from Form W-2, box 14 | 0.00 |
| 15. | Amount based on filing status | 250,000.00 |
| 16. | Subtract line 15 from line 14 (if zero or less, enter 0.00) | 0.00 |
| 17. | Tier I employee Additional Medicare Tax on railroad retirement compensation (multiply line 16 by .009) | 0.00 |
| | | |
| 18. | Total Additional Medicare Tax (add lines 7, 13, and 17) | 34,768.00 |
| | | |
| 19. | Medicare tax withheld from Form W-2, box 6 | 91,836.00 |
| 20. | Amount from line 1 | 4,061,120.00 |
| 21. | Multiply line 20 by .0145 | 58,886.00 |
| 22. | Subtract line 21 from line 19 (if zero or less, enter 0.00) | 32,950.00 |
| 23. | Additional Medicare Tax from Form W-2, box 14 | 0.00 |
| 24. | Total Additional Medicare Tax withholding (add lines 22 and 23) | 32,950.00 |



**taxnotes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 47 of 107

Exhibit E

| Name of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number | ▓▓▓▓▓ | Total | 22.10.00 |

## 2017 - Form 8959 - Additional Medicare Tax

| | |
|---|---|
| 1. Medicare wages and tips from Form W-2, box 5 | 353,498.00 |
| 2. Unreported tips from Form 4137, line 6 | 0.00 |
| 3. Wages from Form 8919, line 6 | 0.00 |
| 4. Add lines 1 through 3 | 353,498.00 |
| 5. Amount based on filing status | 250,000.00 |
| 6. Subtract line 5 from line 4 (if zero or less, enter 0.00) | 103,498.00 |
| 7. Additional Medicare tax on Medicare wages (multiply line 6 by .009) | 931.00 |
| | |
| 8. Self-employment income from Schedule SE (if zero or less, enter 0.00) | 4,504,348.16 |
| 9. Amount based on filing status | 250,000.00 |
| 10. Amount from line 4 | 353,498.00 |
| 11. Subtract line 10 from line 9 (if zero or less, enter 0.00) | 0.00 |
| 12. Subtract line 11 from line 8 (if zero or less, enter 0.00) | 4,504,348.16 |
| 13. Additional Medicare tax on self-employment income (multiply line 12 by .009) | 40,539.00 |
| | |
| 14. Railroad retirement compensation from Form W-2, box 14 | 0.00 |
| 15. Amount based on filing status | 250,000.00 |
| 16. Subtract line 15 from line 14 (if zero or less, enter 0.00) | 0.00 |
| 17. Tier I employee Additional Medicare Tax on railroad retirement compensation (multiply line 16 by .009) | 0.00 |
| | |
| 18. Total Additional Medicare Tax (add lines 7, 13, and 17) | 41,470.00 |
| | |
| 19. Medicare tax withheld from Form W-2, box 6 | 5,605.00 |
| 20. Amount from line 1 | 353,498.00 |
| 21. Multiply line 20 by .0145 | 5,126.00 |
| 22. Subtract line 21 from line 19 (if zero or less, enter 0.00) | 479.00 |
| 23. Additional Medicare Tax from Form W-2, box 14 | 0.00 |
| 24. Total Additional Medicare Tax withholding (add lines 22 and 23) | 479.00 |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 48 of 107

**Primary Penalty-2016**

Name of Taxpayer:   James & Loren M Ridinger                                     Exhibit F

Identification Number:  ████████████                Total            Page       of
Tax Period Ending: 12/31/2016

## Civil Fraud Penalty under IRC 6663(a)

**Civil Fraud Penalty - Internal Revenue Code Section 6663(a)**

It has been determined that the underpayment of tax shown on line 5 below is attributable to fraud.
Therefore, an addition to tax is imposed as provided by Section 6663(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 39,286.00 |
| 4. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 5. Underpayment to which Section 6663(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 1,869,209.00 |
| 6. Applicable penalty rate | 75.00% |
| 7. Section 6663(a) civil fraud penalty (Line 5 times line 6) | 1,401,906.75 |
| 8. Less: Previously assessed/previously agreed Section 6663(a) penalty | 0.00 |
| 9. Total section 6663(a) civil fraud penalty (Line 7 less line 8) | 1,401,906.75 |

**taxnotes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 49 of 107

Primary Penalty- 2016                                                                                    Exhibit F

| | |
|---|---|
| Name of Taxpayer: | James & Loren M Ridinger |
| Identification Number: ▮▮▮▮▮▮ | Total |

Page        of
Tax Period Ending: 12/31/2016

## CIVIL FRAUD PENALTY (CONTINUED)

ADJUSTMENTS TO WHICH CIVIL FRAUD PENALTY APPLIES:

Charitable Contributions- Milagro 50%- Husband                                4,720,227.00

tax**notes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 50 of 107

Primary Penalty-2016                                                                                    Exhibit G

| | |
|---|---|
| Name of Taxpayer:  James & Loren M Ridinger | Page ___ of ___ |
| Identification Number:█████████     Total | Tax Period Ending: 12/31/2016 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 1,869,209.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 39,286.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 7,857.20 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 7,857.20 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Gross valuation misstatement (overstatement);
(2) Non-disclosed transaction lacking economic substance;
(3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 39,286.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 1,869,209.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 0.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 0.00 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 0.00 |



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 51 of 107

**Primary Penalty- 2016**

Exhibit G

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | ▉▉▉▉▉▉ | Total | 22.10.00 |

### 2016  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES :
PENALTY RATES
20%  40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Charitable Contributions- Milagro- 50%- Wife | X | | 31,837.00 | IRC 6662(d) |
| Flow-Thru Milagro- Wife | X | | 374.00 | IRC 6662(d) |
| Flow Thru- Milagro- Husband | X | | 55,494.00 | IRC 6662(d) |

**taxnotes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 52 of 107

1st Alternative Penalty- IRC 6662 h

Name of Taxpayer:   James & Loren M Ridinger

Identification Number: ▓▓▓▓▓▓▓▓   Total

Exhibit H

Page      of
Tax Period Ending: 12/31/2016

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 1,881,817.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 26,678.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 5,335.60 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 5,335.60 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Gross valuation misstatement (overstatement);
(2) Non-disclosed transaction lacking economic substance;
(3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 26,678.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 1,881,817.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 752,726.80 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 752,726.80 |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 53 of 107



**1st Alternative Penalty- IRC 6662 h**                                    **Exhibit H**

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | ████████ | Total | 22.10.00 |

### 2016  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES
20%  40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Charitable Contributions- Milagro- 50%- Wife | | X | 31,837.00 | IRC 6662(h) |
| Charitable Contributions- Milagro 50%- Husband | | X | 4,720,227.00 | IRC 6662(h) |
| Flow-Thru Milagro- Wife | X | | 374.00 | IRC 6662(d) |
| Flow Thru- Milagro- Husband | X | | 55,494.00 | IRC 6662(d) |

2nd and 3rd Alternative Penalties IRC 6662a | | Exhibit I

**taxnotes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 54 of 107

| Name of Taxpayer: | James & Loren M Ridinger | | |
|---|---|---|---|
| Identification Number: | ▮▮▮▮▮▮ | Total | Page    of |
| | | | Tax Period Ending: 12/31/2016 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

    (1) Negligence or disregard of rules or regulations;
    (2) Substantial understatement of income tax;
    (3) Substantial valuation misstatement (overstatement);
    (4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 1,908,495.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 381,699.00 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 381,699.00 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

    (1) Gross valuation misstatement (overstatement);
    (2) Non-disclosed transaction lacking economic substance;
    (3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 1,908,495.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 0.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 0.00 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 0.00 |


DOCUMENT SERVICE
Doc 2021-39229
Page: 55 of 107

**2nd and 3rd Alternative Penalties IRC 6662a**                                      **Exhibit I**

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | ▓▓▓▓▓▓ | Total | 22.10.00 |

## 2016  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES
20%  40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Charitable Contributions- Milagro- 50%- Wife | X | | 31,837.00 | IRC 6662(d) |
| Charitable Contributions- Milagro 50%- Husband | X | | 4,720,227.00 | IRC 6662(d) |
| Flow-Thru Milagro- Wife | X | | 374.00 | IRC 6662(d) |
| Flow Thru- Milagro- Husband | X | | 55,494.00 | IRC 6662(d) |

Primary and Alternative Penalty - 2017

Exhibit J

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 56 of 107

Name of Taxpayer:     James & Loren M Ridinger

Page        of

Identification Number: ▓▓▓▓▓▓▓▓          Total          Tax Period Ending: 12/31/2017

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

    (1) Negligence or disregard of rules or regulations;
    (2) Substantial understatement of income tax;
    (3) Substantial valuation misstatement (overstatement);
    (4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 1,427,649.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 802,240.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 625,409.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 125,081.80 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 125,081.80 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

    (1) Gross valuation misstatement (overstatement);
    (2) Non-disclosed transaction lacking economic substance;
    (3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 1,427,649.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 802,240.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 625,409.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 0.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 0.00 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 0.00 |



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 57 of 107

**Primary and Alternative Penalty-2017**                                                      **Exhibit J**

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
| Identification Number: | ▮▮▮▮▮▮▮ | Total | 22.10.00 |

## 2017  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:
PENALTY RATES
20%  40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Flow-Thru Milagro- Wife | X | | 9,577.00 | IRC 6662(d) |
| Flow Thru- Milagro- Husband | X | | 1,419,893.00 | IRC 6662(d) |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 58 of 107

Interest with Primary Penalty

| | |
|---|---|
| Name Of Taxpayer:  James & Loren M Ridinger | 06/08/2021 |
| Identification Number: ▮▮▮▮▮▮      Total | 22.10.00 |

## 2016  TAX YEAR INTEREST COMPUTATION

| | |
|---|---|
| Interest computed to | 07/08/2021 |
| Total Tax Deficiency | $3,208,864.00 |

Plus Penalties*

| | |
|---|---|
| Failure to File - IRC 6651 | $.00 |
| Accuracy Related Penalty - IRC 6662 | $7,857.20 |
| Accuracy Related Penalty - IRC 6662A | $.00 |
| Civil Fraud - IRC 6663 | $1,401,906.75 |
| Manually Computed Penalty | $.00 |

| | |
|---|---|
| Total Penalties Subject to Interest | $1,409,763.95 |
| Tax Deficiency and Penalties Subject to Interest | $4,618,627.95 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2017--12/31/2017 | 260 | 4% | $133,484.62 |
| Compound | 01/01/2018--03/31/2018 | 90 | 4% | $47,099.46 |
| Compound | 04/01/2018--12/31/2018 | 275 | 5% | $184,227.88 |
| Compound | 01/01/2019--06/30/2019 | 181 | 6% | $150,489.73 |
| Compound | 07/01/2019--12/31/2019 | 184 | 5% | $131,038.69 |
| Compound | 01/01/2020--06/30/2020 | 182 | 5% | $132,536.73 |
| Compound | 07/01/2020--12/31/2020 | 184 | 3% | $82,018.58 |
| Compound | 01/01/2021--07/08/2021 | 189 | 3% | $85,781.30 |

| | |
|---|---|
| Total Interest | $946,676.99 |

Interest on penalties is computed from the due date of the return (including extensions) until the date of payment. The interest shown on this report is estimated. Interest is computed from the due date of the return (including extensions) and will continue to accrue until the date paid in full. Interest on the failure to pay penalty is computed from the date of assessment and is therefore not considered in this report.

