# TRAUB LIEBERMAN

Mid-Westchester Executive Park | 7 Skyline Drive | Hawthorne, NY 10532
DIRECT (914) 586-7009 | MAIN (914) 347-2600 | FAX (914) 347-8898
Lisa L. Shrewsberry | Partner | lshrewsberry@tlsslaw.com

February 7, 2023

**VIA ECF**

Jeffrey Neiman, Esq.
Marcus Neiman Rashbaum & Pineiro LLP
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 2530
Miami, Florida 33131

      Re:    *Loren M. Ridinger, et al. v. Ralph K. Stone, et al.*
             Docket No.: 22-cv-09082-VM

Dear Mr. Nieman:

      We represent defendants Ralph K. Stone, Rachel L. Gould and Meister Seelig & Fein LLP (collectively, "the law firm"), in the above-referenced matter. We write pursuant to Rule II(B)(1) of Judge Marrero's Individual Rules, to set forth the bases for dismissal of the amended complaint in the above-referenced matter, pursuant to Fed. R. Civ. P. 12(b)(6).

      Plaintiff's original complaint sounded solely in legal malpractice, and we established during the initial pre-motion letter practice that such complaint was time-barred. Plaintiff's amended complaint seeks to avoid dismissal by simply tacking on a fraud claim. However, the claims asserted against the law firm, for legal malpractice, breach of fiduciary duty, fraud and vicarious liability for same, are all time-barred. Plaintiff's complaint is entirely based upon the law firm's legal advice with respect to the donation of the yacht Utopia II ("the yacht") by Milagro Yacht Charters, LLC ("Milagro") for the benefit of Veterans Inc. Each cause of action alleges that the law firm's advice failed to secure a $4.93 million tax deduction to Milagro for the charitable donation, and subsequently to Loren and James Ridinger for their share of such deduction as two of the seven members of Milagro. Each cause of action asserts that the IRS ultimately disallowed such charitable deductions, based upon the errors of the law firm. Moreover, it is vaguely alleged in each cause of action (with no factual support whatsoever) that the law firm's advice regarding the donation of the yacht was in breach of the law firm's "duty of loyalty" and created a conflict of interest, because the transaction somehow personally benefitted Attorneys Stone and Gould. Also, each cause of action seeks the same relief, which is "actual and consequential damages, including but not limited to all amounts the Ridingers incurred in responding to and resolving the tax issues and liabilities from the IRS audit," as well as the value of the yacht.

      Under New York law, the statute of limitations for an action to recover damages for legal malpractice is three years. CPLR 214(6). The limitations period begins to accrue "not when the plaintiff discovers the legal malpractice, but when the malpractice is committed." *De Carlo v. Ratner*, 204 F. Supp.2d 630, 635 (S.D.N.Y. 2002); *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166, 726 N.Y.S.2d 365 (2001) (an action to recover damages for legal malpractice accrues when the

malpractice is committed not when the client discovered it); *Boyd v. Gering, Gross & Gross*, 226 A.D.2d 489, 489, 641 N.Y.S.2d 108 (2d Dep't 1996) (the law is well settled that an action to recover damages for legal malpractice accrues when the malpractice is committed). The amended complaint clearly alleges that the malpractice claim is entirely based upon the purportedly conflicted and erroneous legal advice rendered by the law firm relative to the donation of the yacht, which took place in May 2016. Accordingly, any claim for legal malpractice must have been commenced by May 2019. As this action was not commenced until October 2022, any claim for legal malpractice is long time-barred.

Moreover, under New York law, a claim for breach of fiduciary duty that is "based on the same alleged conduct amounting to legal malpractice" is subject to the same three-year statute of limitations period as the legal malpractice claim. *Dozier v. Willkie Farr & Gallagher LLP*, 2011 U.S. Dist. LEXIS 50687 (S.D.N.Y. 2011); *Morson v. Kreindler & Kreindler, LLP*, 814 F.Supp.2d 220, 227 (E.D.N.Y. 2011) (concluding that CPLR 214(6) applied to breach of fiduciary duty claim against defendant attorneys because the claims were based on the same alleged conduct that formed plaintiff's legal malpractice claim). When a plaintiff brings a breach of fiduciary duty claim that arises from the same facts as a time-barred legal malpractice claim, the fiduciary duty claim must also be dismissed as time-barred. *Hadda v. Lissner & Lissner LLP*, 99 A.D.3d 476, 477, 952 N.Y.S.2d 126 (1st Dep't 2012) (dismissing breach of fiduciary duty claim as time-barred because it was duplicative of time-barred legal malpractice claim); *6645 Owners Corp. v. GMO Realty Corp.*, 306 A.D.2d 97, 98, 762 N.Y.S.2d 60 (1st Dep't 2003) (finding a breach of fiduciary duty claim barred by the three-year statute of limitations because it was not "separate and distinct from the alleged legal malpractice").

