# TRAUB LIEBERMAN

Mid-Westchester Executive Park  |  7 Skyline Drive  |  Hawthorne, NY 10532

DIRECT (914) 586-7009  |  MAIN (914) 347-2600  |  FAX (914) 347-8898

Lisa L. Shrewsberry  |  Partner  |  lshrewsberry@tlsslaw.com

February 17, 2023

**VIA FAX and ECF**

Hon. Victor Marrero
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   ***Loren M. Ridinger v. Ralph K. Stone, Rachel L. Gould and Meister
            Seelig & Fein LLP***
            Docket No.: 22-cv-09082-VM

Honorable Sir:

We represent defendants Ralph K. Stone, Rachel L. Gould and Meister Seelig & Fein LLP (collectively, "the law firm") in the above-referenced matter. This letter is submitted pursuant to Individual Rule II.B.2, to notify the court that the parties have failed to resolve the dispute over the appropriateness of a motion to dismiss the amended complaint herein.

A motion to dismiss remains warranted because of the bedrock principle in New York that a claim for legal malpractice accrues on the date of the alleged error, and not when the client discovers it. *DeCarlo v. Ratner,* 204 F. Supp.2d 630 (S.D.N.Y. 2002); *Shumsky v. Eisenstein,* 96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001). The amended complaint is entirely based upon the purportedly conflicted and erroneous advice rendered by the law firm relative to the donation of the subject yacht, which undisputedly took place in May 2016. Any legal malpractice claim, therefore, has been time-barred since May 2019.

In opposition, plaintiff continues to argue that some sort of notice provision should apply. However, that is not the law of New York, as pointed out in our previous letter dated December 6, 2022 (directed to the original complaint). In a similar case where IRS deficiencies were assessed after the expiration of the three year statute of limitations, such claim was time-barred, because the claim accrues when the subject advice was rendered and relied upon, and not when a deficiency is later assessed by the IRS. *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535 (1994) (claim accrues when work product received and client could become liable for deficiencies, not later when advice is first challenged by IRS). The time of the advice and reliance thereon is when all the facts

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA

www.traublieberman.com

Hon. Victor Marrero
Docket No.: 22-cv-09082-VM
Page 2

necessary to the accrual of the cause of action have occurred.  In fact, the cases in plaintiff's letter do not actually discuss the issue of accrual for statute of limitations purposes, but rather are focused upon the issue of causation.

Plaintiff also completely ignores the law of New York as it pertains to claims redundant and duplicative of a legal malpractice claim.  Each of the claims labelled as sounding in legal malpractice, breach of fiduciary duty and fraud allege that the law firm gave plaintiff conflicted and erroneous advice about the donation of the yacht, which somehow benefitted defendants Stone and Gould.  Am. Compl. ¶¶57-59, 66-70, 76, 87.  Moreover, each such cause of action seeks the same relief, which is "actual and consequential damages, including but not limited to all amounts the Ridingers incurred in responding to and resolving the tax issues and liabilities from the IRS audit," as well as the value of the yacht.  Am. Compl. ¶¶61, 62, 71, 72, 82, 83, 89.  The law of New York is crystal clear that causes of action that are based upon the same facts as a legal malpractice claim, and seek the same damages as a legal malpractice claim, are redundant and duplicative of a legal malpractice claim.  *Dozier v. Willkie Farr & Gallagher LLP,* 2011 U.S. Dist. LEXIS 50687 (S.D.N.Y. 2011).  This is particularly true where such additional claims are added in order to avoid dismissal on statute of limitations grounds.  *DeCarlo v. Ratner,* 204 F.Supp.2d at 637 (S.D.N.Y. 2002).

Plaintiff's argument regarding the application of the continuous representation doctrine is entirely unsupported by any fact in the complaint or the opposing letter that could meet the legal standard for such argument.  The doctrine is limited to the course of representation concerning a specific legal matter, and does not extend to a continuing general relationship.  *Shumsky v. Eisenstein,* 96 N.Y.2d 164, 168, 726 N.Y.S.2d 365 (2001); *Maurice W. Pomfrey & Assoc., Ltd. v. Hancock & Estabrook, LLP,* 50 A.D.3d 1531, 862 N.Y.S.2d 217 (doctrine applies to continuing representation in connection with the particular transaction at issue, not continuation of general attorney-client relationship).  Similarly, it is entirely unclear upon what basis plaintiff seeks to argue equitable estoppel, as plaintiff does not allege any type of "concealment," and she has in fact been represented by her counsel herein with respect to the yacht donation at least since 2020.

Finally, plaintiff wrongly argues that it is simply enough to make the statement, in support of her fraud claim, that the law firm's advice was fraudulent because it served to "benefit themselves and their affiliates" (Am. Compl. ¶3), and that Attorneys Stone and Gould personally profited from same.  Am. Compl. ¶8, 29, 47, 48, 52, 67, 69, 70, 78.  However, the complaint does not actually identify any purported personal benefit, or benefit to any affiliate, as it must (*Adler v. Berg Harmon Assocs.,* 816 F. Supp. 919 (S.D.N.Y. 1993), or the purported mechanism in the structure of the transaction that afforded any such benefit.  Indeed, plaintiff merely objects to an examination of the transaction documentation, because it is "outside the four corners of the Amended Complaint."  It is respectfully asserted, therefore, that even if plaintiff's fraud and/or breach of fiduciary duty claims were not redundant of the time-barred legal malpractice claim, they would fail to state a cause of action in any event.

Respectfully submitted,

*Lisa L. Shrewsberry*

Lisa L. Shrewsberry

Hon. Victor Marrero
Docket No.: 22-cv-09082-VM
Page 3


cc:     All parties of record (via ECF)