March 20, 2023

**Via ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

    **RE:**  *Ridinger, et al. v. Stone, et al.*, Case No. 2022-CV-09082-JHR

Dear Judge Rearden,

    Plaintiff Loren M. Ridinger, individually and on behalf of the Estate of James Ridinger, and Defendants Ralph K. Stone, Rachel L. Gould, and Meister Seelig & Fein LLP (together, the "Parties") submit this joint letter and provide the following information as required by the Court's Notice of Reassignment dated March 6, 2023 [D.E. 42]:

1. **The names of counsel and current contact information.**

| Attorneys for Plaintiff: | Attorney for Defendants: |
|---|---|
| Daniel L. Rashbaum, Esq.<br>drashbaum@mnrlawfirm.com<br>305-400-4261<br>**Marcus Neiman Rashbaum & Pineiro LLP**<br>2 S. Biscayne Blvd., Suite 2530<br>Miami, Florida 33131 | Lisa L. Shrewsberry, Esq.<br>lshrewsberry@tlsslaw.com<br>914-586-7009<br>**Traub Lieberman Straus & Shrewsberry LLP**<br>Mid-Westchester Executive Park<br>7 Skyline Dr.<br>Hawthorne, New York 10532 |
| Jeffrey A. Neiman, Esq.<br>*Admitted Pro Hac Vice*<br>jneiman@mnrlawfirm.com<br>954-541-8281 | |
| Jason L. Mays, Esq.<br>*Admitted Pro Hac Vice*<br>jmays@mnrlawfirm.com | |

1

305-434-4941
**Marcus Neiman Rashbaum & Pineiro LLP**
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394

2. **A brief statement of the nature of the claims and principal defenses.**

In the First Amended Complaint, Plaintiff asserts claims against Defendants for legal malpractice (*Count I – against Defendants Stone and Gould*), breach of fiduciary duties (*Count II – against Defendants Stone and Gould*), fraud (*Count III – against Defendants Stone and Gould*), and vicarious liability (*Count IV – against Defendant Meister Seelig & Fein LLP*).  Defendants are the former lawyers of Plaintiff Loren M. Ridinger and her late husband, James Ridinger.  Plaintiff alleges, in summary, that Defendants provided the Ridingers with flawed legal advice and engaged in deceptive and self-interested conduct in connection with the disposition of a classic yacht in 2016.  Plaintiff alleges that Defendants conceived of and proposed to the Ridingers a flawed donation-and-sale opportunity for the yacht, advising the Ridingers incorrectly that their proposal was a lawful way of securing the donative value of the yacht for tax purposes.  Plaintiff alleges that, following a subsequent audit by the IRS, the Ridingers spent millions of dollars to resolve fraud and accuracy-related penalties that the IRS sought to assess arising from the transaction.  Plaintiff also alleges that Defendants purposefully concealed from the Ridingers that they had a personal interest in the specific transaction they had proposed, and that they had been motivated all along by a desire to benefit themselves.

Defendants' position is that Plaintiff's claims are time-barred, and that, in any event, the legal advice was appropriate, but the value of the yacht was misrepresented by Plaintiff and her husband to the defendants and the donee, which caused the audit and the penalties assessed by the IRS.  Defendants also categorically deny that they had any personal interest in the transaction, or that they received a personal benefit therefrom.

3. **A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each entity's members, shareholders, partners, and/or trustees.**

In this case, it is the Plaintiff's position that the Court has diversity jurisdiction because the dispute involves citizens of different states and the amount in controversy exceeds $75,000. Plaintiff Loren M. Ridinger is allegedly an individual domiciled in Miami Beach, Florida. Defendants Stone and Gould are individuals who are domiciled in New York, New York. Defendant Meister Seelig & Fein is a New York limited liability partnership; it is a law firm that is headquartered in New York, New York.  Venue is proper in this District because a substantial part of the alleged events or omissions underlying Plaintiff's claims occurred in this District—including the legal advice that Plaintiff alleges failed to meet professional standards of care, as well as the alleged self-interested and deceptive conduct that Plaintiff alleges gives rise to her claims for fraud and breach of fiduciary duties.

4. **A statement of all existing deadlines, due dates, and/or cut-off dates.**

The Parties state that there currently are no existing deadlines, due dates, or cut-off dates given the Court's Notice of Reassignment, in which the Court stated that, "Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the reassignment."  D.E. 42.

