UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LOREN M. RIDINGER, individually and on                    22-cv-09082-JHR
behalf of the Estate of James Ridinger,

                        Plaintiff,

        -against-

RALPH K. STONE, RACHEL L. GOULD and
MEISTER SEELIG & FEIN LLP,

                        Defendants.

------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW BY DEFENDANTS IN FURTHER SUPPORT
OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**


Of Counsel:                                        **TRAUB LIEBERMAN STRAUS &**
  Lisa L. Shrewsberry, Esq.                        **SHREWSBERRY LLP**
                                    Mid-Westchester Executive Park
                                    Seven Skyline Drive
                                    Hawthorne, New York 10532
                                    (914) 347-2600
                                    *Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...........................................................................................................................2

      POINT I --   THE CLAIMS CONTAINED IN THE COMPLAINT ARE
                  TIME-BARRED ...................................................................2

                  Accrual ..............................................................................2

                  Breach of Fiduciary Duty and Fraud Claims Are Redundant .....................4

                  Continuous Representation .........................................................5

                  Equitable Estoppel ....................................................................6

      POINT II --   THE COMPLAINT FAILS TO ALLEGE A VIABLE
                  CAUSE OF ACTION FOR FRAUD ..........................................7

CONCLUSION ........................................................................................................................9

**TABLE OF AUTHORITIES**

**CASES**                                                                                    **PAGE(S)**

*Ackerman v. Price Waterhouse*,
  84 N.Y.2d 535 (1994) ........................................................................... 3

*Adamson v. Bachner*,
  2002 U.S. Dist. LEXIS 21102 (S.D.N.Y. 2002) ................................. 4

*Burke, Albright, Harter & Rzepka, LLP v. Sills*,
  83 A.D.3d 1413 (4th Dep't 2011) ....................................................... 5

*Colucci v. Rzepka*,
  209 A.D.3d 1205 (3d Dep't 2022) ...................................................... 3

*De Carlo v. Ratner*,
  204 F. Supp.2d 630 (S.D.N.Y. 2002) ............................................. 2, 4

*Dignelli v. Berman*,
  293 A.D.2d 565 (2d Dep't 2002) ........................................................ 6

*Dozier v. Willkie Farr & Gallagher LLP*,
  2011 U.S. Dist. LEXIS 50687 (S.D.N.Y. 2011) .............................. 4, 5

*Dymm v. Cahill*,
  730 F. Supp. 1245 (S.D.N.Y. 1990) ............................................... 5-6

*Flintlock Const. Servs., Inc. v. Rubin, Fiorella & Friedman, LLP*,
  188 A.D.3d 530 (1st Dep't 2020) ....................................................... 3

*Henkel v. Wagner*,
  2013 U.S. Dist. LEXIS 198998 (S.D.N.Y. 2013) ............................... 3

*Johnson v. Proskauer Rose, LLP*,
  129 A.D.3d 59  (1st Dep't 2015) ........................................................ 5

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) ............................................................... 8

*McCoy v. Feinman*,
  99 N.Y.2d 295 (2002) ......................................................................... 6

*Mitschele v. Schultz*,
  36 A.D.3d 249 (1st Dep't 2006) ......................................................... 5

*Moataz Mohammed v. Donald J. Nolan, Ltd.*,
  967 F. Supp. 2d 647 (E.D.N.Y. 2013) ............................................... 6

*Morson v. Kreindler & Kreindler, LLP*,
  814 F.Supp.2d 220 (E.D.N.Y. 2011) .................................................. 4

*Shumsky v. Eisenstein*,
   96 N.Y.2d 164, 726 N.Y.S.2d 365 (2001) ...................................................................... 2, 5, 6

*Stonewell Corp. v. Conestoga Title Ins. Co.*,
   678 F. Supp.2d 203 (S.D.N.Y. 2010) .................................................................................. 3

*Suez Equity Investments, L.P. v. Toronto-Dominion Bank*,
   250 F.3d 87 (2d Cir. 2001) ................................................................................................. 8

*Tenamee v. Schmukler*,
   438 F. Supp. 2d 438 (S.D.N.Y. 2006) ................................................................................ 6

**STATUTES**

CPLR 214 ...................................................................................................................... 2, 4

**RULES**

Fed. R. Civ. P. 9 ............................................................................................................... 8

