UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOREN M. RIDINGER, individually and on
behalf of the Estate of James Ridinger,

                Plaintiff,

    -against-

RALPH K. STONE, RACHEL L. GOULD, and
MEISTER SEELIG & FEIN LLP,

                Defendants.
------------------------------------------------------------------X

Case No.: 22-cv-09082-JHR

**ANSWER TO FIRST
AMENDED COMPLAINT**

        Defendants RALPH K. STONE, RACHEL L. GOULD and MEISTER SEELIG & FEIN LLP (collectively "MSF"), by their attorneys, Traub Lieberman Straus & Shrewsberry LLP, as and for their Answer to the First Amended Complaint ("Complaint"), dated January 20, 2023, allege as follows:

        1.    Deny the allegations contained in paragraph "1" of the Complaint, and clarify that plaintiff's claim for malpractice has been dismissed by the Court.

        2.    Deny the allegations contained in paragraph "2" of the Complaint, except admit that Stone and Gould are licensed to practice law in New York and were affiliated with MSF during 2016.

        3.    Deny the allegations contained in paragraph "3" of the Complaint, except admit that Milagro Yacht Charters, LLC owned the Utopia II in early 2016.

        4.    Deny the allegations contained in paragraph "4" of the Complaint, except admit that Stone and Gould identified a specific non-profit organization with which they had a preexisting relationship to which the yacht could be donated and clarify that the donative value of

the yacht was based on an appraisal the Ridingers commissioned and represented to be the actual value of the yacht.

5. Deny the allegations contained in paragraph "5" of the Complaint, except admit that the intent of Stone and Gould was to effectuate a transaction that was in the best interests of the Ridingers, and not to personally benefit themselves.

6. Deny the allegations contained in paragraph "6" of the Complaint.

7. Deny the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations contained in paragraph "8" of the Complaint.

9. Deny the allegations contained in paragraph "9" of the Complaint.

10. Deny the allegations contained in paragraph "10" of the Complaint.

## THE PARTIES

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Deny the allegations contained in paragraph "13" of the Complaint, except admit that MSF is headquartered in New York, with additional offices that include East Brunswick, New Jersey and Stamford, Connecticut.

14. Deny the allegations contained in paragraph "14" of the Complaint, except admit that Stone is a practicing transactional attorney.

15. Deny the allegations contained in paragraph "15" of the Complaint, except admit that Gould is licensed to practice law in New York.

## JURISDICTION AND VENUE

16.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

## GENERAL ALLEGATIONS

18.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint, except admit that Milagro Yacht Charters, LLC owned the Utopia II in January 2016.

21.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint, except admit that the Ridingers first became acquainted with Gould who introduced Stone to the Ridingers and admit that Stone and Gould provided legal services to the Ridingers unrelated to the donation at issue in exchange for a monthly retainer payment.

28. Deny the allegations contained in paragraph "28" of the Complaint.

29. Deny the allegations contained in paragraph "29" of the Complaint.

30. Deny the allegations contained in paragraph "30" of the Complaint.

31. Deny the allegations contained in paragraph "31" of the Complaint, and clarify that the amount of any deduction could not exceed the actual value of the donated asset, and that the Ridingers relied upon Price Waterhouse for advice with respect to the preparation of tax returns and the reporting of any charitable deduction.

32. Deny the allegations contained in paragraph "32" of the Complaint, except admit that Stone and Gould identified Veterans Inc. ("Veterans") as a 501(c)(3) organization to which the yacht could be donated, Stone relayed that Veterans had a mission of providing services to veterans and that Veterans accepted donations of personal property for fundraising purposes.

33. Deny the allegations contained in paragraph "33" of the Complaint, and clarify that any advice was based upon the Ridingers' representation, which Defendants contend was fraudulent, that the actual value of the yacht, as reflected in their appraisal, was $4,930,000, and that the Ridingers relied upon Price Waterhouse for advice with respect to the preparation of tax returns and the reporting of any charitable deduction.

34. Deny the allegations contained in paragraph "34" of the Complaint, and clarify that the Ridingers relied upon Price Waterhouse for advice with respect to the preparation of tax returns and the reporting of any charitable deduction.

35. Deny the allegations contained in paragraph "35" of the Complaint, except admit that any advice by Stone and Gould was lawful.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. Deny the allegations contained in paragraph "38" of the Complaint.

39. Admit the allegations contained in paragraph "39" of the Complaint.

40. Admit the allegations contained in paragraph "40" of the Complaint.

41. Admit the allegations contained in paragraph "41" of the Complaint.

42. Admit the allegations contained in paragraph "42" of the Complaint, except clarify that Market America agreed to lend $500,000 to RR Skye, but only advanced $400,000.

43. Deny the allegations contained in paragraph "43" of the Complaint, and clarify that after the donation it became known to the donee that the actual value of the yacht was far less than $4,930,000, a fact which was known by the Ridingers at the time of the donation, and clarify that the Ridingers relied upon Price Waterhouse for advice with respect to the preparation of tax returns and the reporting of any charitable deduction.

44. Deny the allegations contained in paragraph "44" of the Complaint, and clarify that the defendants did not advise the Ridingers with respect to the donation of the Utopia III in 2020, which had an actual appraised value of approximately $7 million, for which the Ridingers sought to claim a charitable deduction for the donation of same in the amount of approximately $16 million.

45. Deny the allegations contained in paragraph "45" of the Complaint.

46. Deny the allegations contained in paragraph "46" of the Complaint.

47. Deny the allegations contained in paragraph "47" of the Complaint.

48. Deny the allegations contained in paragraph "48" of the Complaint.

49. Deny the allegations contained in paragraph "49" of the Complaint, except admit that the IRS took adverse action against the Ridingers for tax year 2016, and clarify that the value of the yacht was far less than the claimed charitable deduction for the donation of same (and that such fact was known by the Ridingers at the time).

