UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____,

Plaintiff(s),

-v.-

_____,

Defendant(s).

_____ Civ. _____ (JHR)

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING ORDER

JENNIFER H. REARDEN, District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [consent ☐ / do not consent ☐] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining Paragraphs should not be completed.  Instead, within three days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.*]

2.  The parties [have ☐ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  Settlement discussions [have ☐ / have not ☐] taken place.

4.  [*If applicable*] Counsel have discussed an informal exchange of information in aid of early settlement and have agreed upon disclosure of the following information within _____ days/weeks:

_____

_____

_____

_____

5.  Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    ☐ Immediate referral to the District's Mediation Program

    ☐ Immediate referral to a Magistrate Judge

    ☐ Referral to the District's Mediation Program after the close of fact discovery

    ☐ Referral to a Magistrate Judge after the close of fact discovery

    ☐ Retention of a private mediator

    ☐ Other

6.  Except for amendments permitted by Fed. R. Civ. P. 15(a)(1), amended pleadings may not be filed, and additional parties may not be joined, except with leave of the Court. Any motion to amend or to join additional parties shall be filed within ___ days of the date of this Order.  [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

7.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ___ days of the date of this Order.  [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

8.  [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

9.  Discovery

    a.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b.  All fact discovery shall be completed no later than _____.  [*A date not more than 120 days following the initial pretrial conference (or 90 days for IDEA fee-shifting cases), unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    c.  The parties agree that there [is ☐ / is no ☐] need for expert discovery.  If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless—prior to that date—a party files, and the Court grants, a letter-motion seeking an extension for purposes of taking expert discovery; any such letter-motion should explain why expert discovery has become necessary and propose a schedule for it.  [*If any party believes that there is a need for expert discovery, the parties should complete Paragraph 9(d).*]

2

d. [*If applicable*]  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than _____. [*Absent exceptional circumstances, a date not more than 45 days from the date in Paragraph 9(b) (i.e., the completion of all fact discovery).*]

e. Within two weeks of the entry of this Case Management Plan and Scheduling Order, the parties shall meet and confer in person or virtually to agree upon a joint plan for complying with the discovery deadlines herein.

f. The parties shall discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information ("ESI").  Any agreement reached between the parties concerning ESI is to be filed within 30 days of the date of this Order.

g. The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs.  Relatedly, the parties should not unilaterally decide to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension.  This Case Management Plan and Scheduling Order may not be modified, or the dates herein extended, except by further Order of the Court for good cause shown.  Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously.  Parties should not assume that the Court will extend an existing deadline if settlement negotiations fail.  Any application to modify or extend the dates herein shall be made by letter-motion filed on ECF, no later than **two business days** before the relevant deadline.  In addition to the requirements listed in Rule 2.E of this Court's Individual Rules and Practices in Civil Cases, the letter-motion must explain the parties' efforts to comply with the deadline and the reasons why discovery cannot be completed by then.  Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

10. Interim Discovery Deadlines

a. Initial requests for production of documents shall be served by _____. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by _____.  [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]  Rule 33.3(a) interrogatories need not be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of discovery.  No other interrogatories are

permitted unless authorized by the Court.

    d.   Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 9(b).

        i.   Absent an order of the Court, depositions shall not be held until all parties have responded to initial requests for document production.

        ii.   There shall be no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii.   Absent an order of the Court, non-party depositions shall follow initial party depositions.

    e.   Unless otherwise ordered by the Court, requests to admit shall be served by no later than 30 days before the close of discovery.

    f.   Any of the deadlines in Paragraphs 10(a) through 10(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 9(b).

    g.   In the event that the case will involve expert discovery, the parties shall meet and confer, no later than 30 days prior to the date in Paragraph 9(b) (i.e., the completion of all fact discovery), on a schedule for expert disclosures, including deadlines to serve reports (including rebuttal reports, if applicable), to produce documents, and to complete depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (2) all expert discovery shall be completed by the date set forth in Paragraph 9(d).

11.    All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at https://www.nysd.uscourts.gov/hon-jennifer-h-rearden).

12.    In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party—in person, virtually, or by telephone—in an effort to resolve the dispute.  Conferring in writing does not satisfy this requirement.  If this process fails, the party shall, in accordance with the Court's Individual Rules, promptly file a letter-motion, no longer than **six double-spaced pages**, explaining the nature of the dispute and requesting an informal conference.  Such a letter-motion must include a representation that the parties engaged in a good faith meet-and-confer process that proved unsuccessful.  Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed **six double-spaced pages**, within **three business days**.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery

disputes quickly, by order, by conference, or by telephone. **Counsel should seek relief in accordance with these procedures in a timely fashion.**

13. All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery.

14. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), line of cases, shall be filed within 30 days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion shall be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

15. Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Rule 7.B of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made concurrently with the Joint Pretrial Order, including any motions *in limine* and, if the action is to be tried before a jury, proposed *voir dire* questions, or, if the action is to be tried to the Court, proposed findings of fact and conclusions of law.

16. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17. This case [is ☐ / is not ☐] to be tried to a jury.

18. Counsel for the parties have conferred and the present best estimate of the length of trial is _____.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____

_____

_____

_____

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____ shall file a motion for/to _____ no later than _____. Any opposition shall be filed by _____. Any reply shall be filed by _____.

The parties shall contact the Chambers of the Magistrate Judge assigned to this case on or before _____ in order to schedule the settlement discussion under his/her supervision in or about _____.

The parties shall file a joint letter by _____, indicating whether they would like the Court to refer the case to the assigned Magistrate Judge and/or the Court mediation program for settlement purposes and, if so, approximately when they believe a settlement conference should be held.

The next pretrial conference is scheduled for _____ at _____. Unless and until the Court orders otherwise, the conference will be held _____.

Absent leave of Court, by one week prior to any future conference, the parties shall file on ECF a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1)   A statement indicating whether the parties believe that the pretrial conference is unnecessary. If so, the Court may still hold the pretrial conference, although perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available;

(2)   A statement of all existing deadlines, due dates, and/or cut-off dates;

(3)   A brief description of any outstanding motions;

(4)   A brief description of the status of discovery and of any additional discovery that needs to be completed;

(5)   A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of any such discussions;

(6)   A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge, or as part of the Court's Mediation Program);

(7)   A statement of the anticipated length of trial, and whether the case is to be tried to a jury;

(8)   A statement of whether the parties anticipate filing motions for summary judgment;

(9)     Any other issue that the parties would like to address at the pretrial conference; and

(10)    Any information that the parties believe may assist the Court in advancing the case to settlement or trial.

SO ORDERED.

Dated: _____
       New York, New York


       _____
                JENNIFER H. REARDEN
               United States District Judge