UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 22-CV-09082-JHR

LOREN M. RIDINGER, individually and
on behalf of the Estate of James Ridinger,

  Plaintiff,

 vs.

RALPH K. STONE, RACHEL L. GOULD, and
MEISTER SEELIG & FEIN LLP,

  Defendants.
_____/

## JOINT PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the Parties in the above-referenced matter conferred during a telephonic conference on October 23, 2023, and submit the following Rule 26(f) Conference Report and Joint Proposed Discovery Plan:

 **A.** **Initial Disclosures:** The Parties do not believe any changes are necessary to the form or requirement for disclosures under Rule 26(a)(1), and the Parties will exchange their initial disclosures by November 7, 2023.

 **B.** **Scope of Discovery**: The Parties anticipate conducting discovery into relevant facts and circumstances that give rise to Plaintiff's claims for breach of fiduciary duty and fraud, and Defendants' defenses thereto, including among others subjects: the scope of the purported representations and/or omissions Defendants made to the Ridingers in connection with the contemplated donation of the *Utopia II* yacht; what influenced those purported representations and/or omissions; how the donative transaction was structured and the reasons it was structured in

that way; the individual Defendants' affiliations with the entities involved in the transaction; who ultimately benefitted from the transaction, how, and to what extent; the Ridingers' knowledge and approval of the transaction structure; the condition and value of the *Utopia II* yacht and the Ridingers' knowledge thereof; the IRS audit of Milagro Yacht Charters LLC for tax years 2016 and 2017; the Ridingers' joint tax returns for tax years 2016 and 2017; the IRS Notices of Deficiency to the Ridingers for tax years 2016 and 2017, the errors and deficiencies identified therein, and the Ridingers' resulting tax petition against the IRS; the Ridingers' alleged damages; and the donative transaction involving the *Utopia III* yacht. The Parties also anticipate conducting discovery into Defendants' affirmative defenses.

The Parties anticipate that fact discovery in this case will include requests for production, interrogatories, requests for admission, and oral depositions.  Plaintiff currently anticipates retaining an expert on relevant professional standards of care, and in particular the fiduciary duties that New York-licensed lawyers owe their clients. Defendants intend to issue subpoenas to non-parties Pat Landry, Price Waterhouse Coopers, Clement Erhardt, Joe Bolyard, Marc Ashley, Ennalls Berl, Milagro Yacht Charters LLC, the Internal Revenue Service, and National Save the Sea Turtle Foundation. Defendants will be requesting that plaintiff provide a written authorization for the release of tax records from the Internal Revenue Service. Defendants currently anticipate retaining experts to opine upon: (i) the relevant professional standards of care; (ii) charitable donations and the tax implications thereof, in general, and the donative structure employed here, in particular; (iii) plaintiff's alleged damages; and (iv) yacht valuations. Consistent with the proposed Civil Case Management Plan and Scheduling Order, the Parties propose that fact discovery be completed by February 14, 2024, and that expert discovery be completed by April 1, 2024.

**C.** **Electronically Stored Information**: The Parties anticipate that electronic discovery may be necessary. The Parties agree that within thirty (30) days of exchanging initial disclosures, they will confer in good faith concerning the scope of the collection and production of such information, including custodians, data sources, potential search terms, potential formatting issues, and other logistics.

**D.** **Issues About Claims of Privilege:** The Parties agree that any privileged document inadvertently produced during discovery may be clawed back in accordance with the procedure set forth in Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502(d), and that any such disclosure does not operate as a waiver.

**E.** At this point the Parties do not seek an order under Rule 26(c) or Rule 16(b) or (c).

Dated: October 23, 2023                                                                 Respectfully submitted,

| | |
|---|---|
| **Marcus Neiman Rashbaum & Pineiro LLP** | **Traub Lieberman Straus & Shrewsberry LLP** |
| By: _/s/ Jason L. Mays_____ | By: _/s/ J. Patrick Carley, III_____ |
| Daniel L. Rashbaum, Esq.<br>New York Bar No. 4002895<br>drashbaum@mnrlawfirm.com<br>Tel: 305-400-4261<br>Fax: 866-780-8355 | Lisa L. Shrewsberry, Esq.<br>lshrewsberry@tlsslaw.com<br>914-586-7009 |
| One Biscayne Tower<br>2 S. Biscayne Blvd., Suite 2530<br>Miami, Florida 33131 | J. Patrick Carley, III, Esq.<br>pcarley@tlsslaw.com<br>914-586-7049 |
| & | Mid-Westchester Executive Park<br>7 Skyline Dr.<br>Hawthorne, New York 10532 |
| Jeffrey A. Neiman, Esq.<br>*Admitted Pro Hac Vice*<br>jneiman@mnrlawfirm.com<br>Tel: 954-541-8281 | |

Fax: 954-688-2492

Jason L. Mays, Esq.
*Admitted Pro Hac Vice*
jmays@mnrlawfirm.com
Tel: 305-434-4941
Fax: 954-688-2492

One Financial Plaza
100 SE 3rd Ave., Suite 805
 Ft. Lauderdale, Florida 33394