UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOREN M. RIDINGER, individually and on             Case No.: 22-cv-09082-JHR-OTW
behalf of the Estate of James Ridinger,

                      Plaintiff,

      -against-

RALPH K. STONE, RACHEL L. GOULD, and
MEISTER SEELIG & FEIN LLP,

                     Defendants.
-------------------------------------------------------------X

## DEFENDANTS' INTIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1)

Defendants RALPH K. STONE, RACHEL L. GOULD and MEISTER SEELIG & FEIN PLLC (i/s/h/a MEISTER SEELIG & FEIN LLP), by their attorneys Traub Lieberman Straus & Shrewsberry LLP, hereby make the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

A.    The name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

1. Loren M. Ridinger
   c/o Marcus Neiman Rashbaum & Pineiro LLP
   100 SE 3rd Ave., Suite 805
   Ft. Lauderdale, Florida 33394
   Tel: (954) 462-1200
   Email: jneiman@mnrlawfirm.com
          jmays@mnrlawfirm.com

   The foregoing individual is the plaintiff in this action, and is believed to have knowledge concerning the condition and value of Utopia II at the time of the donation; the structuring of the Utopia II donative transaction; the Ridingers'

1

joint tax returns for tax years 2016 and 2017; the Notices of Deficiency issued by the IRS; the Ridingers' tax petition against the IRS; and the Ridingers' alleged damages. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors and attorneys, the defendants, the donee, the IRS and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing individual is also believed to have knowledge concerning the condition and value of Utopia III at the time of the donation in 2020, the structuring of the Utopia III donative transaction, and of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the Utopia III donative transaction, including demands that National Save the Sea Turtle Foundation, Inc. rescind tax donation documents and substitute tax donation documents reflecting a higher valuation of Utopia III.

2. Milagro Yacht Charters LLC
   2954 North Bay Road
   Miami Beach, FL 33140

   The foregoing entity was the owner and donor of Utopia II, and is believed to have knowledge concerning the condition and value of Utopia II at the time of the donation, the structuring of the Utopia II donative transaction, and the IRS audit for tax years 2016 and 2017. In addition, the foregoing entity is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants, the donee, the IRS and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing entity is also believed to have knowledge concerning the condition and value of Utopia III at the time of the donation in 2020, the structuring of the Utopia III donative transaction, and of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the Utopia III donative transaction, including demands that National Save the Sea Turtle Foundation, Inc. rescind tax donation documents and substitute tax donation documents reflecting a higher valuation of Utopia III.

3. Joe V. Bolyard
   Market America Worldwide, Inc.
   1302 Pleasant Ridge Road
   Greensboro, NC 27409
   Tel: 336-478-4126
   Cell: 336-337-4151
   Email: JoeB@marketamerica.com

   The foregoing individual is a member of Milagro Yacht Charters LLC and an executive of Market America Worldwide, Inc., and is believed to have knowledge concerning the condition and value of Utopia II at the time of the

donation, including the marine survey prepared by Ennalls Berl; the operating and maintenance costs of Utopia II prior to the donation to Veterans Inc.; the structuring of the Utopia II donative transaction; the advice given to Milagro Yacht Charters LLC and the Ridingers in connection with the Utopia II donative transaction; Market America Worldwide, Inc.'s loan to RR Skye Holdings, LLC to cover the operating costs of Utopia II; and demands that RR Skye Holdings, LLC provide free use of Utopia II to business and household employees and personal guests of the Ridingers and Market America Worldwide, Inc. at the expense of RR Skye Holdings, LLC. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing individual is also believed to have knowledge concerning the attempts to sell Utopia III prior to the donation in 2020; the condition and value of Utopia III at the time of the donation in 2020; the structuring of the Utopia III donative transaction; and of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the Utopia III donative transaction, including demands that National Save the Sea Turtle Foundation, Inc. rescind tax donation documents and substitute tax donation documents reflecting a higher valuation of Utopia III, and any subsequent changes to such documents.