Interest with 1st Alternative Penalty

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 59 of 107

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | | Total | 22.10.00 |

## 2016  TAX YEAR INTEREST COMPUTATION

| | | |
|---|---|---|
| Interest computed to | | 07/08/2021 |
| Total Tax Deficiency | | $3,208,864.00 |

Plus Penalties*

| | |
|---|---|
| Failure to File - IRC 6651 | $.00 |
| Accuracy Related Penalty - IRC 6662 | $758,062.40 |
| Accuracy Related Penalty - IRC 6662A | $.00 |
| Civil Fraud - IRC 6663 | $.00 |
| Manually Computed Penalty | $.00 |

| | |
|---|---|
| Total Penalties Subject to Interest | $758,062.40 |
| Tax Deficiency and Penalties Subject to Interest | $3,966,926.40 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2017--12/31/2017 | 260 | 4% | $114,649.56 |
| Compound | 01/01/2018--03/31/2018 | 90 | 4% | $40,453.59 |
| Compound | 04/01/2018--12/31/2018 | 275 | 5% | $158,232.80 |
| Compound | 01/01/2019--06/30/2019 | 181 | 6% | $129,255.20 |
| Compound | 07/01/2019--12/31/2019 | 184 | 5% | $112,548.76 |
| Compound | 01/01/2020--06/30/2020 | 182 | 5% | $113,835.42 |
| Compound | 07/01/2020--12/31/2020 | 184 | 3% | $70,445.52 |
| Compound | 01/01/2021--07/08/2021 | 189 | 3% | $73,677.31 |

| | |
|---|---|
| Total Interest | $813,098.16 |

Interest on penalties is computed from the due date of the return (including extensions) until the date of payment.  The interest shown on this report is estimated.  Interest is computed from the due date of the return (including extensions) and will continue to accrue until the date paid in full.  Interest on the failure to pay penalty is computed from the date of assessment and is therefore not considered in this report.

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 60 of 107

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number | ▆▆▆▆▆▆ | Total | 22.10.00 |

## 2017  TAX YEAR INTEREST COMPUTATION

| | |
|---|---|
| Interest computed to | 07/08/2021 |
| Total Tax Deficiency | $1,427,649.00 |

Plus Penalties*

| | |
|---|---|
| Failure to File - IRC 6651 | $.00 |
| Accuracy Related Penalty - IRC 6662 | $125,081.80 |
| Accuracy Related Penalty - IRC 6662A | $.00 |
| Civil Fraud - IRC 6663 | $.00 |
| Manually Computed Penalty | $.00 |

| | |
|---|---|
| Total Penalties Subject to Interest | $125,081.80 |
| Tax Deficiency and Penalties Subject to Interest | $1,552,730.80 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2018--06/30/2018 | 76 | 5% | $16,248.74 |
| Compound | 07/01/2018--09/30/2018 | 92 | 5% | $19,897.19 |
| Compound | 10/01/2018--12/31/2018 | 92 | 5% | $20,149.52 |
| Compound | 01/01/2019--03/31/2019 | 90 | 6% | $23,979.75 |
| Compound | 04/01/2019--06/30/2019 | 91 | 6% | $24,609.56 |
| Compound | 07/01/2019--09/30/2019 | 92 | 5% | $21,021.24 |
| Compound | 10/01/2019--12/31/2019 | 92 | 5% | $21,287.83 |
| Compound | 01/01/2020--03/31/2020 | 91 | 5% | $21,263.39 |
| Compound | 04/01/2020--06/30/2020 | 91 | 5% | $21,529.36 |
| Compound | 07/01/2020--09/30/2020 | 92 | 3% | $13,190.94 |
| Compound | 10/01/2020--12/31/2020 | 92 | 3% | $13,290.78 |
| Compound | 01/01/2021--03/31/2021 | 90 | 3% | $13,135.21 |
| Compound | 04/01/2021--06/30/2021 | 91 | 3% | $13,380.31 |
| Compound | 07/01/2021--07/08/2021 | 8 | 3% | $1,181.08 |

| | |
|---|---|
| Total Interest | $244,164.90 |

Interest on penalties is computed from the due date of the return (including extensions) until the date of payment.  The interest shown on this report is estimated.  Interest is computed from the due date of the return (including extensions) and will continue to accrue until the date paid in full.  Interest on the failure to pay penalty is computed from the date of assessment and is therefore not considered in this report.



DOCUMENT SERVICE
Doc 2021-39229
Page: 61 of 107

Name of Taxpayer:   James & Loren M Ridinger                                     06/08/2021
Identification Number: ▮▮▮▮▮▮▮                     Total                          22.10.00

## HOW TO PAY YOUR TAXES

If you agree with the adjustments and balance due on Form 4549 – Income Tax Changes, please return a signed copy including pages 1 and 2. The enclosed report does not reflect any balance currently due on your account.

You have payment options for your tax liability. Please note that interest and applicable penalties will accrue until your balance is paid in full. Paying now will decrease or stop future interest charges and prevent assessment of failure to pay penalties.

Payment options include the following:

- Pay now by including a check or money order payable to the United States Treasury with your signed copy of Form 4549.
- Download the IRS2Go Mobile App and make a payment whenever you like from your mobile device. (Processing fees may apply.)
- If you can pay the full amount within 120 days, return the signed agreement now and submit the balance due when you receive the bill.

Additional payment options are available by visiting www.IRS.gov/payments:

- Apply for a payment plan. (Fees may apply.) You may also apply by completing the section below, 'Payment Plan Request."
- Pay online via a checking/savings account.
- Locate retail partners for cash payments. (Processing fees apply.)
- Pay by credit card. (Processing fees apply.)

Payment Plan Request

Submit your written request or check the box below and return this flyer with your signed agreement.

[ ] I would like to pay $ _____ per month. (Make your payments as large as possible to limit penalty and interest.)

I would like my payment to be due on the _____ of the month. (Please indicate a date between the 1st and 28th of the month.)

You will be charged a fee if your request is approved.  DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

Please provide a telephone number where we can contact you regarding your request.

Home: (      ) _____

Work: (      ) _____



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 63 of 107



**Department of the Treasury
Internal Revenue Service
Small Business and Self-Employed**

IRS

401 W. Peachtree St. NW
9th Floor, STOP 601-D
Atlanta GA 30308

Certified Mail

Loren M Ridinger
2954 N. Bay Rd
Miami Beach FL 33140

Date: **JUN 2 3 2021**

Taxpayer ID number:
███████████

Form:
1040

Contact person:
Gloria Turner

Employee ID number:
1000147102

Contact numbers:
Phone: 470-639-2472
Fax:   855-896-0790

Last day to file petition with US tax court:
**SEP 2 1 2021**

### Notice of Deficiency

| Tax Year Ended: | December 31, 2016 | December 31, 2017 |
|---|---|---|
| Deficiency:<br>Increase in tax | $3,208,864.00 | $1,427,649.00 |
| Penalties or Additions to Tax | | |
| IRC 6662(a) | $5,335.60 | $125,081.80 |
| IRC 6662(h) | $5,042.80 | |

Dear Loren M Ridinger:

**Why we are sending you this letter**
We determined that you owe additional tax or other amounts, or both, for the tax years above. This letter is your **Notice of Deficiency** as we're required by law to send you. The enclosed Form 4549-A, Income Tax Examination Changes (Unagreed and Excepted Agreed), or Form 5278, Statement - Income Tax Changes, shows how we figured the deficiency.

**If you agree with the Notice of Deficiency**
If you agree with our determination, sign the enclosed Form 4089-B, Notice of Deficiency - Waiver, and return it to us at the address on the top of the first page of this letter. Sending this now can help limit the accumulation of interest.

**If you disagree with the Notice of Deficiency**
If you want to contest our final determination, you have 90 days from the date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court.

**Letter 531 (Rev. 4-2020)**
Catalog Number 40223L


DOCUMENT SERVICE
Doc 2021-39229
Page: 64 of 107

**How to file your petition**

You can get a petition form and the rules for filing from the Tax Court's website at www.ustaxcourt.gov, by contacting the Office of the Clerk at the address below, or by calling 202-521-0700. Send your completed petition form, a copy of this letter, and copies of all statements and schedules you received with this letter to the address below.

United States Tax Court
400 Second Street, NW
Washington, DC 20217

If this notice shows more than one tax year, you can file one petition form showing all of the years you disagree with.

The Tax Court has a simplified procedure for small tax cases. If you plan to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000 (including penalties), you can't use this simplified procedure. If you use this simplified procedure, you can't appeal the Tax Court's decision. You can get information about the simplified procedure from www.ustaxcourt.gov or by writing to the court at the address above.

If you recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency.

You can represent yourself before the Tax Court, or anyone allowed to practice before the Tax Court can represent you.

**Time limits on filing a petition**
**The court can't consider your case if you file the petition late.**

- A petition is considered timely filed if the Tax Court receives it within:
  - 90 days from the date this letter was mailed to you, or
  - 150 days from the date this letter was mailed to you if this letter is addressed to you outside of the United States.
- A petition is also generally considered timely if the United States Postal Service postmark date is within the 90 or 150-day period and the envelope containing the petition is properly addressed with the correct postage. The postmark rule doesn't apply if mailed from a foreign country.
- A petition is also generally considered timely if the date marked by a designated private delivery service is within the 90 or 150-day period. Not all services offered by private delivery companies are designated delivery services. For a list of designated delivery services available for domestic and international mailings, see Notice 2016-30, which is available on the IRS website at www.irs.gov/irb/2016-18_IRB/ar07.html. Please note that the list of approved delivery companies may be subject to change.
- The time you have to file a petition with the Tax Court is set by law and can't be extended or suspended, even for reasonable cause. We can't change the allowable time for filing a petition with the Tax Court.

**If you are married**

We're required to send a notice to each spouse. If both want to petition the Tax Court, **both** must sign and file the petition or **each** must file a separate, signed petition. If only one spouse timely petitions the Tax Court, the deficiency may be assessed against the non-petitioning spouse. If only one spouse is in bankruptcy at the time we issued this letter or files a bankruptcy petition after the date of this letter, the bankruptcy automatic stay does not prevent the spouse who is not in bankruptcy from filing a petition with the Tax Court. The bankruptcy automatic stay of the spouse seeking bankruptcy relief doesn't extend the time for filing a petition in Tax Court for the spouse who is not in bankruptcy.

**Letter 531 (Rev. 4-2020)**
Catalog Number 40223L



Doc 2021-39229
Page: 65 of 107

**If we don't hear from you**
If you decide not to sign and return Form 4089-B, and you don't file a timely petition with the Tax Court, we'll assess and bill you for the deficiency (and applicable penalties and interest) after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**Note:** If you are a C corporation, we're required by Internal Revenue Code Section 6621(c) to charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

**If you need more assistance**
If you have questions, you can contact the person at the top of this letter. If you write, include a copy of this letter, your telephone number, and the best hours to reach you. Keep the original letter for your records.

**Information about the IRS Taxpayer Advocate Service**
The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers. However, you may be eligible for free help from the Taxpayer Advocate Service (TAS) if you can't resolve your tax problem with the IRS, or you believe an IRS procedure just isn't working as it should. TAS is an independent organization within the IRS that helps taxpayers and protects taxpayer rights. Contact your local Taxpayer Advocate Office at:

Internal Revenue Service
Taxpayer Advocate Office

7850 SW 6th Court, Room 265
Plantation, FL 33324
Phone: 954-423-7677
Fax: 855-822-2208

Or call TAS at 877-777-4778. For more information about TAS and your rights under the Taxpayer Bill of Rights, go to taxpayeradvocate.irs.gov. Do not send your Tax Court petition to the TAS address listed above. Use the Tax Court address provided earlier in the letter. Contacting TAS does not extend the time to file a petition.

**Information about Low Income Taxpayer Clinics and other resources**
Tax professionals who are independent from the IRS may be able to help you.

Low Income Taxpayer Clinics (LITCs) can represent low-income persons before the IRS or in court. LITCs can also help persons who speak English as a second language. Any services provided by an LITC must be for free or a small fee. To find an LITC near you:
- Go to www.taxpayeradvocate.irs.gov/litcmap;
- Download IRS Publication 4134, Low Income Taxpayer Clinic List, available at www.irs.gov/forms-pubs; or
- Call the IRS toll-free at 800-829-3676, and ask for a copy of Publication 4134.