Similarly, plaintiff's fraud claim also centers on the law firm's alleged erroneous advice about the donation of the yacht and the law firm's purported recommendation of the strategy followed in order to further the personal interests of Attorneys Stone and Gould. It is clear, therefore, that plaintiff's attempt to add a fraud claim to the complaint is "nothing more than an attempt to preserve [the] malpractice claim against" the law firm. *DeCarlo v. Ratner*, 204 F. Supp.2d at 637 (S.D.N.Y. 2002) (fraud claim duplicative of legal malpractice claim where based upon same facts and seeking same damages, and therefore, not distinct from legal malpractice claim); *Adamson v. Bachner*, 2002 U.S. Dist. LEXIS 21102 (S.D.N.Y. 2002) (dismissal of fraud claim as duplicative of legal malpractice claim where both claims based upon attorney's failure to zealously and faithfully advise plaintiff).

All of plaintiffs' claims, as clearly alleged in the amended complaint, are based upon legal advice rendered in 2016. The amended complaint makes clear that the transaction at issue is the donation of the yacht, which was completed in May 2016. Moreover, the causes of action for legal malpractice, breach of fiduciary duty and fraud (as well as the claim for vicarious liability), attempt to assert that the law firm breached a duty of loyalty to plaintiffs, upon the argument that the defendants personally profited from the transaction. Accordingly, all causes of action fall within the above analysis (as does the claim of vicarious liability). The claims alleged in the amended complaint, therefore, have been time-barred since May 2019.

Plaintiff's cause of action for fraud fails to state a cause of action upon which relief may be granted, in any event. Fraud claims are subject to the heightened pleading standard governed

by Fed. R. Civ. P. 9(b). *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. LLC*, 797 F.3d 160, 171 (2d Cir. 2015). Moreover, to state a claim for fraud under New York law, a plaintiff must sufficiently plead the following elements: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of plaintiff; and (5) resulting damage to plaintiff. *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006).

The amended complaint states generally that the law firm's advice served to "benefit themselves and their affiliates", and that Attorneys Stone and Gould personally profited from same. However, the amended complaint is silent with respect to what purported personal benefit was received by either Attorney Stone or Attorney Gould, or any affiliate thereof, as well as the purported mechanism in the structure of the underlying transaction that afforded such benefit. Indeed, such reckless allegations, which are parroted repeatedly throughout the pleading, are refuted by other allegations in the complaint, wherein it is clearly stated that Milagro went forward with the donation of the yacht upon the understanding that the law firm had a prior relationship with the donee, Veterans Inc., and that the transaction was going to involve the immediate sale of the yacht (after donation) to RR Skye Holdings, LLC, an entity controlled by Attorneys Stone and Gould. The amended complaint identifies three entities affiliated with Attorneys Stone and Gould – Veterans Inc. a charitable organization with a pre-existing attorney-client relationship with the law firm, RR Skye, which served as the holding company to protect Veterans Inc. from the liability of boat ownership, and Killer Impact, Inc., a public benefit corporation acting to further the charitable and educational goals of Veterans Inc. pursuant to a Fiscal Sponsorship Agreement which required Killer Impact to use any distributions from Veterans Inc. for charitable, mission-driven projects. The complaint is silent with respect to how Attorney Stone or Attorney Gould reaped any benefit from the structure or execution of the transaction in any way (or to the detriment of plaintiff, Veterans Inc. or anyone else). The complaint, therefore, does not allege that the law firm engaged in any fraudulent conduct. Indeed, plaintiff does not allege (as she must) what purported benefit was received by any of the defendants. *Adler v. Berg Harmon Assocs.*, 816 F. Supp.919 (S.D.N.Y. 1993); *Weaver v. Chrysler Corp.*, 172 F.R.D. 96 (S.D.N.Y.) 1997.

It bears repeating that the damage claimed by plaintiff is based upon the failure of the charitable deduction due to the true value of the yacht at the time of the donation (which was concealed from the law firm and Veterans Inc.), and is unrelated to the (unsupported) assertion that the law firm somehow benefitted from the transaction. Moreover, the documentary evidence in support of the transaction (which is incorporated by reference in the amended complaint), demonstrates that the transaction was entirely structured to effectuate the philanthropic intent to benefit Veterans Inc., and that no personal benefit accrued to the defendants. It is respectfully asserted, therefore, that the fraud claim fails to state a viable cause of action.

Respectfully submitted,

Lisa E. Shrewsberry

cc:   Hon. Victor Marrero (via facsimile)