When this case was reassigned on February 17, 2023, the Parties were in compliance with an informal letter exchange procedure that is set forth in the Individual Practices of Judge Victor Marrero.  *See* D.E. 31, 34, 35.  In the letters the Parties had exchanged pursuant to that procedure, the Parties summarize their arguments as to the appropriateness of a motion to dismiss. Until the case was reassigned, the Parties were anticipating the next step in that procedure, which was for the Court to schedule a conference to provide "any appropriate guidance or rulings" based on the Parties' positions as set forth in their letters.

After the case was reassigned, Defendants filed a Motion to Dismiss.  D.E. 36-39.  Plaintiff filed a letter motion asking the Court to complete the process contemplated by Judge Marrero's procedures and schedule a conference, notwithstanding that this Court's procedures do not call for the same letter exchange procedure that is contemplated under Judge Marrero's procedures.  *See* D.E. 40.  In the alternative, Plaintiff requested that her response to Defendants' Motion to Dismiss be due 28 days from the date of the Court's order.  *Id.*  Defendants filed a letter response, arguing there is no basis for deviating from this Court's Individual Rules, but indicating they have no objection to Plaintiff's extension request.

5. **A statement of any previously scheduled conferences or arguments with the Court that have not yet occurred, and the matters that were addressed.**

The Parties have yet to appear before the Court.

6. **A brief description of any outstanding motions, and the date such motions were filed and the nature of the relief sought.**

   The Parties incorporate their response to Paragraph 4.  The Plaintiff is awaiting an order of the Court instructing as to next steps—which the Plaintiff anticipates will either be the scheduling of a conference to continue the informal letter procedure the Parties had been following prior to the reassignment *or* the setting of a briefing schedule on Defendants' Motion to Dismiss.  *See* D.E. 36-40.

7. **A statement and description of any pending appeals.**

   Not applicable.

8. **A detailed statement of all discovery to date, including the number of depositions taken by each party and any remaining discovery that is essential in order for the parties to engage in meaningful settlement negotiations.**

   Discovery in this case has yet to commence.  Plaintiff believes that discovery will help narrow the issues in dispute and help the Parties better understand each other's respective positions.  Plaintiff also maintains, however, that given the nature of the claims, the relationship that existed between the Parties, and what is already known about the conduct underlying the dispute, meaningful settlement negotiations can take place prior to completion of discovery.  Defendants' position is that this case is time-barred, and that Plaintiff has failed to state a claim upon which relief may be granted in any event.

.

9. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

   Prior to the filing of this lawsuit, Plaintiff informed Defendants of their willingness to discuss an amicable and confidential resolution to the dispute.  However, Plaintiff requested that Defendants enter a tolling agreement pursuant to terms that were unacceptable to Defendants, and Plaintiff made a settlement demand of an amount that Defendants determined was not able to be responded to, as it was clear that Plaintiff and Defendants were in complete disagreement about the pertinent facts.

10. **A statement of whether the parties have discussed employing alternative dispute resolution mechanisms and whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) the retention of a private mediator would be productive and, if**

so, when (e.g., within the next 60 days, after the deposition of the plaintiff is completed, at the close of fact discovery, etc.).

The Parties have not discussed employing alternative dispute resolution mechanisms. Plaintiff would be agreeable to a settlement conference or mediation following the motion to dismiss stage. Defendants' position is that this case should be dismissed.

**11. An estimate of the length of trial.**

The Parties estimate a 2-4 day trial.

**12. Any other information that the parties believe may assist the Court in advancing the case, including, but not limited to, a description of any dispositive or novel issue raised by the case.**

The Parties do not have any other information that they believe would assist the Court at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ *Jason L. Mays* | /s/ *Lisa L. Shrewsberry* |
| Jeffrey A. Neiman, Esq. | Lisa L. Shrewsberry, Esq. |
| jneiman@mnrlawfirm.com | lshrewsberry@tlsslaw.com |
| 954-541-8281 | 914-586-7009 |
| Jason L. Mays, Esq. | |
| jmays@mnrlawfirm.com | *Counsel for Defendants* |
| 305-434-4941 | |
| *Counsel for Plaintiff* | |