Fed. R. Civ. P. 12 ............................................................................................................. 1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in reply to plaintiff's opposition to, and in further support of, the motion to dismiss the first amended complaint herein, by defendants Ralph K. Stone, Rachel L. Gould and Meister Seelig & Fein LLP (collectively "the law firm"), pursuant to Fed. R. Civ. P. 12(b)(6).  As discussed herein, plaintiffs' amended complaint is time-barred. Moreover, while it is unnecessary to reach such issue, it should be noted that plaintiff's opposition would ask this Court to ignore the undisputed fact that the subject yacht was worth only approximately $1 million in 2016, although Milagro claimed a charitable deduction of $4.93 million on its 2016 tax return.

This undisputed fact is not alleged to have been known by the law firm in 2016 (and indeed it was not known until well after the charitable donation).  This undisputed fact is the cause of the plaintiff's issues with the IRS.  In other words, the problem was not the structure of the transaction, but was the amount of the charitable deduction, which was grossly in excess of the actual value of the donated asset at the time it was donated by plaintiff.  Nowhere in plaintiff's complaint, or in opposition to this motion, does plaintiff attempt to argue that the IRS would condone the charitable deduction in the amount of $4.93 million, when the donated yacht was only worth approximately 20% of such amount at the time of donation.  Moreover, nowhere in plaintiff's complaint, or in opposition to this motion, does plaintiff attempt to argue that any advice rendered by the law firm involved a strategy to create a charitable deduction of $4.93 million from the donation of an asset worth less than such amount.  It is clear, therefore, that this lawsuit is a desperate (and untimely) effort to recoup monies that were appropriately recovered from plaintiff by the IRS, based upon a manufactured theory of liability

**ARGUMENT**

**POINT I**

**THE CLAIMS CONTAINED IN THE COMPLAINT ARE TIME-BARRED**

The claims asserted against the law firm, for legal malpractice, breach of fiduciary duty, fraud and vicarious liability for same, are all time-barred.  Plaintiff's complaint is entirely based upon the law firm's legal advice with respect to the donation of the yacht by Milagro for the benefit of Veterans Inc.  Each cause of action alleges that the law firm's advice failed to secure a $4.93 million tax deduction to Milagro for the charitable donation, and subsequently to Loren and James Ridinger for their share of such deduction as two of the seven members of Milagro.  Each cause of action asserts that the IRS ultimately disallowed such charitable deduction based upon the alleged errors of the law firm.  Moreover, it is vaguely alleged in each cause of action (with no factual support whatsoever) that the law firm's advice regarding the donation of the yacht was in breach of the law firm's "duty of loyalty" and created a conflict of interest, because the transaction somehow personally benefitted Attorneys Stone and Gould through Killer Impact.  Am. Compl. ¶¶57-59, 66-70, 76, 87.  Finally, each cause of action seeks the same relief, which is "actual and consequential damages, including but not limited to all amounts the Ridingers incurred in responding to and resolving the tax issues and liabilities from the IRS audit," as well as the value of the yacht.  Am. Compl. ¶¶61,62, 71, 72, 82, 83, 89.

*Accrual*

Under New York law, the statute of limitations for an action to recover damages for legal malpractice is three years. CPLR 214(6). The limitations period begins to accrue "not when the plaintiff discovers the legal malpractice, but when the malpractice is committed." *De Carlo v. Ratner*, 204 F. Supp.2d 630, 635 (S.D.N.Y. 2002). *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166, 726 N.Y.S.2d 365 (2001) (an action to recover damages for legal malpractice accrues when the

malpractice is committed not when the client discovered it.  The amended complaint clearly alleges that the malpractice claim is entirely based upon the purportedly conflicted and erroneous legal advice rendered by the law firm relative to the donation of the yacht, which took place in May 2016.  Accordingly, any claim for legal malpractice must have been commenced by May 2019.  In opposition, plaintiff argues that some sort of notice provision should apply.  However, that is not the law of New York.  In a similar case where IRS deficiencies were assessed after the expiration of the three year statute of limitations, such claim was time-barred, because the claim accrued when the subject advice was rendered and relied upon, and not when a deficiency was later assessed by the IRS.  *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535 (1994) (claim accrues when work product received and client could become liable for deficiencies, not later when advice is first challenged by IRS).