50. Deny the allegations contained in paragraph "50" of the Complaint.

51. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

52. Deny the allegations contained in paragraph "52" of the Complaint.

53. Deny the allegations contained in paragraph "53" of the Complaint.

54. Deny the allegations contained in paragraph "54" of the Complaint.

## CAUSES OF ACTION

### AS AND FOR A RESPONSE TO COUNT I – LEGAL MALPRACTICE
(against Defendants Ralph K. Stone and Rachel L. Gould)

**THIS CAUSE OF ACTION WAS DISMISSED BY THE
COURT BY ORDER READ INTO THE RECORD ON
SEPTEMBER 26, 2023**

55. Repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "54" above, as if fully set forth herein at length.

56. Admit the allegations contained in paragraph "56" of the Complaint.

57. Paragraph "57" of the Complaint states a legal conclusion for which no response is required.

58. Paragraph "58" of the Complaint states a legal conclusion for which no response is required.

59. Deny the allegations contained in paragraph "59" of the Complaint.

60. Deny the allegations contained in paragraph "60" of the Complaint.

61. Deny the allegations contained in paragraph "61" of the Complaint.

62. Deny the allegations contained in paragraph "62" of the Complaint.

**AS AND FOR A RESPONSE TO COUNT II – BREACH OF FIDUCIARY DUTIES
(against Defendants Ralph K. Stone and Rachel L. Gould)**

63. Repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "62" above, as if fully set forth herein at length.

64. Admit the allegations contained in paragraph "64" of the Complaint.

65. Paragraph "65" of the Complaint states a legal conclusion for which no response is required.

66. Deny the allegations contained in paragraph "66" of the Complaint.

67. Deny the allegations contained in paragraph "67" of the Complaint.

68. Deny the allegations contained in paragraph "68" of the Complaint.

69. Deny the allegations contained in paragraph "69" of the Complaint.

70. Deny the allegations contained in paragraph "70" of the Complaint.

71. Deny the allegations contained in paragraph "71" of the Complaint.

72. Deny the allegations contained in paragraph "72" of the Complaint.

**AS AND FOR A RESPONSE TO COUNT III – FRAUD
(against Defendants Ralph K. Stone and Rachel L. Gould)**

73. Repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "72" above as if fully set forth herein at length.

74. Deny the allegations contained in paragraph "74" of the Complaint.

75. Deny the allegations contained in paragraph "75" of the Complaint, and clarify that any strategy discussed by Stone and Gould was premised upon the donative value of the yacht being the same as the actual value of the yacht.

76. Deny the allegations contained in paragraph "76" of the Complaint.

77. Deny the allegations contained in paragraph "77" of the Complaint.

78. Deny the allegations contained in paragraph "78" of the Complaint.

79. Deny the allegations contained in paragraph "79" of the Complaint.

80. Deny the allegations contained in paragraph "80" of the Complaint.

81. Deny the allegations contained in paragraph "81" of the Complaint.

82. Deny the allegations contained in paragraph "82" of the Complaint.

83. Deny the allegations contained in paragraph "83" of the Complaint.

### AS AND FOR A RESPONSE TO COUNT IV – VICARIOUS LIABILITY
### (against Defendant Meister Seelig & Fein LLP)

84. Repeat, reiterate and reallege each and every response set forth in paragraphs "1" through "83" above as if fully set forth herein at length.

85. Deny the allegations contained in paragraph "85" of the Complaint, except admit that defendant Stone is licensed to practice in New York, and was a partner of MSF at the time of the events in question.

86. Deny the allegations contained in paragraph "86" of the Complaint, except admit that Gould is licensed to practice law in New York.

87. Deny the allegations contained in paragraph "87" of the Complaint.

88. Deny the allegations contained in paragraph "88" of the Complaint.

89. Deny the allegations contained in paragraph "89" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

90. The Complaint fails to state any grounds upon which relief can or should be granted by this Court against defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

91. The causes of action asserted in the Complaint are barred because of a defense founded upon documentary evidence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

92. The causes of action in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

93. The causes of action in the Complaint are barred, in whole or in part, by the fraud committed by the Ridingers, including a similar pattern of fraudulent donation of their subsequently acquired yacht, "Utopia III," and the doctrine of unclean hands and/or *in pari delicto*.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

94. The relief sought by plaintiffs is barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

95. Plaintiffs have failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

96. Plaintiffs are unable to demonstrate collectible damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

97. The action is barred in whole or in part by res judicata and/or collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

98. Any amount of damages otherwise recoverable by the plaintiffs shall be diminished in total, or in proportion to which such culpable conduct of the plaintiffs bears to the total conduct causing the damages alleged in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

99. The alleged damages, if any, sustained by plaintiffs were caused in whole or in part by the conduct of plaintiffs or third-parties, including plaintiffs' accountants, advisors, and present counsel, over whose conduct the defendants had no control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

100. Defendants reserve their right to assert additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.

Dated: Hawthorne, New York
      October 10, 2023

                                            TRAUB LIEBERMAN STRAUS
                                            & SHREWSBERRY LLP
                                            *Attorneys for Defendants*

                                            By: _____
                                                Lisa L. Shrewsberry, Esq.
                                                Mid-Westchester Executive Park
                                                Seven Skyline Drive
                                                Hawthorne, New York 10532
                                                Tel. No.: (914) 347-2600