4. Marc Ashley
   Market America Worldwide, Inc.
   1302 Pleasant Ridge Road
   Greensboro, NC 27409

   The foregoing individual is an executive of Market America Worldwide, Inc., and is believed to have knowledge concerning the condition and value of Utopia II at the time of the donation; the structuring of the Utopia II donative transaction; the advice given to Milagro Yacht Charters LLC and the Ridingers in connection with the Utopia II donative transaction; Market America Worldwide, Inc.'s loan to RR Skye Holdings, LLC to cover the operating costs of Utopia II; and the demand by JR Ridinger that defendants Ralph K. Stone and Rachel L. Gould have a personal ownership interest in the entity that purchased Utopia II from Veterans Inc. and personally guaranty the loan from Market America Worldwide, Inc. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

5. Clement Erhardt, Esq.
   467 Heston Point Drive
   Pawley's Island, SC 29585

   The foregoing individual is the former general counsel of Market America

Worldwide, Inc., and is believed to have knowledge concerning the structuring of the Utopia II donative transaction and the advice given to Milagro Yacht Charters LLC and the Ridingers in connection with the Utopia II donative transaction. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants, the donee, the IRS and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing individual is also believed to have knowledge concerning the condition and value of Utopia III at the time of the donation in 2020, the structuring of the Utopia III donative transaction, and of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the Utopia III donative transaction.

6. Pat Landry
   Landry CFO Services, LLC
   5913 Tarleton Drive
   Oak Ridge, NC 27310
   Email: PatL@marketamerica.com

   The foregoing individual was the personal accountant for the Ridingers and the corporate accountant for Milagro Yacht Charters LLC and Market America Worldwide, Inc., and is believed to have knowledge concerning the condition and value of Utopia II at the time of the donation; the structuring of the Utopia II donative transaction; the advice given to Milagro Yacht Charters LLC and the Ridingers in connection with the Utopia II donative transaction; the loan from Market America Worldwide, Inc. to RR Skye Holdings, LLC; the decision by JR Ridinger to decline to advance a portion of the agreed upon loan proceeds to RR Skye Holdings, LLC; the demand by JR Ridinger that defendants Ralph K. Stone and Rachel L. Gould have a personal ownership in the entity that purchased Utopia II from Veterans Inc. and personally guaranty the loan from Market America Worldwide, Inc.; the Ridingers' joint tax returns for tax years 2016 and 2017; the IRS audit of Milagro Yacht Charters LLC for tax years 2016 and 2017; the Notices of Deficiency issued by the IRS; the Ridingers' tax petition against the IRS; the tax deductions claimed by the Ridingers, Milagro Yacht Charters LLC and Market America Worldwide, Inc. in tax years 2016 and 2017 for houses, condominium units, apartments, cars, personal chefs and other domestic help, entertainment, housekeeping, parties, yachts, childcare and tuition for grandchildren and other personal expenses claimed as business expenses; and the Ridingers' alleged damages. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants, the donee, the IRS and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing individual is also believed to have knowledge concerning the condition and value of Utopia III at the time of the donation in 2020, the structuring of the Utopia III donative transaction, and of communications with, by and between the Ridingers, their advisors, the

4

donee and other persons/entities involved in or connected to the Utopia III donative transaction and the filing of tax returns for tax year 2020.

7. Brooks Stewart
   PricewaterhouseCoopers LLP
   Bellemeade Street, Suite 402
   Greensboro, North Carolina 27401
   Tel: (336) 665-2700

   The foregoing individual is a partner at PricewaterhouseCoopers LLP, an outside accounting firm used by the Ridingers, Milagro Yacht Charters LLC, and Market America Worldwide, Inc., and is believed to have knowledge concerning the structuring of the Utopia II donative transaction; the advice given to Milagro Yacht Charters LLC and the Ridingers in connection with the Utopia II donative transaction; the Ridingers' joint tax returns for tax years 2016 and 2017; the IRS audit of Milagro Yacht Charters LLC for tax years 2016 and 2017; the Notices of Deficiency issued by the IRS; the Ridingers' tax petition against the IRS; the tax deductions claimed by the Ridingers, Milagro Yacht Charters LLC and Market America Worldwide, Inc. in tax years 2016 and 2017 for homes, cars, personal chefs, entertainment, housekeeping, parties, yachts, childcare and tuition for grandchildren and other personal expenses claimed as business expenses; and the Ridingers' alleged damages. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants, the donee, the IRS and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing individual is also believed to have knowledge concerning the structuring of the Utopia III donative transaction, and of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the Utopia III donative transaction.