**Letter 531 (Rev. 4-2020)**
Catalog Number 40223L


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 66 of 107

State bar associations, state or local societies of accountants or enrolled agents, or other nonprofit tax professional organizations may also be able to provide referrals.

Sincerely,

Charles P. Rettig

Commissioner
By

*AW*

*for*   Utopia Beasley

Acting Technical Services Territory Manager

Enclosures:
Form 4549-A or Form 5278
Form 4089-B
Notice 1421


DOCUMENT SERVICE
Doc 2021-39229
Page: 67 of 107

Page: 5

Continuation Sheet

NAME:   James & Loren Ridinger                          TIN: ▮▮▮▮▮▮▮

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Civil Fraud Penalty  IRC section 6663-2016 tax year only

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).Loren Ridinger is not liable for the IRC 6663 fraud penalty for tax year 2016 in accordance with the provisions of IRC 6663(c).


DOCUMENT SERVICE
Doc 2021-39229
Page: 68 of 107

Page: 5

Continuation Sheet

| NAME: | Loren M Ridinger | TIN: | |
|---|---|---|---|

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)- 2016 and 2017 tax years

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Accuracy-related Penalty  IRC section 6662(h)-2016 tax year only

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  To the extent that a portion of the underpayment to which this section applies is attributable to one or more gross valuation misstatements, the penalty is forty (40) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 69 of 107



# How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency

**IRS**

This notice explains how your right to petition the Tax Court in response to a Notice of Deficiency may be affected by bankruptcy and the automatic stay. Failure to petition the Tax Court within the time provided by law in the Notice of Deficiency will result in the Tax Court lacking jurisdiction to hear your petition. Also, note that the rules set forth below only pertain to petitioning the Tax Court in response to a Notice of Deficiency. If you receive another Notice from IRS that provides you with an opportunity to petition the Tax Court, the bankruptcy may affect your rights, but other rules may apply as well. If you are represented by an attorney in your bankruptcy preceding, you should consult with him or her about how best to proceed. If you are not represented, you may obtain representation.

## THE AUTOMATIC STAY

The filing of a bankruptcy petition operates as an automatic stay. Generally, the automatic stay prohibits the commencement or continuation of a Tax Court proceeding and, as a result, may extend the deadline to file a petition with the Tax Court.

You may request the Bankruptcy Court lift the automatic stay so that you are able to file a petition in Tax Court to challenge the Notice of Deficiency while you are in bankruptcy. If you file a Tax Court petition while the automatic stay is still in effect, the Tax Court may dismiss the petition for lack of jurisdiction.

## SITUATIONS WHERE THE AUTOMATIC STAY MAY NOT BE IN EFFECT

### Bankruptcy Petitions filed by individuals on or after October 17, 2005

- Tax Court proceedings to redetermine post-petition tax liabilities are not stayed.
- Tax Court proceedings for post-petition periods may be commenced or continued without regard to whether the taxpayer filed a petition in bankruptcy on or after October 17, 2005.
- Liabilities that are owed for tax periods which end after you file bankruptcy are post-petition tax liabilities.
- Generally, a liability for a tax period that straddles the date that you file bankruptcy is considered to be a post-petition tax liability.
- If you do not agree with the Notice of Deficiency with regard to a post-petition tax liability, then you may petition the Tax Court for redetermination by the date shown in the Notice of Deficiency.

### Serial Bankruptcy Filings by Individuals Who Filed Bankruptcy Petitions on or after October 17, 2005

- **One Prior Bankruptcy Petition Filed and Dismissed in the Year before the Current Bankruptcy Petition.**

  - The automatic stay will terminate 30 days after the current bankruptcy petition was filed.

  - The Bankruptcy Court may extend the automatic stay beyond the 30 day period if the debtor demonstrates that the current bankruptcy was filed in good faith.

  - If you do not agree with the Notice of Deficiency and the Bankruptcy Court has not extended the automatic stay, then you may petition the Tax Court for redetermination after the automatic stay has expired.

- **Two or More Prior Bankruptcy Petitions Filed and Dismissed in the Year before the Current Bankruptcy Petition.**

  - The automatic stay will not come into effect upon the filing of the current bankruptcy petition.

  - The Bankruptcy Court may provide an automatic stay.

  - The 90-day period (or 150-day period, if we mailed this letter to an address outside the U.S.) to file a petition with the Tax Court continued to run, unless the Bankruptcy Court provided an automatic stay.

  - If you do not agree with the Notice of Deficiency and the Bankruptcy Court has not provided an automatic stay, then you may petition the Tax Court for redetermination by the date shown in the Notice of Deficiency.

    **Important: The serial filing rules explained above do not apply to current Chapter 11 or 13 bankruptcy petitions where the previous bankruptcy case was a Chapter 7 that was dismissed under 11 USC § 707(b).**

### When One or Both Spouses are in Bankruptcy

- If both spouses are in bankruptcy and the bankruptcy automatic stay is in effect, each spouse should request the Bankruptcy Court to lift the automatic stay before filing a Tax Court petition for redetermination of tax liabilities.

- If the automatic stay is lifted with regard to only one spouse, then the Tax Court would only have jurisdiction over that spouse's petition.

- If only one spouse is in bankruptcy, then only that spouse must request that the stay be lifted if that spouse wants to have the tax liability redetermined by the Tax Court.



DOCUMENT SERVICE
Doc 2021-39229
Page: 70 of 107

- The spouse who is not in bankruptcy may file a separate petition in Tax Court and must be vigilant to file by the date shown in the Notice of Deficiency.

- The automatic stay does not extend protection to the spouse who is not in bankruptcy.

- If both spouses are in bankruptcy, it is possible for only one spouse to be considered a serial filer (as addressed above).

## FILING A TAX COURT PETITION AFTER THE AUTOMATIC STAY HAS TERMINATED

You may file a Tax Court petition after the automatic stay is lifted by the Bankruptcy Court or when the automatic stay is no longer in effect by operation of law.

**If the automatic stay was in effect as of the date of the Notice of Deficiency,** then once the automatic stay ends, you have 90 days (or 150 days if your address was outside the United States), plus an additional 60, to file your Tax Court petition requesting a redetermination of the deficiency.

| | |
|---|---|
| Days to petition the Tax Court per the Notice of Deficiency | 90 (or 150) |
| IRC section 6213(f) Days | + 60 |
| Number of Days to file a Tax Court Petition | = 150 (or 210) |
| Date Automatic Stay Was Lifted | + |
| **Last Date to File a Petition with the Tax Court** | = |

**If the automatic stay was <u>not</u> in effect as of the date of the Notice of Deficiency** and you file a bankruptcy petition within the 90 day period (or 150 days if your address was outside the United States) in which you have to file a Tax Court petition, the bankruptcy automatic stay will extend the deadline for filing your Tax Court petition. Once the stay ends, you have the original 90 days (or if applicable, 150 days) less the number

of days that had expired prior to the filing of the bankruptcy petition, plus an additional 60 days, in which to file your Tax Court petition for redetermination of the liabilities for those tax periods that you were previously, by way of the automatic stay, prohibited from filing a petition in Tax Court.

| | |
|---|---|
| Days to petition the Tax Court per the Notice of Deficiency | 90 (or 150) |
| Number of days that expired prior to filing the bankruptcy petition | - |
| Number of Days left of the original 90 days *(or 150 days)* | = |
| IRC section 6213(f) Days | + 60 |
| Number of Days to file a Tax Court Petition | = |
| Date Automatic Stay Was Lifted | + |
| **Last Date to File a Petition with the Tax Court** | = |

## CHALLENGING THE IRS'S DETERMINATION OF A TAX LIABILITY IN BANKRUPTCY COURT

Depending on the facts of your bankruptcy filing, the bankruptcy process may give you an alternative forum to determine your tax liabilities. The IRS may file a proof of claim with the Bankruptcy Court for the amounts reflected on the Notice of Deficiency plus applicable interest and additions to tax. You may object to the proof of claim by filing an objection with the Bankruptcy Court. In some bankruptcy petitions, you may be able to initiate a proceeding under Bankruptcy Code § 505 for the court to determine the amount of your tax liability. If your tax liability is determined either by an objection to the claim proceeding or by a § 505 determination by the Bankruptcy Court, then that determination is final, and the Tax Court would no longer have jurisdiction to consider an otherwise timely petition for redetermination after the termination of the automatic stay.

JUN 23 2021


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 71 of 107

| Form **4089-B**<br>(October 1999) | Department of the Treasury — Internal Revenue Service<br>## Notice of Deficiency-Waiver | Symbols |
|---|---|---|

Name and address of taxpayer(s)

James Ridinger
2954 N. Bay Rd
Miami Beach  FL  33140

Social Security or Employer Identification Number

☐ ▓▓▓▓▓▓▓

| Kind of tax<br><br>Income | ☐ Copy to authorized representative | |
|---|---|---|

### DEFICIENCY — Increase in Tax and Penalties

| Tax Year Ended: | December 31, 2016 | December 31, 2017 |
|---|---|---|
| Deficiency: Increase in tax | 3,208,864.00 | 1,427,649.00 |
| Penalties | | |
|    IRC 6662 20% | 7,857.20 | 125,081.80 |
|    IRC 6663 | 1,401,906.75 | |

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

**Your Signature** ➤ ...................................................................................
                                                                                                    *(Date signed)*

**Spouse's Signature**
**(If A Joint Return**
**Was Filed)** ➤ ...................................................................................
                                                                                                    *(Date signed)*

**Taxpayer's**
**Representative**
**Sign Here** ➤ ...................................................................................
                                                                                                    *(Date signed)*

**Corporate Name** ➤ ...................................................................................

**Corporate Officers**
**Sign Here** ➤ ...................................................................................
                        *(Signature)*                    *(Title)*                    *(Date signed)*

➤ ...................................................................................
                        *(Signature)*                    *(Title)*                    *(Date signed)*

**If you agree, please sign one copy and return it; keep the other copy for your records.**



taxnotes®
DOCUMENT SERVICE
Doc 2021-39229
Page: 72 of 107

JUN 2 3 2021

| Form **4089-B**<br>(October 1999) | Department of the Treasury — Internal Revenue Service<br>**Notice of Deficiency-Waiver** | Symbols |
|---|---|---|

| Name and address of taxpayer(s) | Social Security or Employer Identification Number |
|---|---|
| Loren M Ridinger<br>2954 N. Bay Rd<br>Miami Beach  FL  33140 |  |

| Kind of tax | ☑ Copy to authorized representative |
|---|---|
| | Jeffrey A. Neiman, Esq. |
| Income | 100 Southeast Third Avenue |
| | Suite 805 |
| | Fort Lauderdale, FL  33394 |

**DEFICIENCY — Increase in Tax and Penalties**

| Tax Year Ended: | December 31, 2016 | December 31, 2017 |
|---|---|---|
| Deficiency: Increase in tax | 3,208,864.00 | 1,427,649.00 |
| Penalties | | |
| IRC 6662 20% | 5,335.60 | 125,081.80 |
| IRC 6662 40% | 5,042.80 | |

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

**Your Signature** ➤ .................................................................................................
*(Date signed)*

**Spouse's Signature**
**(If A Joint Return**
**Was Filed)** ➤ .................................................................................................
*(Date signed)*

**Taxpayer's**
**Representative**
**Sign Here** ➤ .................................................................................................
*(Date signed)*

**Corporate Name** ➤ .................................................................................................

**Corporate Officers**
**Sign Here** ➤ .................................................................................................
*(Signature)*        *(Title)*        *(Date signed)*

➤ .................................................................................................
*(Signature)*        *(Title)*        *(Date signed)*

**If you agree, please sign one copy and return it; keep the other copy for your records.**

| Cat. No. 29000E | www.irs.gov | Form **4089-B** (10-1999) |
|---|---|---|


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 73 of 107

## Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.