Importantly, the cases cited by plaintiff in opposition do not actually support plaintiff's position.  In fact, *Flintlock Const. Servs., Inc. v. Rubin, Fiorella & Friedman, LLP,* 188 A.D.3d 530 (1st Dep't 2020) actually supports the law firm's position, stating that a "legal malpractice claim accrues . . . the date the actionable injury occurs . . . even if the aggrieved party is then ignorant of the wrong or injury."  188 A.D. 3d at 531.  Moreover, *Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp.2d 203 (S.D.N.Y. 2010) and *Henkel v. Wagner*, 2013 U.S. Dist. LEXIS 198998 (S.D.N.Y. 2013) do not discuss the accrual of a cause of action for legal malpractice for the purpose of the three year statute of limitations.  Rather, such cases discuss the element of causation, and are therefore irrelevant.  Such an effort to conflate the issues of accrual and causation, in an effort to defeat the dismissal of a legal malpractice claim on statute of limitations grounds, exactly as plaintiff attempts in opposition, was recently rejected by the New York Appellate Division and the New York Court of Appeals in *Colucci v. Rzepka*, 209 A.D.3d 1205 (3d Dep't 2022), *leave denied* 2023 N.Y. Slip. Op. 63696 (2023).

**_Breach of Fiduciary Duty and Fraud Claims Are Redundant_**

Moreover, under New York law, a claim for breach of fiduciary duty that is "based on the same alleged conduct amounting to legal malpractice" is subject to the same three-year statute of limitations period as the legal malpractice claim. _Dozier v. Willkie Farr & Gallagher LLP_, 2011 U.S. Dist. LEXIS 50687 (S.D.N.Y. 2011); _Morson v. Kreindler & Kreindler, LLP_, 814 F.Supp.2d 220, 227 (E.D.N.Y. 2011) (concluding that CPLR 214(6) applied to breach of fiduciary duty claim against defendant attorneys because the claims were based on the same alleged conduct that formed plaintiff's legal malpractice claim). Similarly, plaintiff's fraud claim also centers on the law firm's alleged erroneous advice about the donation of the yacht and the law firm's purported recommendation of the strategy followed in order to further the personal interests of Attorneys Stone and Gould. Am. Compl. ¶¶74-76. It is clear, therefore, that plaintiff's attempt to add a fraud claim to the complaint is "nothing more than an attempt to preserve [the] malpractice claim against" the law firm. _DeCarlo v. Ratner_, 204 F. Supp.2d at 637 (S.D.N.Y. 2002) (fraud claim duplicative of legal malpractice claim where based upon same facts and seeking same damages, and therefore, not distinct from legal malpractice claim); _Adamson v. Bachner_, 2002 U.S. Dist. LEXIS 21102 (S.D.N.Y. 2002) (dismissal of fraud claim as duplicative of legal malpractice claim where both claims based upon attorney's failure to zealously and faithfully advise plaintiff).

In opposition, plaintiff completely ignores the law of New York as it pertains to claims redundant and duplicative of a legal malpractice claim. Each of the claims labelled as sounding in legal malpractice, breach of fiduciary duty and fraud allege that the law firm gave plaintiff conflicted and erroneous advice about the donation of the yacht, which somehow benefitted defendants Stone and Gould. Am. Compl. ¶¶57-59, 66-70, 76, 87. Moreover, each such cause of action seeks the same relief, which is "actual and consequential damages, including but not limited to all amounts the Ridingers incurred in responding to and resolving the tax issues and liabilities

from the IRS audit," as well as the value of the yacht.  Am. Compl. ¶¶61, 62, 71, 72, 82, 83, 89. The law of New York is crystal clear that causes of action that are based upon the same facts as a legal malpractice claim, and seek the same damages as a legal malpractice claim, are redundant and duplicative of a legal malpractice claim. *Dozier v. Willkie Farr & Gallagher LLP,* 2011 U.S. Dist. LEXIS 50687 (S.D.N.Y. 2011).  Rather, in opposition, plaintiff seeks to rely upon her newly concocted "fraud" allegations, relying on the cases of *Burke, Albright, Harter & Rzepka, LLP v. Sills,* 83 A.D.3d 1413 (4th Dep't 2011), *Johnson v. Proskauer Rose, LLP,* 129 A.D.3d 59 (1st Dep't 2015) and *Mitschele v. Schultz,* 36 A.D.3d 249 (1st Dep't 2006), all of which involve fraudulent legal advice, such as intentionally wrong accounting services or intentionally wrong advice regarding tax evasion.  As discussed in Point II herein, plaintiff's "fraud" theory is based on the assertion that if she had known that Attorneys Stone and Gould were affiliated with the public benefit corporation contracted with Veterans Inc., she would not have entered the transaction. However, even if true (which it is not), and even if relevant, such allegation has nothing to do with the failure of the charitable deduction or the value of the yacht at the time of the donation to Veterans Inc.  Rather, such allegation is made solely to avoid the dismissal of this action as time-barred.