8. PricewaterhouseCoopers LLP
   Bellemeade Street, Suite 402
   Greensboro, North Carolina 27401
   Tel: (336) 665-2700

   The foregoing entity is an outside accounting firm used by the Ridingers, Milagro Yacht Charters LLC and Market America Worldwide, Inc., and is believed to have knowledge concerning the condition and value of Utopia II at the time of the donation; the structuring of the Utopia II donative transaction; the advice given to Milagro Yacht Charters LLC and the Ridingers in connection with the Utopia II donative transaction; the Ridingers' joint tax returns for tax years 2016 and 2017; the IRS audit of Milagro Yacht Charters LLC for tax years 2016 and 2017; the Notices of Deficiency issued by the IRS; the Ridingers' tax petition against the IRS; the tax deductions claimed by the Ridingers, Milagro Yacht Charters LLC and Market America Worldwide, Inc.

5

in tax years 2016 and 2017 for homes, cars, personal chefs, entertainment, housekeeping, parties, yachts, childcare and tuition for grandchildren and other personal expenses claimed as business expenses; and the Ridingers' alleged damages. In addition, the foregoing entity is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants, the donee, the IRS and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing entity is also believed to have knowledge concerning the structuring of the Utopia III donative transaction, and of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the Utopia III donative transaction and the filing of tax returns for tax year 2020.

9. Ennalls Berl
   Address unknown

   The foregoing individual was the supervising captain of Milagro Yacht Charters LLC's yachts, and is believed to have knowledge concerning the condition of Utopia II at the time of the donation and whether he was aware that AMIkids, Inc offered or planned to offer a referral fee if it was the donee of Utopia II.

10. Norman L. LeBlanc
    Capt. Norm LeBlanc Inc.
    106 Liberty Street
    Danvers, MA 01923
    Tel: (617) 834-7560

    The foregoing individual/entity prepared an appraisal of Utopia II, and is believed to have knowledge concerning the condition and value of Utopia II at the time of the donation, and of communications with, by and between the Ridingers, their advisors, the defendants, the donee and other persons/entities involved in or connected to the Utopia II donative transaction.

11. Veterans Inc.
    69 Grove Street
    Worcester, MA 01605
    Tel: (800) 482-2565

    The foregoing entity is a non-profit organization and the donee of Utopia II, and is believed to have knowledge concerning the structuring of the Utopia II donative transaction; the sale of Utopia II to RR Skye Holdings, LLC; the issuance of promissory notes for the benefit of Veterans Inc.; and the fiscal sponsorship agreement with Killer Impact, Inc. The foregoing entity is also believed to have knowledge concerning the defendants' involvement in the Utopia II donative transaction and affiliations with Veteran's Inc., RR Skye Holdings, LLC and Killer Impact, Inc.

12. RR Skye Holdings, LLC
    c/o Ralph K. Stone
    2911 State Route 209
    Kingston, NY 12401
    Email: ralph.k.stone@gmail.com

    The foregoing entity is a single purpose entity that purchased Utopia II from Veterans Inc., and is believed to have knowledge concerning the structuring of the Utopia II donative transaction; Veterans Inc.'s sale of Utopia II; the issuance of promissory notes for the benefit of Veterans Inc.; the issuance of a promissory note for the benefit of Market America Worldwide, Inc.; the fiscal sponsorship agreement between Veterans, Inc. and Killer Impact, Inc.; and the operating and maintenance costs of Utopia II after the donation. The foregoing entity is also believed to have knowledge concerning the defendants' involvement in the Utopia II donative transaction and affiliations with Veteran's Inc., RR Skye Holdings, LLC and Killer Impact, Inc. In addition, the foregoing entity is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the defendants, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