DOCUMENT SERVICE
Doc 2021-39229
Page: 74 of 107

Page:  1

Continuation Sheet

| NAME:  Loren M Ridinger | TIN: ███████ |
| --- | --- |

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.


IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).


IRC section 6662(h)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  To the extent that a portion of the underpayment to which this section applies is attributable to one or more gross valuation misstatements, the penalty is forty (40) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 75 of 107

Page: 5

Continuation Sheet

| NAME: | James & Loren Ridinger | TIN: | ███████ |
| --- | --- | --- | --- |

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

Accuracy-related Penalty  IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code.  The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Civil Fraud Penalty  IRC section 6663-2016 tax year only

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).Loren Ridinger is not liable for the IRC 6663 fraud penalty for tax year 2016 in accordance with the provisions of IRC 6663(c).

taxnotes
DOCUMENT SERVICE
Doc 2024-39229
Page: 79 of 107

Page **1**

| Form **5278**<br>(Rev. June 2011) | **Statement - Income Tax Changes** | Schedule |
|---|---|---|

| 1. Name(s) of taxpayer(s)<br>James & Loren M Ridinger | 2. ☑ Notice of Deficiency  ☐ Other<br>☐ Settlement Computation |
|---|---|

| 3. Taxpayer Identification Number | 4. Form number<br>1040 | 5. Docket number | 6. Office symbols |
|---|---|---|---|

| | **Tax Year(s) Ended** | |
|---|---|---|
| **7. Adjustments to income** | Year: 12/31/2016 | Year: 12/31/2017 | |
| a. Self Rental | 487,509.00 | | |
| b. Flow-Thru Milagro- Wife | 374.00 | 9,577.00 | |
| c. Flow Thru- Milagro- Husband | 55,494.00 | 1,419,893.00 | |
| d. Flow Thru- Market America- Wife | 18,093.00 | 13,176.00 | |
| e. Flow-Thru- Market America- Husband | 2,682,515.00 | 1,953,677.00 | |
| f. SE AGI Adjustment | (2,274.00) | (19,141.00) | |
| g. Itemized Deductions | 4,849,316.00 | 101,315.00 | |
| h. | | | |
| **8. Total adjustments** | 8,091,027.00 | 3,478,497.00 | |
| 9. Taxable income as shown in<br>☐ Preliminary letter dated _____<br>☐ Notice of deficiency dated _____<br>☐ Return as filed | 30,029,211.00 | 42,797,727.00 | |
| **10. Taxable income as revised** | 38,120,238.00 | 46,276,224.00 | |
| **11. Tax**     Tax Method _____<br>Filing Status _____ | 13,026,766.00<br>SCHEDULE D<br>Joint | 15,347,448.00<br>SCHEDULE D<br>Joint | |
| 12. Alternative tax, if applicable | | | |
| 13. Alternative minimum tax *(Starting in tax year 2000)* | | | |
| **14. Corrected tax liability -** *(lesser of line 11 or 12 plus line 13)* | 13,026,766.00 | 15,347,448.00 | |
| 15. Less credits | a. Foreign Tax Credit | 5,517,233.00 | 4,324,214.00 | |
| | b. General Business Credit | 651,909.00 | 500,636.00 | |
| | c. | | | |
| **16. Balance -** *(line 14 less total of lines 15a - 15c)* | 6,857,624.00 | 10,522,598.00 | |
| 17. Plus other taxes | a. Self Employment Tax | 5,187.00 | 133,970.00 | |
| | b. Net Investment Income Tax | 497,585.00 | 590,126.00 | |
| | c. Additional Medicare Tax | 34,768.00 | 41,470.00 | |
| **18. Total corrected tax liability -** *(line 16 plus lines 17a - 17c)* | 7,395,164.00 | 11,288,164.00 | |
| 19. Total tax shown on return or as previously adjusted | 4,186,300.00 | 9,860,515.00 | |
| 20. Adjustments:<br>increase or<br>(decrease) to: | a.<br>b.<br>c. | | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax)*<br>*(line 18 less line 19 adjusted by lines 20a - 20c)* | 3,208,864.00 | 1,427,649.00 | |
| 22. Adjustments to prepayment credits - Increase *(decrease)* | | | |
| **23. Balance due or *(Overpayment)* excluding interest and penalties**<br>*(line 21 adjusted by line 22)* | 3,208,864.00 | 1,427,649.00 | |
| **24. Penalties and/or Additions to Tax** *(listed below)*<br>Fraud-IRC 6663<br>Accuracy-IRC 6662 | *1,401,906.75<br>7,857.20 | 125,081.80 | |

*Loren Ridinger is not liable for IRC 6663 civil fraud
penalty in accordance with the provisions of IRC 6663(c)

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page 77 of 107

1st Alternative - 5278 w/ IRC 6662h

| Form **5278** (Rev. June 2011) | **Statement - Income Tax Changes** | Page **1** Schedule |
|---|---|---|

| 1. Name(s) of taxpayer(s) James & Loren M Ridinger | 2. ☑ Notice of Deficiency   ☐ Other ☐ Settlement Computation |
|---|---|

| 3. Taxpayer Identification Number | 4. Form number 1040 | 5. Docket number | 6. Office symbols |
|---|---|---|---|

| | | Tax Year(s) Ended | |
|---|---|---|---|
| **7. Adjustments to income** | **Year: 12/31/2016** | **Year: 12/31/2017** | |
| a. Self Rental | 487,509.00 | | |
| b. Flow-Thru Milagro- Wife | 374.00 | 9,577.00 | |
| c. Flow Thru- Milagro- Husband | 55,494.00 | 1,419,893.00 | |
| d. Flow Thru- Market America- Wife | 18,093.00 | 13,176.00 | |
| e. Flow-Thru- Market America- Husband | 2,682,515.00 | 1,953,677.00 | |
| f. SE AGI Adjustment | (2,274.00) | (19,141.00) | |
| g. Itemized Deductions | 4,849,316.00 | 101,315.00 | |
| h. | | | |
| **8. Total adjustments** | 8,091,027.00 | 3,478,497.00 | |
| **9. Taxable income as shown in** ☐ Preliminary letter dated _____ ☐ Notice of deficiency dated _____ ☐ Return as filed | 30,029,211.00 | 42,797,727.00 | |
| **10. Taxable income as revised** | 38,120,238.00 | 46,276,224.00 | |
| **11. Tax**    Tax Method _____    Filing Status _____ | 13,026,766.00 SCHEDULE D Joint | 15,347,448.00 SCHEDULE D Joint | |
| **12. Alternative tax, if applicable** | | | |
| **13. Alternative minimum tax** *(Starting in tax year 2000)* | | | |
| **14. Corrected tax liability -** *(lesser of line 11 or 12 plus line 13)* | 13,026,766.00 | 15,347,448.00 | |
| **15.** Less credits | a. Foreign Tax Credit | 5,517,233.00 | 4,324,214.00 | |
| | b. General Business Credit | 651,909.00 | 500,636.00 | |
| | c. | | | |
| **16. Balance -** *(line 14 less total of lines 15a - 15c)* | 6,857,624.00 | 10,522,598.00 | |
| **17.** Plus other taxes | a. Self Employment Tax | 5,187.00 | 133,970.00 | |
| | b. Net Investment Income Tax | 497,585.00 | 590,126.00 | |
| | c. Additional Medicare Tax | 34,768.00 | 41,470.00 | |
| **18. Total corrected tax liability -** *(line 16 plus lines 17a - 17c)* | 7,395,164.00 | 11,288,164.00 | |
| **19. Total tax shown on return or as previously adjusted** | 4,186,300.00 | 9,860,515.00 | |
| **20.** Adjustments: increase or (decrease) to: | a. | | | |
| | b. | | | |
| | c. | | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax)* *(line 18 less line 19 adjusted by lines 20a - 20c)* | 3,208,864.00 | 1,427,649.00 | |
| **22. Adjustments to prepayment credits - Increase** *(decrease)* | | | |
| **23. Balance due or** *(Overpayment)* **excluding interest and penalties** *(line 21 adjusted by line 22)* | 3,208,864.00 | 1,427,649.00 | |
| **24. Penalties and/or Additions to Tax** *(listed below)* Accuracy-IRC 6662 | 758,062.40 | 125,081.80 | |

Form **5278** (Rev. 6-2011)   Catalog Number 23735U        publish.no.irs.gov        Department of the Treasury - Internal Revenue Service

taxnotes
DOCUMENT SERVICE
Doc 2024-39229
Page 78 of 107

2nd and 3rd Alternative- 5278 w/ IRC 6662(a) penalties

| Form **5278**<br>(Rev. June 2011) | **Statement - Income Tax Changes** | Page **1** | Schedule |
|---|---|---|---|

| 1. Name(s) of taxpayer(s)<br>James & Loren M Ridinger | 2. ☑ Notice of Deficiency ☐ Other<br>☐ Settlement Computation |
|---|---|

| 3. Taxpayer Identification Number ▨▨▨▨ | 4. Form number<br>1040 | 5. Docket number | 6. Office symbols |
|---|---|---|---|

| | | Tax Year(s) Ended | |
|---|---|---|---|
| **7. Adjustments to income** | Year: 12/31/2016 | Year: 12/31/2017 | |
| a. Self Rental | 487,509.00 | | |
| b. Flow-Thru Milagro- Wife | 374.00 | 9,577.00 | |
| c. Flow Thru- Milagro- Husband | 55,494.00 | 1,419,893.00 | |
| d. Flow Thru- Market America- Wife | 18,093.00 | 13,176.00 | |
| e. Flow-Thru- Market America- Husband | 2,682,515.00 | 1,953,677.00 | |
| f. SE AGI Adjustment | (2,274.00) | (19,141.00) | |
| g. Itemized Deductions | 4,849,316.00 | 101,315.00 | |
| h. | | | |
| **8. Total adjustments** | 8,091,027.00 | 3,478,497.00 | |
| 9. Taxable income as shown in<br>☐ Preliminary letter dated _____<br>☐ Notice of deficiency dated _____<br>☐ Return as filed | 30,029,211.00 | 42,797,727.00 | |
| **10. Taxable income as revised** | 38,120,238.00 | 46,276,224.00 | |
| **11. Tax**<br>Tax Method _____<br>Filing Status _____ | 13,026,766.00<br>SCHEDULE D<br>Joint | 15,347,448.00<br>SCHEDULE D<br>Joint | |
| 12. Alternative tax, if applicable | | | |
| 13. Alternative minimum tax *(Starting in tax year 2000)* | | | |
| **14. Corrected tax liability -** *(lesser of line 11 or 12 plus line 13)* | 13,026,766.00 | 15,347,448.00 | |
| 15. Less credits | a. Foreign Tax Credit | 5,517,233.00 | 4,324,214.00 | |
| | b. General Business Credit | 651,909.00 | 500,636.00 | |
| | c. | | | |
| **16. Balance -** *(line 14 less total of lines 15a - 15c)* | 6,857,624.00 | 10,522,598.00 | |
| 17. Plus other<br>taxes | a. Self Employment Tax | 5,187.00 | 133,970.00 | |
| | b. Net Investment Income Tax | 497,585.00 | 590,126.00 | |
| | c. Additional Medicare Tax | 34,768.00 | 41,470.00 | |
| **18. Total corrected tax liability -** *(line 16 plus lines 17a - 17c)* | 7,395,164.00 | 11,288,164.00 | |
| 19. Total tax shown on return or as previously adjusted | 4,186,300.00 | 9,860,515.00 | |
| 20. Adjustments:<br>increase or<br>(decrease) to: | a. | | | |
| | b. | | | |
| | c. | | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax)*<br>*(line 18 less line 19 adjusted by lines 20a - 20c)* | 3,208,864.00 | 1,427,649.00 | |
| 22. Adjustments to prepayment credits - Increase *(decrease)* | | | |
| **23. Balance due or *(Overpayment)*** excluding interest and penalties<br>*(line 21 adjusted by line 22)* | 3,208,864.00 | 1,427,649.00 | |
| **24. Penalties and/or Additions to Tax** *(listed below)*<br>Accuracy-IRC 6662 | 381,699.00 | 125,081.80 | |



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 79 of 107

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br>**Explanation of Items** | Schedule number or<br>exhibit |
|---|---|---|
| Name of taxpayer<br>James & Loren M Ridinger | Tax Identification Number *(last 4 digits)* | Year/Period ended<br>2016 2017 |

**Self Rental**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $15,830,700.00 | $16,318,209.00 | $487,509.00 |

It is determined that net self-rental income of $2,633,211 and interest income of $76,684 is not passive income subject to offset by passive losses. Accordingly, the passive losses of $487,509 reported on Form 8582 and Schedule E has been reduced to $0, and income for 2016 is increased by $487,509. The disallowed loss can be carried over to 2017.