### *Continuous Representation*

Plaintiff's argument regarding the application of the continuous representation doctrine is entirely unsupported by any fact in the amended complaint, or in opposition.  The doctrine is limited to the continuous representation concerning a specific legal matter, and does not extend to a continuing general relationship. *Shumsky v. Eisenstein,* 96 N.Y.2d 164, 168 (2001).  In opposition, plaintiff argues that the later charitable donation of a different yacht, in 2020, to a different charity, under a different transaction structure, somehow involves continuous representation.  However, the single case upon which plaintiff relies, *Dymm v. Cahill,* 730 F. Supp.

1245 (S.D.N.Y. 1990), is irrelevant as it does not involve a legal malpractice claim, and is at odds with the case law applicable to the issue herein.  *Shumsky v. Eisenstein, supra* (toll only applies while attorney continues to represent plaintiff in the very same matter at issue in legal malpractice claim); *McCoy v. Feinman*, 99 N.Y.2d 295 (2002) (toll applies only when there is a mutual understanding for the need for continuous representation in the specific legal matter at issue); *Dignelli v. Berman,* 293 A.D.2d 565 (2d Dep't 2002) (continuous representation does not include subsequent matters, which are not at issue in the legal malpractice claim).  Even in opposition, plaintiff does not allege that plaintiff and the law firm had an ongoing and mutual understanding of the need for continuing legal representation regarding the charitable donation of the subject yacht in 2016, or even that the law firm continued to represent plaintiff (or anyone) with respect to the separate and subsequent charitable donation of the unrelated yacht.  The continuous representation doctrine, therefore, is inapplicable to this matter.

### *Equitable Estoppel*

Plaintiff also seeks to argue that the law firm is equitably estopped from arguing that this case is time-barred, because Attorneys Stone and Gould "hid" the fact that they were affiliated with the public benefit corporation in contract with Veterans Inc. to effectuate its charitable and educational goals.  However, even if this were true (which it is not) or relevant, it has no bearing upon a potential equitable estoppel argument.  The test for equitable estoppel is whether the attorney engaged in specific actions to prevent plaintiff from timely filing suit.  *Moataz Mohammed v. Donald J. Nolan, Ltd.,* 967 F. Supp. 2d 647 (E.D.N.Y. 2013) (plaintiff must allege more than that the attorney remained silent about the malpractice conduct alleged).  An equitable estoppel argument must be premised upon facts different than those alleged in the malpractice claim, and must assert conduct by the attorney directed at preventing timely filing.  *Tenamee v. Schmukler,* 438 F. Supp. 2d 438 (S.D.N.Y. 2006).  As plaintiff's equitable estoppel argument is

entirely based upon the affiliation of Attorneys Stone and Gould with Killer Impact, which is the very basis for the assertion of the purported breach of duty of loyalty in the malpractice claim, estoppel is not supported under the law.

## POINT II

## THE COMPLAINT FAILS TO ALLEGE A VIABLE CAUSE OF ACTION FOR FRAUD

Plaintiff's cause of action for fraud fails to state a claim upon which relief may be granted, in any event.  While plaintiff ignores the issue in opposition, it bears repeating that it is not alleged (nor can it be) that the law firm's advice was ever intended to create a charitable deduction amount that was not equal to the actual value of the yacht at the time of donation.  Instead, the amended complaint states generally that the law firm's advice was fraudulent because it served to "benefit themselves and their affiliates" (Am. Compl. ¶3), and that Attorneys Stone and Gould personally profited from same.  Am. Compl. ¶¶8, 29, 47, 48, 52, 67, 69, 70, 78.  However, it is important to look closely at the allegations in the amended complaint concerning plaintiff's understanding of the structure of the transaction in 2016.  In March 2016, the law firm proposed that Milagro donate the yacht to Veterans Inc., an organization with which the law firm advised that it had a pre-existing attorney-client relationship.  Am. Compl. ¶32.  Plaintiff also concedes the understanding in 2016 that once Milagro donated the yacht to Veterans Inc., it would immediately be sold by Veterans Inc. to a special purpose holding company by the name of RR Skye Holdings, LLC ("RR Skye"), which was formed by and affiliated with Attorneys Stone and Gould.  Am. Compl. ¶¶33-41.  Therefore, the amended complaint makes clear that plaintiff was aware of the affiliation between Attorneys Stone and Gould and both Veterans Inc. and RR Skye.