13. Killer Impact, Inc. (n/k/a KI LF Holdings, Inc.)
    c/o Ralph K. Stone
    2911 State Route 209
    Kingston, NY 12401
    Email: ralph.k.stone@gmail.com

    The foregoing entity is a public benefit corporation, and is believed to have knowledge concerning the structuring of the Utopia II donative transaction; Veterans Inc.'s sale of Utopia II; the issuance of promissory notes for the benefit of Veterans Inc.; the fiscal sponsorship agreement with Veteran's Inc.; and the operating and maintenance costs of Utopia II after the donation. The foregoing entity is also believed to have knowledge concerning the defendants' involvement in the Utopia II donative transaction and affiliations with Veteran's Inc., RR Skye Holdings, LLC and Killer Impact, Inc.

14. Internal Revenue Service
    1111 Constitution Avenue Northwest
    Washington, D.C. 20224

    The foregoing governmental agency, in an investigation led by supervising agent Kenneth C. Hetzel, conducted an audit of Milagro Yacht Charters, LLC for tax years 2016 and 2017, an audit of the Ridingers' joint tax returns for 2016 and 2017, issued the Notices of Deficiencies to the Ridingers, and was the respondent in the Ridingers' tax petition. It is believed that the foregoing agency has knowledge concerning the Utopia II donative transaction; the value of

Utopia II at the time of the donation; the errors and deficiencies in the Ridingers' joint tax returns for tax years 2016 and 2017; the Ridingers' settlement of their tax liabilities for tax years 2016 and 2017; the Ridingers' pattern of fraudulent transactions to claim personal expenses as business expenses; and the Ridingers' alleged damages. In addition, the foregoing agency is believed to have knowledge of communications with, by and between the Ridingers, their advisors and attorneys, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing agency is also believed to have knowledge concerning the Utopia III donative transaction, including the donative value of Utopia III claimed by Milagro Yacht Charters, LLC and the Ridingers.

15. Kenneth C. Hetzel
    Senior Manager, Territory 2
    Internal Revenue Service
    2300 Lake Park Dr SE, Suite 450
    Smyma, GA 30080
    Tel: 678-627-4717

    The foregoing individual was the agent that supervised the IRS's audits of Milagro Yacht Charters, LLC and the Ridingers' for tax years 2016 and 2017. It is believed that the foregoing agent has knowledge concerning the Utopia II donative transaction; the value of Utopia II at the time of the donation; the errors and deficiencies in the Ridingers' joint tax returns for tax years 2016 and 2017; the Ridingers' settlement of their tax liabilities for tax years 2016 and 2017; the Ridingers' pattern of fraudulent transactions to claim personal expenses as business expenses; and the Ridingers' alleged damages. In addition, the foregoing agent is believed to have knowledge of communications with, by and between the Ridingers, their advisors and attorneys, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

16. Jan Whatley, CPA
    LB&I, Global High Wealth
    Senior Revenue Agent
    329 Oak St, Suite 104
    Gainesville, GA  30501
    Tel: 770-906-9171
    Email: jan.whatley@irs.gov

    The foregoing individual was an agent that assisted with the IRS's audits of Milagro Yacht Charters, LLC and the Ridingers' for tax years 2016 and 2017. It is believed that the foregoing agent has knowledge concerning the Utopia II donative transaction; the value of Utopia II at the time of the donation; the errors and deficiencies in the Ridingers' joint tax returns for tax years 2016 and 2017; the Ridingers' settlement of their tax liabilities for tax years 2016 and 2017; the

Ridingers' pattern of fraudulent transactions to claim personal expenses as business expenses; and the Ridingers' alleged damages. In addition, the foregoing agent is believed to have knowledge of communications with, by and between the Ridingers, their advisors and attorneys, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

17. Melissa Malone
    Internal Revenue Agent
    LB&I Global High Wealth Group 1259
    4210 Metro Parkway Suite 115
    MS 4107/MMM
    Fort Myers, FL 33916
    Tel: (239) 938-7531