**Charitable Contributions-Milagro 50%- Wife**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $31,837.00 | $0.00 | $31,837.00 |

We adjusted your distributive share of the partnership charitable contributions as shown in the attached computation. See Exhibit A1 and C for computation.

**Charitable Contributions- Milagro 50%-Husband**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $4,720,227.00 | $0.00 | $4,720,227.00 |

We adjusted your distributive share of the partnership charitable contributions as shown in the attached computation. See Exhibit A1 and C for computation.

**Flow Thru- Market America -Husband**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $13,634,807.00 | $16,317,322.00 | $2,682,515.00 |
| 2017 | $19,781,647.00 | $21,735,324.00 | $1,953,677.00 |

We adjusted your distributive share of the S corporation income or loss as shown in the attached computation. See Exhibits B, B1, and B2 for computations.

**Flow Thru- Market America- Wife**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $91,964.00 | $110,057.00 | $18,093.00 |
| 2017 | $133,424.00 | $146,600.00 | $13,176.00 |

We adjusted your distributive share of the S corporation income or loss as shown in the attached computation. See Exhibits B, B1, and B2 for computations.



DOCUMENT SERVICE
Doc 2021-39229
Page: 80 of 107

| Form **886-A**<br>(May 2017) | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br><br>James & Loren M Ridinger | Tax Identification Number *(last 4 digits)* | Year/Period ended<br><br>2016 2017 |

### Flow Thru- Milagro- Husband

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | ($55,494.00) | $0.00 | $55,494.00 |
| 2017 | ($1,419,893.00) | $0.00 | $1,419,893.00 |

We adjusted your distributive share of the partnership income or loss as shown in the attached computation. See Exhibits A1 and A2 for computations.

### Flow Thru- Milagro- Wife

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | ($374.00) | $0.00 | $374.00 |
| 2017 | ($9,577.00) | $0.00 | $9,577.00 |

We adjusted your distributive share of the partnership income or loss as shown in the attached computation. See Exhibits A1 and A2 for computations.

### Statutory-SE AGI Adjustment

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $320.00 | $2,594.00 | ($2,274.00) |
| 2017 | $47,844.00 | $66,985.00 | ($19,141.00) |

Your self-employment tax has changed as a result of adjustments made to your net earnings from self-employment as shown in this report. The self-employment tax deduction has been adjusted to one-half of the recomputed amount. See Exhibit D for computation.

### Statutory-Self Employment Tax

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $639.00 | $5,187.00 | $4,548.00 |
| 2017 | $95,687.00 | $133,970.00 | $38,283.00 |

We have adjusted your self-employment tax due to a change in your net earnings from self-employment. See Exhibit D for computation.

### Itemized Deductions

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2016 | $6,146,400.00 | $1,297,084.00 | $4,849,316.00 |
| 2017 | $1,303,468.00 | $1,202,153.00 | $101,315.00 |

Adjustments to Schedule A itemized deductions includes computational adjustments for 2016 and 2017. 2016 also includes the charitable contribution adjustment. See Exhibits A1 and C for computation.

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 81 of 107

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br><br>Ridinger, James & Loren M | Tax Identification Number<br><br>■■■■ | Year/Period ended<br><br>2016  2017 |

**Additional Medicare Tax/Other Taxes**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 201612 | $ 34,498.00 | $ 34,768.00 | $ 270.00 |

Under the provisions of section 3101 and 3102 of the Internal Revenue Code, you are liable for an increase in additional Medicare tax in the amount of 270.00 for the tax year ended December 31, 2017. See Exhibit E  for computation.

**PENALTIES:**

**PRIMARY POSITION**

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6663 |
|---|---|---|
| December 31, 2016 | $ 1,869,209.00 | $ 1,401,906.75 |

**Internal Revenue Code Section 6663- Applicable to Charitable Contribution adjustment for James Ridinger**

It is determined that a portion of the underpayment of tax for taxable year 2016, attributable to the charitable contribution from Milagro Yacht Charters, LLC of $4,720,227, is due to fraud. No part of the underpayment of tax required to be shown on the return for taxable year 2016 is due to fraud on the part of Lauren M. Ridinger. Thus, the fraud penalty under I.R.C. section 6663 applies solely to James Ridinger. In addition, a portion of the underpayment of tax for taxable year 2016 is attributable to a substantial understatement of income tax by the taxpayers under sections 6662(a), (b), and (d). Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax. See Exhibit    of this notice of deficiency for the computation of the addition to the tax based on the Primary Position.

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code Section 6662(d) |
|---|---|---|
| December 31, 2016 | $ 39,286.00 | $ 7,857.20 |
| Totals | $1,908,495.00 | $ 1,409,763.95 |

**Internal Revenue Code Section 6662(d) - Applicable to adjustments for Flow Thru- Milagro and Charitable contributions for Loren Ridinger**

It is determined that a portion of the underpayment of tax for taxable year 2016 is attributable to a substantial understatement of income tax. A penalty of twenty (20) percent is charged under section 6662(a) to the portion of the underpayment attributable to the substantial understatement of income tax. In addition, interest is computed on this penalty from the due date of the return (including any extensions.) See Exhibit G of this notice of deficiency for the addition of tax based on the Primary Position.

**Alternative Position**

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code Section 6662(h) |
|---|---|---|
| December 31, 2016 | $ 1,881,817.00 | $ 752,726.80 |

**1st Alternative-Internal Revenue Code Section 6662(h)-Applicable to adjustments for charitable contributions for both taxpayers**

In the event it is determined that the fraud penalty is not applicable to James Ridinger for taxable year 2016, then it is determined that the forty (40) percent gross valuation misstatement penalty under section 6662(h) applies to the taxpayers' taxable year 2016 for the gross valuation misstatement attributable to the charitable contribution of Milagro Yacht Charters, LLC, totaling $4,752,064. Section 6662(h)(1) imposes a 40 percent penalty on the portion of an underpayment of tax that is attributable to a gross valuation misstatement. For returns filed after August 17, 2006, a gross valuation misstatement exists if the value of any property claimed on the return is 200% or more of the amount determined to be the correct value. I.R.C. § 6662(h)(2)(A)(i). The penalty "applies to any portion of an underpayment for a year to which a ... deduction ... is carried that is attributable to a ... gross valuation misstatement for the year in which the carryback or carryover of the ... deduction ... arises." Treas. Reg. § 1.6662-5(c)(1). See Exhibit H for computation.

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code Section 6662 |
|---|---|---|
| December 31, 2016 | $ 26,678.00 | $ 5,335.60 |
| Totals | $1,908,495.00 | $ 758,062.40 |

**Internal Revenue Code Section 6662(d)- Applicable to adjustments for Flow-thru Milagro for both taxpayers**

In addition, a portion of the underpayment of tax for taxable year 2016 is attributable to a substantial understatement of income tax under sections 6662(a), (b), and (d). Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax. See Exhibit H of this notice of deficiency for the computation of these penalties.



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 82 of 107

| Form **886-A**<br>(Rev. January 1994) | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br><br>Ridinger, James & Loren M | Tax Identification Number<br><br>▮▮▮ | Year/Period ended<br><br>2016  2017 |

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6662(d) |
|---|---|---|
| December 31, 2016 | $1,908,495.00 | $ 381,699.00 |

**2nd Alternative Position- Internal Revenue Code Section 6662(d)**

IIn the event it is determined that the fraud penalty is not applicable to James Ridinger and the gross valuation misstatement penalty under section 6662(h) does not apply to the taxpayers, it is determined that a portion of the underpayment of tax for the taxable year 2016 is attributable to a substantial understatement of income tax by the taxpayer's under sections 6662(a), (b), and (d). Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax.If Itherarullof this notice of deficiency for the computation of this penalty.

| Taxable Year Ending | Increase<br>In tax | Penalty Internal Revenue<br>Code  Section 6662(c) |
|---|---|---|
| December 31, 2016 | $1,908,495.00 | $ 381,699.00 |

**3rd Alternative Position- Internal Revenue Code Section 6662 (c)**

n the event it is determined that the fraud penalty is not applicable to James Ridinger, the gross valuation misstatement penalty under section 6662(h) does not apply to the taxpayers, and the substantial understatement penalty under section 6662(d) does not apply to the taxpayers for taxable year 2016, it is determined that a portion of the underpayment of tax for taxable year 2016 is attributable to the taxpayers' negligence under section 6662(c). The term "negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable cause in the preparation of a tax return. It also includes the failure to keep proper books and records or to properly substantiate claimed items. Sections 6662(a), (b), and (c) impose a 20 percent penalty for negligence. See Exhibit I of this notice of deficiency for the computation of this penalty.

**PENALTIES: 2017 tax year**

**PRIMARY POSITION**

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6662 (d) |
|---|---|---|
| December 31, 2017 | $ 625,409.00 | $ 125,081.80 |

**Internal Revenue Code Section 6662(d)**

It is determined that a portion of the underpayment of tax for taxable year 2017 is attributable to a substantial understatement of income tax by the taxpayers, pursuant to Sections 6662(a), (b), and (d) of the Internal Revenue Code. Sections 6662(a), (b), and (d) impose a 20 percent penalty for a substantial understatement of tax. See Exhibit J of this notice of deficiency for the computation of this penalty.

**ALTERNATIVE POSITION**

| Taxable Year Ending | Increase<br>In Tax | Penalty Internal Revenue<br>Code Section 6662 (c) |
|---|---|---|
| December 31, 2017 | $ 625,409.00 | $ 125,081.80 |

**Internal Revenue Code Section 6662(c)**

In the event the substantial understatement penalty under section 6662(d) does not apply, it is determined that a portion of the underpayment of tax for taxable year 2017 is attributable to the taxpayers' negligence under section 6662(c). The term "negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable cause in the preparation of a tax return. It also includes the failure to keep proper books and records or to properly substantiate claimed items. Sections 6662(a), (b), and (c) impose a 20 percent penalty for negligence. See Exhibit K of this notice of deficiency for the computation of this penalty.