In opposition, in order to concoct a claim of "fraud," plaintiff alleges that she did not know in 2016 that Veterans Inc. also entered the Fiscal Sponsorship Agreement (Ex. "C"), wherein Veterans Inc. granted to public benefit corporation Killer Impact, Inc. the right to engage in

activities in furtherance of the charitable and educational goals of Veterans Inc.  It is this part of the transaction that plaintiff alleges was "fraudulent," claiming that she was unaware that such public benefit corporation allegedly benefitted from the transaction, or alternatively that Attorneys Stone and Gould somehow benefitted through their affiliation with such public benefit corporation. (Memo. of Law in Opp., p. 4)[1]  Nevertheless, even assuming that plaintiff can credibly argue that she was unaware of the exact name and structure of the fiscal sponsor through which Veterans Inc. was going to further its charitable and educational goals, such allegation does not form the basis of any claim against the defendants herein.

The Fiscal Sponsorship Agreement is properly before this Court in light of plaintiff's assertions regarding its purpose, and the "personal benefits" purportedly available to Attorneys Stone and Gould through Killer Impact,[2] and unequivocally demonstrates that any benefits of the relationship between Veterans Inc. and Killer Impact were to be used exclusively for the Project defined therein, and consistent with the charitable purposes of Veterans Inc. (Ex. "C," p. 1) Plaintiff offers nothing in her amended complaint, or in opposition to this motion, to support a factual scenario upon which any conclusion could be drawn that the Fiscal Sponsorship Agreement did not provide the exact benefit required therein on behalf of Veterans Inc.

The complaint entirely fails to meet plaintiff's burden under Fed. R. Civ. P. 9(b) or the elements of fraud under New York law.  It is entirely unclear how the purported failure to identify the structure of the public benefit corporation utilized as part of the transaction caused the purported damage of which plaintiff complains.  *Suez Equity Investments, L.P. v. Toronto-Dominion Bank,* 250 F.3d 87 (2d Cir. 2001)(plaintiff must allege that the purported fraudulent

---

[1] There is no allegation of how these funds were applied, only the innuendo that such application was improper, conveniently omitting that plaintiff knew full well that most of the funds actually were paid to the plaintiff's own company and to other lenders to repay funds borrowed for the upkeep of the yacht.

[2] A court may consider documents attached to the complaint as exhibits, as well as any documents that are integral to, or incorporated by reference in, the pleading. *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007).

statement or omission was the cause of the actual loss suffered).  It bears repeating that the damage claimed by plaintiff is based upon the failure of the charitable deduction due to the true value of the yacht at the time of the donation, and is unrelated to the (unsupported) assertion that the law firm somehow benefitted from the transaction because of the involvement of Killer Impact. Moreover, the documentary evidence in support of the transaction (which is incorporated by reference in the amended complaint), demonstrates that the transaction was entirely structured to effectuate the philanthropic intent to benefit Veterans Inc., and that no personal benefit could have accrued to the defendants pursuant to such structure.  Plaintiff stops well short of alleging any fact to the contrary.  It is respectfully requested, therefore, that the fraud claim be dismissed for failure to state a viable cause of action.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the amended complaint be dismissed in its entirety and with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: Hawthorne, New York
       May 17, 2023

**TRAUB LIEBERMAN STRAUS &**
**SHREWSBERRY LLP**

By:    *Lisa L. Shrewsberry*
        Lisa L. Shrewsberry, Esq.  (LS 1597)
        Mid-Westchester Executive Park
        Seven Skyline Drive
        Hawthorne, New York 10532
        (914) 347-2600
        lshrewsberry@tlsslaw.com
        *Attorneys for Defendants*