    The foregoing individual was an agent that assisted with the IRS's audits of Milagro Yacht Charters, LLC and the Ridingers' for tax years 2016 and 2017. It is believed that the foregoing agent has knowledge concerning the Utopia II donative transaction; the value of Utopia II at the time of the donation; the errors and deficiencies in the Ridingers' joint tax returns for tax years 2016 and 2017; the Ridingers' settlement of their tax liabilities for tax years 2016 and 2017; the Ridingers' pattern of fraudulent transactions to claim personal expenses as business expenses; and the Ridingers' alleged damages. In addition, the foregoing agent is believed to have knowledge of communications with, by and between the Ridingers, their advisors and attorneys, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

18. Ellen R. Jaskulek
    Email: Ellen.R.Jaskulek@irs.gov

    The foregoing individual was an agent that assisted with the IRS's audits of Milagro Yacht Charters, LLC and the Ridingers' for tax years 2016 and 2017. It is believed that the foregoing agent has knowledge concerning the Utopia II donative transaction; the value of Utopia II at the time of the donation; the errors and deficiencies in the Ridingers' joint tax returns for tax years 2016 and 2017; the Ridingers' settlement of their tax liabilities for tax years 2016 and 2017; the Ridingers' pattern of fraudulent transactions to claim personal expenses as business expenses; and the Ridingers' alleged damages. In addition, the foregoing agent is believed to have knowledge of communications with, by and between the Ridingers, their advisors and attorneys, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

19. Ralph K. Stone, Esq.
    c/o Traub Lieberman Straus & Shrewsberry LLP
    Seven Skyline Drive
    Hawthorne, NY 10532
    Tel: (914) 347-2600
    Email: pcarley@tlsslaw.com

    This individual is a defendant herein, and has knowledge concerning the transactions and facts alleged in the amended complaint; the structuring of the Utopia II donative transaction; the defendants' involvement in the Utopia II donative transaction; and the defendants' affiliations with Veteran's Inc., RR Skye Holdings, LLC and Killer Impact, Inc. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

20. Rachel L. Gould, Esq.
    c/o Traub Lieberman Straus & Shrewsberry LLP
    Seven Skyline Drive
    Hawthorne, NY 10532
    Tel: (914) 347-2600
    Email: pcarley@tlsslaw.com

    This individual is a defendant herein, and has knowledge concerning the transactions and facts alleged in the amended complaint; the structuring of the Utopia II donative transaction; the defendants' involvement in the Utopia II donative transaction; and the defendants' affiliations with Veteran's Inc., RR Skye Holdings, LLC and Killer Impact, Inc. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint.

21. National Save the Sea Turtle Foundation, Inc.
    4419 West Tradewinds Avenue
    Ft. Lauderdale, FL 33308
    Tel: (954) 351-9333
    Email: savetheseaturtle@bellsouth.net

    The foregoing entity is a non-profit organization and the donee of Utopia III, and is believed to have knowledge concerning the value of Utopia III at the time of the donation in 2020, including appraisals and tax donation documents provided by National Save the Sea Turtle Foundation, Inc., the demand to rescind such documents, and the substitution of documents reflecting a higher valuation of Utopia III, and any subsequent revisions to or rescissions of the

substituted documents; the structuring of the Utopia III donative transaction; the subsequent charter, sale or other disposition of Utopia III; and of communications with, by and between the Ridingers, their advisors, the defendants and other persons/entities involved in or connected to the Utopia III donative transaction.

22. Malcolm J. Elliott
    Florida Nautical Surveyors
    2727 NE 32nd Street
    Fort Lauderdale, FL 33306
    Tel: (954) 801-2140

    The foregoing individual/entity prepared two marine surveys of Utopia III, one in January 2020 for Milagro Yacht Charters, LLC and one in February 2020 for National Save the Sea Turtle Foundation, Inc., and is believed to have knowledge concerning the condition and value of Utopia III at the time of the donation in 2020, and of communications with, by and between the Ridingers, their advisors, the donee and other persons/entities involved in or connected to the Utopia III donative transaction.