DOCUMENT SERVICE
Doc 2021-39229
Page: 83 of 107

# EXPLANATION OF ITEMS

Exhibit A1

TAXPAYER(S)                                              TAXABLE YEAR
James & Loren M. Ridinger                                12/31/ 2016

## MILAGRO YACHT CHARTERS, LLC

Flow Thru:

It is determined from examination of the books and records of the partnership known as Milagro
Yacht Charters, LLC that the share of distributive loss for the taxable year ended December 31,
2016 for James and Loren M. Ridinger is $0 and $0, respectively, based on the determination
that Milagro Yacht Charters, LLC did not operate as an activity engaged in for profit under I.R.C
section 183.  In the alternative, it is determined that Milagro Yacht Charters, LLC served no
business purpose other than tax avoidance and should be disregarded as a partnership under
the substance over form, sham, or step transactions doctrines.  Accordingly, Milagro Yacht
Charters, LLC is not allowed a deduction for expenditures more than its revenue, the net loss of
$57,960 reported for taxable year ended December 31, 2016 is disallowed, and its ordinary
income is increased by $57,960.

| | | |
|---|---|---|
| Adjustment to Return: | | $57,960 |
| | | |
| Ordinary Income as Determined | | $     0 |
| Ownership Percentage | James Ridinger –  95.744972% | |
| | Loren M. Ridinger – 0.645781% | |
| | | |
| Distributive share of Partnership Income – James Ridinger | | $     0 |
| Partnership Loss Claimed on Return – James Ridinger | | ($55,494) |
| Increase to Ordinary Income – James Ridinger | | $55,494 |
| | | |
| Distributive share of Partnership Income – Loren M. Ridinger | | $     0 |
| Partnership Loss Claimed on Return – Loren M. Ridinger | | ($    374) |
| Increase to Ordinary Income – Loren M. Ridinger | | $    374 |


DOCUMENT SERVICE
Doc 2021-39229
Page: 84 of 107

Charitable Contribution:

It is further determined that Milagro Yacht Charters, LLC has not established that it made a noncash charitable contribution during the taxable year ended December 31, 2016.  To the extent it is established that a noncash charitable contribution has been made, Milagro Yacht Charters, LLC failed to establish that it satisfied all the requirements of I.R.C. section 170 and the corresponding Treasury Regulations for deducting a noncash charitable contribution.  If it is determined that Milagro Yacht Charters, LLC satisfied all the requirements of section 170 and the corresponding Treasury Regulations for deducting a noncash charitable contribution, it has not established the value of the noncash charitable contribution.  Accordingly, the charitable contribution claimed on Milagro Yacht Charters, LLC's Form 1065 partnership return is reduced by $4,930,000 for taxable year ended December 31, 2016. Consequently, the distributive share of the charitable contribution for James and Loren M. Ridinger is $0 and $0, respectively.

| | | |
|---|---|---|
| Disallowed Contribution: | | $4,930,000 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |
| Distributive share of Charitable Contribution – James Ridinger | | $      0 |
| Charitable Contribution Claimed on Return – James Ridinger | | $4,720,227 |
| Adjustment to Itemized Deductions – James Ridinger | | $4,720,227 |
| Distributive share of Charitable Contribution – Loren M. Ridinger | | $      0 |
| Charitable Contribution Claimed on Return – Loren M. Ridinger | | $    31,837 |
| Adjustment to Itemized Deductions – Loren M. Ridinger | | $    31,837 |



taxnotes
DOCUMENT SERVICE
Doc 2021-39220
Page: 85 of 107

# EXPLANATION OF ITEMS         Exhibit A2

TAXPAYER(S)                                                    TAXABLE YEAR
James & Loren M. Ridinger                                       12/31/ 2017

## MILAGRO YACHT CHARTERS, LLC

It is determined from examination of the books and records of the partnership known as Milagro Yacht Charters, LLC that the share of distributive loss for the taxable year ended December 31, 2017 for James and Loren M. Ridinger is $0 and $0, respectively, based on the determination that Milagro Yacht Charters, LLC did not operate as an activity engaged in for profit under I.R.C section 183. In the alternative, it is determined that Milagro Yacht Charters, LLC served no business purpose other than tax avoidance and should be disregarded as a partnership under the substance over form, sham, or step transactions doctrines. Accordingly, Milagro Yacht Charters, LLC is not allowed a deduction for expenditures more than its revenue, the net loss of $1,482,995 reported for taxable year ended December 31, 2017 is disallowed, and its ordinary income is increased by $1,482,995.

| | | |
|---|---|---:|
| Adjustment to Return: | | $1,482,995 |
| | | |
| Ordinary Income as Determined | | $ 0 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |
| | | |
| Distributive share of Partnership Income – James Ridinger | | $ 0 |
| Partnership Loss Claimed on Return – James Ridinger | | ($1,419,893) |
| Increase to Ordinary Income – James Ridinger | | $1,419,893 |
| | | |
| Distributive share of Partnership Income – Loren M. Ridinger | | $ 0 |
| Partnership Loss Claimed on Return – Loren M. Ridinger | | ($ 9,577) |
| Increase to Ordinary Income – Loren M. Ridinger | | $ 9,577 |


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 86 of 107

## EXPLANATION OF ITEMS            Exhibit B1

TAXPAYER(S)                                                    TAXABLE YEAR
James & Loren M. Ridinger                                       12/31/ 2016

### MARKET AMERICA WORLDWIDE, INC.

It is determined from examination of the books and records of the S Corporation known as Market America Worldwide, Inc. that the share of distributive income for the taxable year ended December 31, 2016 for James and Loren M. Ridinger is $16,317,322.00 and $110,057.00, respectively, based on the following adjustment to Market America Worldwide, Inc.:

Adjustment to Return:

| | | |
|---|---|---|
| (A) Other Deductions | | $ 2,801,730 |
| Ordinary Income as Determined | | $17,042,485 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |

| | |
|---|---|
| Distributive share of S Corporation Income – James Ridinger | $16,617,322 |
| S Corporation Income Claimed on Return – James Ridinger | $13,634,807 |
| Increase to Ordinary Income – James Ridinger | $ 2,682,515 |

| | | |
|---|---|---|
| Distributive share of S Corporation Income – Loren M. Ridinger | $ | 110,057 |
| S Corporation Income Claimed on Return – Loren M. Ridinger | $ | 91,964 |
| Increase to Ordinary Income – Loren M. Ridinger | $ | 18,093 |

### Explanation of S Corporation Adjustment

(A) It is determined that lease expense of $2,801,730 claimed for the use of yachts owned by related parties during 2016 constituted yacht entertainment facilities used in connection with entertainment, amusement, or recreation activities and not ordinary and necessary business expense of Market America. Accordingly, no deduction is allowed and income is increased by $2,801,730.


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 87 of 107

# EXPLANATION OF ITEMS     Exhibit B2

TAXPAYER(S)                                          TAXABLE YEAR
James & Loren M. Ridinger                            12/31/ 2017

## MARKET AMERICA WORLDWIDE, INC.

It is determined from examination of the books and records of the S Corporation known as Market America Worldwide, Inc. that the share of distributive income for the taxable year ended December 31, 2017 for James and Loren M. Ridinger is $21,735,324.00 and $146,600.00, respectively, based on the following adjustment to Market America Worldwide, Inc.:

Adjustment to Return:

| | | |
|---|---|---|
| (A) Other Deductions | | $ 2,040,500 |
| Ordinary Income as Determined | | $22,701,269 |
| Ownership Percentage | James Ridinger – 95.744972% | |
| | Loren M. Ridinger – 0.645781% | |

| | |
|---|---|
| Distributive share of S Corporation Income – James Ridinger | $21,735,324 |
| S Corporation Income Claimed on Return – James Ridinger | $19,781,647 |
| Increase to Ordinary Income – James Ridinger | $ 1,953,677 |

| | |
|---|---|
| Distributive share of S Corporation Income – Loren M. Ridinger | $    146,660 |
| S Corporation Income Claimed on Return – Loren M. Ridinger | $    133,424 |
| Increase to Ordinary Income – Loren M. Ridinger | $      13,176 |

## Explanation of S Corporation Adjustment

(A) It is determined that lease expense of $2,040,500 claimed for the use of yachts owned by related parties during 2017 constituted yacht entertainment facilities used in connection with entertainment, amusement, or recreation activities and not ordinary and necessary business expense of Market America. Accordingly, no deduction is allowed and income is increased by $2,040,500.



**tax notes**
DOCUMENT SERVICE
Doc 2021-39229
Page: 88 of 107

| | | Exhibit C |
|---|---|---|
| Name of Taxpayer: James & Loren M Ridinger | | 06/08/2021 |
| Identification Number: | Total | 22.10.00 |

## 2016 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 10.0% of adjusted gross income | 3,617,561.00 | 3,941,732.20 | |
| 3. Net medical and dental expenses | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 2,312,066.00 | 2,312,066.00 | 0.00 |
| 5. Home interest expense | 0.00 | 0.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 0.00 | 0.00 | 0.00 |
| 10. Contributions | 4,890,576.00 | 138,512.00 | 4,752,064.00 |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 13. 2% of adjusted gross income | 723,512.00 | 788,346.00 | |
| 14. Excess miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Other miscellaneous deductions | 19,687.00 | 19,687.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | 6,146,400.00 | 1,297,084.00 | 4,849,316.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A  Total of lines 3, 4, 9, 10, 11, 14, and 15 above | 2,470,265.00 |
| B  Total of lines 3, 7, and 11, (plus any gambling and casualty or theft losses on line 15 above) | 0.00 |
| C  Line A less line B | 2,470,265.00 |
| D  Multiply the amount on line C by 80% | 1,976,212.00 |
| E  Adjusted gross income | 39,417,322.00 |
| F  Itemized deduction limitation based on filing status | 311,300.00 |
| G  Line E less line F | 39,106,022.00 |
| H  Multiply the amount on line G by 3% | 1,173,181.00 |
| I  Enter the smaller of line D or line H | 1,173,181.00 |
| J  Total itemized deductions (Line A less line I, entered on line 16 per exam column above) | 1,297,084.00 |



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 89 of 107

Exhibit C

| Name of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | ▓▓▓▓▓▓▓ | Total | 22.10.00 |

### 2017 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 7.5% of adjusted gross income | 3.307,590.00 | 3,560,878.28 | |
| 3. Net medical and dental expenses | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 2,452,394.00 | 2,452,394.00 | 0.00 |
| 5. Home interest expense | 0.00 | 0.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 1,058.00 | 1,058.00 | 0.00 |
| 9. Total interest expense | 1,058.00 | 1,058.00 | 0.00 |
| 10. Contributions | 163,638.00 | 163,638.00 | 0.00 |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 49,286.00 | 49,286.00 | 0.00 |
| 13. 2% of adjusted gross income | 882,024.00 | 949,568.00 | |
| 14. Excess miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | 1,303,468.00 | 1,202,153.00 | 101,315.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | | |
|---|---|---|
| A Total of lines 3, 4, 9, 10, 11, 14, and 15 above | | 2,617,090.00 |
| B Total of lines 3, 7, and 11, (plus any gambling and casualty or theft losses on line 15 above) | | 0.00 |
| C Line A less line B | | 2,617,090.00 |
| D Multiply the amount on line C by 80% | | 2,093,672.00 |
| E Adjusted gross income | | 47,478,377.00 |
| F Itemized deduction limitation based on filing status | | 313,800.00 |
| G Line E less line F | | 47,164,577.00 |
| H Multiply the amount on line G by 3% | | 1,414,937.00 |
| I Enter the smaller of line D or line H | | 1,414,937.00 |
| J Total itemized deductions (Line A less line I, entered on line 16 per exam column above) | | 1,202,153.00 |



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 90 of 107

Exhibit D

| | | |
|---|---|---|
| Name of Taxpayer: | James & Loren M Ridinger | 06/08/2021 |
| Identification Number: | ▮▮▮▮▮▮ | Total | 22.10.00 |

### 2016  - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

Primary
James Ridinger  ▮▮▮▮▮▮

| | |
|---|---|
| 1.  Self-employment income | 32,112.00 |
| 2.  Multiply line 1 by 92.35% | 29,655.43 |
| 3.  Farm optional method income | 0.00 |
| 4.  Nonfarm optional method income | 0.00 |
| 5.  Earnings subject to self-employment tax (sum of 2, 3, 4) | 29,655.43 |
| 6.  Maximum earnings subject to social security | 118,500.00 |
| 7.  Social security wages and tips from W-2 | 0.00 |
| 8.  Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9.  Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 118,500.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 3,677.27 |
| 13. Multiply line 5 by 2.90% | 860.01 |
| 14. Self-employment tax (sum of lines 12 and 13) | 4,537.28 |