23. Roger Herd
    AMIkids, Inc.
    5915 Benjamin Center Drive
    Tampa, FL 33634
    Tel: (727) 512-3233
    Email: rherd@AMIkids.org

    The foregoing individual is believed to have knowledge concerning the proposed donation of Utopia II by Milagro Yacht Charters LLC to AMIkids, Inc., including the requirements and conditions of the proposed donation and whether AMIkids, Inc. offered or planned to offer a referral fee to anyone if it was the donee of Utopia II.

24. Jonathan Chapman
    Worth Avenue Yachts
    55 America's Cup Avenue
    Newport, RI 02840
    Tel: (401) 474-4793
    Email: Jonathan@WorthAvenueYachts.com

    The foregoing individual was the broker engaged by RR Skye Holdings, LLC to market Utopia II for charter and sale, and is believed to have knowledge concerning the condition and value of Utopia II at the times of RR Skye Holdings LLC's acquisition, ownership and sale subsequent sale of Utopia II, and of the commission paid by RR Skye Holdings LLC to Northrop & Johnson at the time of the sale of Utopia II.

11

25. Jeffrey Neiman, Esq.
    Marcus Neiman Rashbaum & Pineiro LLP
    100 SE 3rd Ave., Suite 805
    Ft. Lauderdale, Florida 33394
    Tel: (954) 462-1200
    Email: jneiman@mnrlawfirm.com

    The foregoing individual was special tax counsel to the Ridingers, and is believed to have knowledge concerning the Notices of Deficiency issued by the IRS; the errors and deficiencies in the Ridingers' joint tax returns for tax years 2016 and 2017; the Ridingers' tax petition against the IRS; the Ridingers' settlement of their tax liabilities for tax years 2016 and 2017; the negotiations with the IRS concerning its investigations of the Ridingers, Milagro Yacht Charters LLC and Market America Worldwide, Inc.; and the information provided by, for or on behalf of the Ridingers to the IRS concerning defendants' involvement in the transactions and facts alleged in the amended complaint.

26. Duane McLaughlin
    100 11th Avenue
    Unit 12A/14A
    New York, NY 10011

    The foregoing individual is the son-in-law of JR and Loren Ridinger and was briefly the President of Killer Impact, Inc. in 2016, and is believed to have knowledge concerning JR Ridinger's knowledge of defendants Ralph K. Stone and Rachel L. Gould's affiliation with Killer Impact, Inc.; Veterans Inc.'s sale of Utopia II to RR Skye Holdings, LLC; and Killer Impact, Inc.'s use of Utopia II. In addition, the foregoing individual is believed to have knowledge of communications with, by and between the Ridingers, their advisors and other persons/entities involved in or connected to the transactions and facts alleged in the amended complaint. The foregoing individual is also believed to have knowledge concerning certain payments made in 2016 and 2017 for his housing expenses, childcare, private school tuition, domestic help, vacations, parties, entertainment and other personal expenses that Market America Worldwide, Inc. claimed as business expenses.

B.  A copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use in support of its claims or defenses, unless the use would be solely for impeachment:

> The documents referenced in Federal Rule 26(a)(1)(A)(ii) applicable to the action include materials in the defendants' files concerning the underlying transactions. They are in the defendants' possession, custody or control.

C. A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials baring on the nature and extent of injuries suffered:

> The defendants do not seek damages at this time.

D. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

> The defendants are insured under AssuredPartners London Limited primary Policy No. B152522U01194, which is in effect from July 9, 2022 to July 9, 2023, and which provides a limit of liability of $5,000,000.00 per claim and $5,000,000.00 in the aggregate.

Dated: Hawthorne, New York
November 9, 2023

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By:   *J. Patrick Carley, III*
J. Patrick Carley, III
Seven Skyline Drive
Hawthorne, New York 10532
Telephone: (914) 347-2600
Email: pcarley@tlsslaw.com
*Attorneys for Defendants*