Secondary

Loren M Ridinger  ▮▮▮▮▮▮

| | |
|---|---|
| 1.  Self-employment income | 24,243.00 |
| 2.  Multiply line 1 by 92.35% | 22,388.41 |
| 3.  Farm optional method income | 0.00 |
| 4.  Nonfarm optional method income | 0.00 |
| 5.  Earnings subject to self-employment tax (sum of 2, 3, 4) | 22,388.41 |
| 6.  Maximum earnings subject to social security | 118,500.00 |
| 7.  Social security wages and tips from W-2 | 118,500.00 |
| 8.  Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9.  Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 118,500.00 |
| 11. Line 6 less line 10 | 0.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 0.00 |
| 13. Multiply line 5 by 2.90% | 649.26 |
| 14. Self-employment tax (sum of lines 12 and 13) | 649.26 |


DOCUMENT SERVICE
Doc 2021-39229
Page: 91 of 107

|  |  | Exhibit D |
|---|---|---|
| Name of Taxpayer: | James & Loren M Ridinger | 06/08/2021 |
| Identification Number: | ████████ | Total | 22.10.00 |

## 2017  - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

Primary
James Ridinger                                        ████████

| | |
|---|---:|
| 1.  Self-employment income | 4,585,217.00 |
| 2.  Multiply line 1 by 92.35% | 4,234,447.90 |
| 3.  Farm optional method income | 0.00 |
| 4.  Nonfarm optional method income | 0.00 |
| 5.  Earnings subject to self-employment tax (sum of 2, 3, 4) | 4,234,447.90 |
| 6.  Maximum earnings subject to social security | 127,200.00 |
| 7.  Social security wages and tips from W-2 | 127,200.00 |
| 8.  Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9.  Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 127,200.00 |
| 11. Line 6 less line 10 | 0.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 0.00 |
| 13. Multiply line 5 by 2.90% | 122,798.99 |
| 14. Self-employment tax (sum of lines 12 and 13) | 122,798.99 |

Secondary

Loren M Ridinger                                        ████████

| | |
|---|---:|
| 1.  Self-employment income | 292,258.00 |
| 2.  Multiply line 1 by 92.35% | 269,900.26 |
| 3.  Farm optional method income | 0.00 |
| 4.  Nonfarm optional method income | 0.00 |
| 5.  Earnings subject to self-employment tax (sum of 2, 3, 4) | 269,900.26 |
| 6.  Maximum earnings subject to social security | 127,200.00 |
| 7.  Social security wages and tips from W-2 | 100,236.00 |
| 8.  Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9.  Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 100,236.00 |
| 11. Line 6 less line 10 | 26,964.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 3,343.54 |
| 13. Multiply line 5 by 2.90% | 7,827.11 |
| 14. Self-employment tax (sum of lines 12 and 13) | 11,170.65 |



taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 92 of 107

|  |  | Exhibit E |
|---|---|---|
| Name of Taxpayer: | James & Loren M Ridinger | 06/08/2021 |
| Identification Number: | Total | 22.10.00 |

## 2016 - Form 8959 - Additional Medicare Tax

| | |
|---|---|
| 1. Medicare wages and tips from Form W-2, box 5 | 4,061,120.00 |
| 2. Unreported tips from Form 4137, line 6 | 0.00 |
| 3. Wages from Form 8919, line 6 | 0.00 |
| 4. Add lines 1 through 3 | 4,061,120.00 |
| 5. Amount based on filing status | 250,000.00 |
| 6. Subtract line 5 from line 4 (if zero or less, enter 0.00) | 3,811,120.00 |
| 7. Additional Medicare tax on Medicare wages (multiply line 6 by .009) | 34,300.00 |
| | |
| 8. Self-employment income from Schedule SE (if zero or less, enter 0.00) | 52,043.84 |
| 9. Amount based on filing status | 250,000.00 |
| 10. Amount from line 4 | 4,061,120.00 |
| 11. Subtract line 10 from line 9 (if zero or less, enter 0.00) | 0.00 |
| 12. Subtract line 11 from line 8 (if zero or less, enter 0.00) | 52,043.84 |
| 13. Additional Medicare tax on self-employment income (multiply line 12 by .009) | 468.00 |
| | |
| 14. Railroad retirement compensation from Form W-2, box 14 | 0.00 |
| 15. Amount based on filing status | 250,000.00 |
| 16. Subtract line 15 from line 14 (if zero or less, enter 0.00) | 0.00 |
| 17. Tier I employee Additional Medicare Tax on railroad retirement compensation (multiply line 16 by .009) | 0.00 |
| | |
| 18. Total Additional Medicare Tax (add lines 7, 13, and 17) | 34,768.00 |
| | |
| 19. Medicare tax withheld from Form W-2, box 6 | 91,836.00 |
| 20. Amount from line 1 | 4,061,120.00 |
| 21. Multiply line 20 by .0145 | 58,886.00 |
| 22. Subtract line 21 from line 19 (if zero or less, enter 0.00) | 32,950.00 |
| 23. Additional Medicare Tax from Form W-2, box 14 | 0.00 |
| 24. Total Additional Medicare Tax withholding (add lines 22 and 23) | 32,950.00 |



taxnotes
DOCUMENT SERVICE
Doc 2021-30229
Page: 93 of 107

|  | Exhibit E |
|---|---|
| Name of Taxpayer:   James & Loren M Ridinger | 06/08/2021 |
| Identification Number: ▮▮▮▮▮▮▮            Total | 22.10.00 |

### 2017 - Form 8959 - Additional Medicare Tax

| | |
|---|---:|
| 1. Medicare wages and tips from Form W-2, box 5 | 353,498.00 |
| 2. Unreported tips from Form 4137, line 6 | 0.00 |
| 3. Wages from Form 8919, line 6 | 0.00 |
| 4. Add lines 1 through 3 | 353,498.00 |
| 5. Amount based on filing status | 250,000.00 |
| 6. Subtract line 5 from line 4 (if zero or less, enter 0.00) | 103,498.00 |
| 7. Additional Medicare tax on Medicare wages (multiply line 6 by .009) | 931.00 |
| | |
| 8. Self-employment income from Schedule SE (if zero or less, enter 0.00) | 4,504,348.16 |
| 9. Amount based on filing status | 250,000.00 |
| 10. Amount from line 4 | 353,498.00 |
| 11. Subtract line 10 from line 9 (if zero or less, enter 0.00) | 0.00 |
| 12. Subtract line 11 from line 8 (if zero or less, enter 0.00) | 4,504,348.16 |
| 13. Additional Medicare tax on self-employment income (multiply line 12 by .009) | 40,539.00 |
| | |
| 14. Railroad retirement compensation from Form W-2, box 14 | 0.00 |
| 15. Amount based on filing status | 250,000.00 |
| 16. Subtract line 15 from line 14 (if zero or less, enter 0.00) | 0.00 |
| 17. Tier I employee Additional Medicare Tax on railroad retirement compensation (multiply line 16 by .009) | 0.00 |
| | |
| 18. Total Additional Medicare Tax (add lines 7, 13, and 17) | 41,470.00 |
| | |
| 19. Medicare tax withheld from Form W-2, box 6 | 5,605.00 |
| 20. Amount from line 1 | 353,498.00 |
| 21. Multiply line 20 by .0145 | 5,126.00 |
| 22. Subtract line 21 from line 19 (if zero or less, enter 0.00) | 479.00 |
| 23. Additional Medicare Tax from Form W-2, box 14 | 0.00 |
| 24. Total Additional Medicare Tax withholding (add lines 22 and 23) | 479.00 |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 94 of 107

**Primary Penalty-2016**
Name of Taxpayer:   James & Loren M Ridinger                                                        Exhibit F
Identification Number: ▒▒▒▒▒                        Total

Page        of
Tax Period Ending: 12/31/2016

## Civil Fraud Penalty under IRC 6663(a)

**Civil Fraud Penalty - Internal Revenue Code Section 6663(a)**

It has been determined that the underpayment of tax shown on line 5 below is attributable to fraud.
Therefore, an addition to tax is imposed as provided by Section 6663(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 39,286.00 |
| 4. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 5. Underpayment to which Section 6663(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 1,869,209.00 |
| 6. Applicable penalty rate | 75.00% |
| 7. Section 6663(a) civil fraud penalty (Line 5 times line 6) | 1,401,906.75 |
| 8. Less: Previously assessed/previously agreed Section 6663(a) penalty | 0.00 |
| 9. Total section 6663(a) civil fraud penalty (Line 7 less line 8) | 1,401,906.75 |

taxnotes
Exhibit DOCUMENT SERVICE
Doc 2021-39229
Page: 95 of 107

**Primary Penalty- 2016**

| | | | |
|---|---|---|---|
| Name of Taxpayer: | James & Loren M Ridinger | | Page      of |
| Identification Number: | ████████ | Total | Tax Period Ending: 12/31/2016 |

## CIVIL FRAUD PENALTY (CONTINUED)

ADJUSTMENTS TO WHICH CIVIL FRAUD PENALTY APPLIES:

Charitable Contributions- Milagro 50%- Husband                    4,720,227.00

**tax**notes
DOCUMENT SERVICE
Doc 2021-39229
Page: 96 of 107

Exhibit

| Primary Penalty-2016 | | |
|---|---|---|
| Name of Taxpayer: James & Loren M Ridinger | | Page    of |
| Identification Number: ▓▓▓▓▓ | Total | Tax Period Ending: 12/31/2016 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 1,869,209.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 39,286.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 7,857.20 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 7,857.20 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Gross valuation misstatement (overstatement);
(2) Non-disclosed transaction lacking economic substance;
(3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 39,286.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 1,869,209.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 0.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 0.00 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 0.00 |


DOCUMENT SERVICE
Doc 2021-39229
Page: 97 of 107

**Primary Penalty- 2016**

Exhibit G

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | ▇▇▇▇▇▇ | Total | 22.10.00 |

## 2016  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES :

| | PENALTY RATES | | |
|---|---|---|---|
| | 20% | 40% | |
| Charitable Contributions- Milagro- 50%- Wife | X | 31,837.00 | IRC 6662(d) |
| Flow-Thru Milagro- Wife | X | 374.00 | IRC 6662(d) |
| Flow Thru- Milagro- Husband | X | 55,494.00 | IRC 6662(d) |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 98 of 107

1st Alternative Penalty - IRC 6662 h

Name of Taxpayer:   James & Loren M Ridinger                          **Exhibit H**

Identification Number: ▓▓▓▓▓                Total          Page      of

Tax Period Ending: 12/31/2016

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 1,881,817.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 26,678.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 5,335.60 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 5,335.60 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Gross valuation misstatement (overstatement);
(2) Non-disclosed transaction lacking economic substance;
(3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 26,678.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 1,881,817.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 752,726.80 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 752,726.80 |


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 99 of 107

**1st Alternative Penalty- IRC 6662 h**                                **Exhibit H**

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
| Identification Number: | | Total | 22.10.00 |

### 2016  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:
PENALTY RATES
20% 40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Charitable Contributions- Milagro- 50%- Wife | | X | 31,837.00 | IRC 6662(h) |
| Charitable Contributions- Milagro 50%- Husband | | X | 4,720,227.00 | IRC 6662(h) |
| Flow-Thru Milagro- Wife | X | | 374.00 | IRC 6662(d) |
| Flow Thru- Milagro- Husband | X | | 55,494.00 | IRC 6662(d) |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 100 of 107

2nd and 3rd Alternative Penalties IRC 6662a

| | |
|---|---|
| Name of Taxpayer: | James & Loren M Ridinger |
| Identification Number: | ██████████ |

Exhibit

Page    of

Total

Tax Period Ending: 12/31/2016

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

    (1) Negligence or disregard of rules or regulations;
    (2) Substantial understatement of income tax;
    (3) Substantial valuation misstatement (overstatement);
    (4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 1,908,495.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 381,699.00 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 381,699.00 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

    (1) Gross valuation misstatement (overstatement);
    (2) Non-disclosed transaction lacking economic substance;
    (3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 3,208,864.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 1,300,369.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 1,908,495.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 0.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 0.00 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 0.00 |

---

RGS Version 22.10.00      Date Tax Computation Last Generated 06/08/2021


taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 101 of 107

**2nd and 3rd Alternative Penalties IRC 6662a**                                    **Exhibit I**

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | ▮▮▮▮▮▮ | Total | 22.10.00 |

### 2016  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES
20%  40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Charitable Contributions- Milagro- 50%- Wife | X | | 31,837.00 | IRC 6662(d) |
| Charitable Contributions- Milagro 50%- Husband | X | | 4,720,227.00 | IRC 6662(d) |
| Flow-Thru Milagro- Wife | X | | 374.00 | IRC 6662(d) |
| Flow Thru- Milagro- Husband | X | | 55,494.00 | IRC 6662(d) |

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 102 of 107

Primary and Alternative Penalty- 2017

**Exhibit J**

| | |
|---|---|
| Name of Taxpayer: | James & Loren M Ridinger |
| Identification Number: | ~~[redacted]~~ |

Total

Page    of
Tax Period Ending: 12/31/2017

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty -- Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 1,427,649.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 802,240.00 |
| 3. Less: Underpayment attributable to 40% Section 6662 penalty issues | 0.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, and 4) | 625,409.00 |
| 6. Applicable penalty rate | 20.00% |
| 7. Section 6662(a) accuracy-related penalty (Line 5 times line 6) | 125,081.80 |
| 8. Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 9. Total section 6662(a) accuracy-related penalty (Line 7 less line 8) | 125,081.80 |

### 40 Percent Penalty -- Internal Revenue Code Section 6662(h); 6662(i); 6662(j)

It has been determined that the underpayment of tax shown on line 5 below is attributable to one or more of the following:

(1) Gross valuation misstatement (overstatement);
(2) Non-disclosed transaction lacking economic substance;
(3) Undisclosed foreign financial assets.

Therefore, an addition to tax is imposed as provided by Section 6662(h); 6662(i); or 6662(j) of the Internal Revenue Code.

| | |
|---|---:|
| 1. Total underpayment, excluding underpayment attributable to Section 6662A and/or Section 6676 penalty issues, if any | 1,427,649.00 |
| 2. Less: Underpayment attributable to non-penalty issues | 802,240.00 |
| 3. Less: Underpayment attributable to 20% Section 6662 penalty issues | 625,409.00 |
| 4. Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 5. Underpayment to which 40% Section 6662 penalty applies (Line 1 less the sum of lines 2, 3, and 4) | 0.00 |
| 6. Applicable penalty rate | 40.00% |
| 7. 40% Section 6662 accuracy-related penalty (Line 5 times line 6) | 0.00 |
| 8. Less: Previously assessed/previously agreed 40% Section 6662 penalty | 0.00 |
| 9. Total 40% section 6662 accuracy-related penalty (Line 7 less line 8) | 0.00 |


DOCUMENT SERVICE
Doc 2021-39229
Page: 103 of 107

**Primary and Alternative Penalty-2017**                                    **Exhibit J**

Name Of Taxpayer:                                                          06/08/2021
Identification Number:        James & Loren M Ridinger

                                                    Total                  22.10.00

### 2017  -  Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES

20%  40%

Flow-Thru Milagro- Wife                          X         9,577.00   IRC 6662(d)

Flow Thru- Milagro- Husband                      X      1,419,893.00  IRC 6662(d)

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 104 of 107

**Interest with Primary Penalty**

| | | | |
|---|---|---|---|
| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
| Identification Number: | ▓▓▓▓▓ | Total | 22.10.00 |

## 2016  TAX YEAR INTEREST COMPUTATION

| | |
|---|---|
| Interest computed to | 07/08/2021 |
| Total Tax Deficiency | $3,208,864.00 |

Plus Penalties*

| | |
|---|---|
| Failure to File - IRC 6651 | $.00 |
| Accuracy Related Penalty - IRC 6662 | $7,857.20 |
| Accuracy Related Penalty - IRC 6662A | $.00 |
| Civil Fraud - IRC 6663 | $1,401,906.75 |
| Manually Computed Penalty | $.00 |

| | |
|---|---|
| Total Penalties Subject to Interest | $1,409,763.95 |
| Tax Deficiency and Penalties Subject to Interest | $4,618,627.95 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2017--12/31/2017 | 260 | 4% | $133,484.62 |
| Compound | 01/01/2018--03/31/2018 | 90 | 4% | $47,099.46 |
| Compound | 04/01/2018--12/31/2018 | 275 | 5% | $184,227.88 |
| Compound | 01/01/2019--06/30/2019 | 181 | 6% | $150,489.73 |
| Compound | 07/01/2019--12/31/2019 | 184 | 5% | $131,038.69 |
| Compound | 01/01/2020--06/30/2020 | 182 | 5% | $132,536.73 |
| Compound | 07/01/2020--12/31/2020 | 184 | 3% | $82,018.58 |
| Compound | 01/01/2021--07/08/2021 | 189 | 3% | $85,781.30 |

| | |
|---|---|
| Total Interest | $946,676.99 |

Interest on penalties is computed from the due date of the return (including extensions) until the date of payment.  The interest shown on this report is estimated.  Interest is computed from the due date of the return (including extensions) and will continue to accrue until the date paid in full.  Interest on the failure to pay penalty is computed from the date of assessment and is therefore not considered in this report.

taxnotes
DOCUMENT SERVICE
Doc 2021-39229
Page: 105 of 107

**Interest with 1st Alternative Penalty**

| | | |
|---|---|---|
| Name Of Taxpayer:   James & Loren M Ridinger | | 06/08/2021 |
| Identification Number ███████ | Total | 22.10.00 |

## 2016  TAX YEAR INTEREST COMPUTATION

| | | |
|---|---|---|
| Interest computed to | | 07/08/2021 |
| Total Tax Deficiency | | $3,208,864.00 |

Plus Penalties*

| | |
|---|---|
| Failure to File - IRC 6651 | $.00 |
| Accuracy Related Penalty - IRC 6662 | $758,062.40 |
| Accuracy Related Penalty - IRC 6662A | $.00 |
| Civil Fraud - IRC 6663 | $.00 |
| Manually Computed Penalty | $.00 |

| | |
|---|---|
| Total Penalties Subject to Interest | $758,062.40 |
| Tax Deficiency and Penalties Subject to Interest | $3,966,926.40 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2017--12/31/2017 | 260 | 4% | $114,649.56 |
| Compound | 01/01/2018--03/31/2018 | 90 | 4% | $40,453.59 |
| Compound | 04/01/2018--12/31/2018 | 275 | 5% | $158,232.80 |
| Compound | 01/01/2019--06/30/2019 | 181 | 6% | $129,255.20 |
| Compound | 07/01/2019--12/31/2019 | 184 | 5% | $112,548.76 |
| Compound | 01/01/2020--06/30/2020 | 182 | 5% | $113,835.42 |
| Compound | 07/01/2020--12/31/2020 | 184 | 3% | $70,445.52 |
| Compound | 01/01/2021--07/08/2021 | 189 | 3% | $73,677.31 |

| | |
|---|---|
| Total Interest | $813,098.16 |

Interest on penalties is computed from the due date of the return (including extensions) until the date of payment.  The interest shown on this report is estimated.  Interest is computed from the due date of the return (including extensions) and will continue to accrue until the date paid in full.  Interest on the failure to pay penalty is computed from the date of assessment and is therefore not considered in this report.


DOCUMENT SERVICE
Doc 2021-39229
Page: 106 of 107

| Name Of Taxpayer: | James & Loren M Ridinger | | 06/08/2021 |
|---|---|---|---|
| Identification Number: | | Total | 22.10.00 |

## 2017 TAX YEAR INTEREST COMPUTATION

| Interest computed to | | 07/08/2021 |
|---|---|---|
| Total Tax Deficiency | | $1,427,649.00 |

Plus Penalties*

| Failure to File - IRC 6651 | $.00 | |
|---|---|---|
| Accuracy Related Penalty - IRC 6662 | $125,081.80 | |
| Accuracy Related Penalty - IRC 6662A | $.00 | |
| Civil Fraud - IRC 6663 | $.00 | |
| Manually Computed Penalty | $.00 | |

| Total Penalties Subject to Interest | | $125,081.80 |
|---|---|---|
| Tax Deficiency and Penalties Subject to Interest | | $1,552,730.80 |

| Type | Effective Dates | Days | Rate | Interest |
|---|---|---|---|---|
| Compound | 04/15/2018--06/30/2018 | 76 | 5% | $16,248.74 |
| Compound | 07/01/2018--09/30/2018 | 92 | 5% | $19,897.19 |
| Compound | 10/01/2018--12/31/2018 | 92 | 5% | $20,149.52 |
| Compound | 01/01/2019--03/31/2019 | 90 | 6% | $23,979.75 |
| Compound | 04/01/2019--06/30/2019 | 91 | 6% | $24,609.56 |
| Compound | 07/01/2019--09/30/2019 | 92 | 5% | $21,021.24 |
| Compound | 10/01/2019--12/31/2019 | 92 | 5% | $21,287.83 |
| Compound | 01/01/2020--03/31/2020 | 91 | 5% | $21,263.39 |
| Compound | 04/01/2020--06/30/2020 | 91 | 5% | $21,529.36 |
| Compound | 07/01/2020--09/30/2020 | 92 | 3% | $13,190.94 |
| Compound | 10/01/2020--12/31/2020 | 92 | 3% | $13,290.78 |
| Compound | 01/01/2021--03/31/2021 | 90 | 3% | $13,135.21 |
| Compound | 04/01/2021--06/30/2021 | 91 | 3% | $13,380.31 |
| Compound | 07/01/2021--07/08/2021 | 8 | 3% | $1,181.08 |

| Total Interest | $244,164.90 |
|---|---|

Interest on penalties is computed from the due date of the return (including extensions) until the date of payment.  The interest shown on this report is estimated.  Interest is computed from the due date of the return (including extensions) and will continue to accrue until the date paid in full.  Interest on the failure to pay penalty is computed from the date of assessment and is therefore not considered in this report.


DOCUMENT SERVICE
Doc 2021-39229
Page: 107 of 107

| | | |
|---|---|---|
| Name of Taxpayer: | James & Loren M Ridinger | 06/08/2021 |
| Identification Number: | ████████ | Total | 22.10.00 |

### HOW TO PAY YOUR TAXES

If you agree with the adjustments and balance due on Form 4549 – Income Tax Changes, please return a signed copy including pages 1 and 2. The enclosed report does not reflect any balance currently due on your account.

You have payment options for your tax liability. Please note that interest and applicable penalties will accrue until your balance is paid in full. Paying now will decrease or stop future interest charges and prevent assessment of failure to pay penalties.

Payment options include the following:

- Pay now by including a check or money order payable to the United States Treasury with your signed copy of Form 4549.
- Download the IRS2Go Mobile App and make a payment whenever you like from your mobile device. (Processing fees may apply.)
- If you can pay the full amount within 120 days, return the signed agreement now and submit the balance due when you receive the bill.

Additional payment options are available by visiting www.IRS.gov/payments:

- Apply for a payment plan. (Fees may apply.) You may also apply by completing the section below, "Payment Plan Request."
- Pay online via a checking/savings account.
- Locate retail partners for cash payments. (Processing fees apply.)
- Pay by credit card. (Processing fees apply.)

Payment Plan Request

Submit your written request or check the box below and return this flyer with your signed agreement.

[ ] I would like to pay $ _____ per month. (Make your payments as large as possible to limit penalty and interest.)

I would like my payment to be due on the _____ of the month. (Please indicate a date between the 1st and 28th of the month.)

You will be charged a fee if your request is approved. DO NOT include the fee with this flyer. We will send you a bill for the fee when we approve your request.

Please provide a telephone number where we can contact you regarding your request.

Home: (     ) _____

Work: (     ) _____